1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Fred G. Bennett (Bar No. 059135)
2    fredbennett@quinnemanuel.com
     Steven G. Madison (Bar No. 101006)
3    stevemadison@quinnemanuel.com
     Melissa Grant (Bar No. 205633)
4    melissagrant@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017
   Telephone:    (213) 443-3000
6  Facsimile:    (213) 443-3100

7    Dan Bromberg (Bar No. 242659)
     danbromberg@quinnemanuel.com
8  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065
9
   Attorneys for Respondents Leonard Bosack, The & Trust,
10 Richard Troiano, & Capital Partners, L.P., Cartesian
   Partners, L.P., Leonard Bosack and Bette M. Kruger
11 Foundation, and & Capital, Inc.

12 O'MELVENY & MYERS LLP
     Steven L. Smith (Bar No.109942)
13   ssmith@omm.com
     Scott T. Nonaka (Bar No. 224770)
14   snonaka@omm.com
   275 Battery Street, Suite 2600
15 San Francisco, California 94111
   Telephone:    (415) 984-8700
16 Facsimile:    (415) 974-8701

17 Attorneys for Respondent Sandy Lerner

18

19              UNITED STATES DISTRICT COURT

20            NORTHERN DISTRICT OF CALIFORNIA

21              SAN FRANCISCO DIVISION

DAVID SOWARD, an individual;        CASE NO.
22 & MANAGEMENT COMPANY,
                                     **NOTICE OF REMOVAL**
23        Petitioners,

24     vs.

25 THE & TRUST; SANDY LERNER,
   individually and on behalf of The &
26 Trust and the Sandy Lerner Trust; LEONARD
   BOSACK, individually and as Trustee on
27 behalf of The & Trust and the Leonard Bosack
   Trust; RICHARD TROIANO, as Trustee on
28 behalf of The & Trust; & CAPITAL

ORIGINAL
FILED

JUL 3 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EMC

C 07 3894

1204/2180290.1

1 | PARTNERS, L.P.; CARTESIAN
PARTNERS, L.P.; LEONARD BOSACK
2 | AND BETTE M. KRUGER FOUNDATION,
a California corporation; & CAPITAL, INC.,
3 |
Respondents.
4 |

5 |

6 |        TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND

7 | THEIR ATTORNEYS OF RECORD:

8 |

9 |        PLEASE TAKE NOTICE that respondents Leonard Bosack, Sandy Lerner,

Cartesian Partners, L.P., The Leonard Bosack Trust, The Sandy Lerner Trust, Richard Troiano,
10 |
The & Trust, & Capital Partners, L.P., Cartesian Partners, L.P., The Leonard X. Bosack and Bette
11 |
M. Kruger Charitable Foundation, Inc., and & Capital, Inc. hereby remove this action to the
12 |
United States District Court for the Northern District of California, and in support thereof,
13 |
respectfully show the Court as follows:
14 |
               1.        On July 27, 2007, an action was commenced in the Superior Court of the
15 |
State of California in and for the County of San Francisco, entitled <u>Soward, et al. v. The & Trust,</u>
16 |
<u>et al.,</u> as Case Number <u>CPF-07-507456</u>.  A copy of the complaint is attached hereto as part of
17 |
Exhibit 1.
18 |
               2.        This action is a civil action of which this Court has original jurisdiction
19 |
under 28 U.S.C. §1332, and is one which may be removed to this Court by Respondents pursuant
20 |
to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different
21 |
states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.
22 |
               3.        It is apparent from the face of the Complaint, which seeks confirmation of
23 |
an arbitration award in the amount of $22,971,504.90, that the amount in controversy exceeds
24 |
$75,000.
25 |
               4.        There is complete diversity between the Petitioners and the Respondents in
26 |
this action.
27 |

28 |

       a.     Respondents are informed and believe that plaintiff David C. Soward is a citizen of the state of California.  Respondents also are informed and believe that plaintiff & Management Company is a corporation organized under the laws of California and has its principal place of business in California.

       b.     Defendant Leonard Bosack is a citizen of the State of Washington. Mr. Bosack is the sole trustee of The Leonard Bosack Trust, which is therefore domiciled in Washington.

       c.     Defendant Sandy Lerner is a citizen of the State of Virginia.  Ms. Lerner is the sole trustee of The Sandy Lerner Trust, which is therefore domiciled in Virginia.

       d.     Defendant Richard Troiano is a citizen of the State of Pennsylvania.

       e.     Defendant The & Trust is a charitable remainder trust.  The trustees of The & Trust are Leonard Bosack, Sandy Lerner, and Richard Troiano.  As a result, The & Trust is domiciled in Washington, Virginia, and Pennsylvania.

       f.     The Leonard X. Bosack and Bette M. Kruger Charitable Foundation, Inc. (the "Charitable Foundation") is organized under Massachusetts law and has its principal place of business in the State of Maine.  The Charitable Foundation is the successor of The Leonard X. Bosack and Bette M. Kruger Foundation, Inc., which was merged into the Charitable Foundation, Inc. in 2002.  The caption of petitioners' Petition to Confirm Contractual Arbitration erroneously identifies the Charitable Foundation as a California corporation.  Although the Charitable Foundation's predecessor, the Leonard X. Bosack and Bette Mr. Kruger Foundation, Inc., was a California corporation, the Charitable Foundation is (and has been since 2002) domiciled in the State of Maine.

       g.     Defendant & Capital, Inc. is a corporation organized under the laws of Delaware and has its principal place of business in Washington.

       h.     Defendant & Capital Partners, L.P. is a Delaware limited partnership.  The Leonard Bosack Trust and The Sandy Lerner Trust are the limited partners, and the general partner is SLLB, LLC, a limited liability corporation that is owned by the Leonard

1  Bosack Trust and the Sandy Lerner Trust (and therefore domiciled in both Washington and

2  Virginia).  As a result, & Capital Partners, L.P. is domiciled in Washington and Virginia.

3                i.       Defendant Cartesian Partners, L.P. is a limited partnership organized

4  under the laws of Delaware.  The general partner of Cartesian Partners LP is SLLB, LLC, and the

5  sole limited partner is Leonard Bosack.  As a result, Cartesian Partners, L.P. is domiciled in

6  Washington and Virginia.

7                5.       Federal courts have diversity jurisdiction over actions to confirm an

8  arbitration award between citizens of different states.  *See, e.g., Valrose Maui, Inc. v. Maclyn*

9  *Morris, Inc.*, 105 F.Supp.2d 1118 (D.Haw. 2000) (denying motion to remand action seeking

10  confirmation of an arbitration award); *The Home Ins. Co. v. RHA/Pennsylvania Nursing Homes,*

11  *Inc.*, 127 F.Supp.2d 482, 485 (S.D.N.Y. 2001) ("the contracting parties are of diverse citizenship.

12  In consequence, they must have contracted with reference to the availability of a federal forum for

13  enforcement of any award. Accordingly, this Court concludes that parties implicitly agreed to the

14  entry of judgment on any arbitration award and that such a judgment might be sought in federal

15  court."); *see also Washington Mutual Bank v. Crest Mortgage Co.*, 418 F.Supp.2d 860 (N.D.Tex.

16  2006) (finding that the court had diversity jurisdiction over an action to confirm an arbitration

17  award that exceeded $75,000)

18                6.       This action is properly removed to this Court under 28 U.S.C. § 1446(a),

19  because the state court action is pending in San Francisco, California, which lies within this

20  district and division.

21                7.       This removal notice is timely filed as required by 28 U.S.C. § 1446(b).

22  Respondents were served with the Complaint on July 27, 2007, and they file this notice within

23  thirty days after receipt of the Complaint.

24                8.       Respondents have complied with 28 U.S.C. §§ 1446(a) & (d).  Under

25  28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the

26  state court or served on Respondents in the state court are attached as Exhibit 1.  Pursuant to

27  28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this notice of removal attached

28  thereto, has been filed with the clerk of the Superior Court of the State of California, County of

1  San Francisco, Case No. <u>CPF-07-507456</u>, and Respondents have served a notice of filing of

2  removal, with a copy of the notice of removal attached thereto, on plaintiff's attorney.  Copies of

3  the notice and the certificate of service of the notice to Petitioners and the Superior Court of the

4  State of California, County of San Francisco, are attached as Exhibit 2.

5      9.      By this notice, Respondents do not waive any objections they may have as to

6  improper service, jurisdiction, or venue, or any other defenses or objections to this action.

7  Respondents intend no admission of fact, law, or liability by this notice,  and reserve all defenses,

8  motions, and pleas.  Respondents pray that this action be removed to this Court for determination;

9  that all further proceedings in the state court suit be stayed; and that Respondents obtain all

10  additional relief to which they are entitled.

11  DATED:  July 30, 2007                    QUINN EMANUEL URQUHART OLIVER &
                                            HEDGES, LLP
12

13                                          By: _____
14                                               Fred G. Bennett
                                                Attorneys for Respondents Leonard Bosack, The &
15                                               Trust, Richard Triano, & Capital Partners, L.P.,
                                                Cartesian Partners,L.P., Leonard Bosack and Bette
16                                               M. Kruger Foundation, and & Capital, Inc.

17  DATED:  July 30, 2007                    O'MELVENY & MYERS LLP

18

19                                          By: _____
20                                               Scott T. Nonaka
                                                Attorneys for Respondent Sandy Lerner

21

22

23

24

25

26

27

28

                                                                                    Case No.
                                                    -5-
                        NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

# EXHIBIT 1

# EXHIBIT 1

1    FOLGER LEVIN & KAHN LLP
     Michael A. Kahn (SB# 057432)
2    J. Daniel Sharp (SB# 131042)
     Steven E. Wilson (SB# 240843)
3    Embarcadero Center West
     275 Battery Street, 23rd Floor
4    San Francisco, CA  94111
     Telephone: (415) 986-2800
5
     Attorneys for Petitioners David C. Soward;
6    & Management Company

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SAN FRANCISCO

10

11   DAVID C. SOWARD, an individual; &          Case No. CPF-07-507456
     MANAGEMENT COMPANY,
12                                               NOTICE OF HEARING ON
                     Petitioners,               PETITION/MOTION TO CONFIRM
13                                               CONTRACTUAL ARBITRATION AWARD
            v.                                   PURSUANT TO 9 U.S.C. § 9
14
     THE & TRUST; SANDY LERNER,                  Date:    August 30, 2007
15   individually and as Trustee on behalf of    Time:    9:30 a.m.
     The & Trust and the Sandy Lerner Trust;     Dept:
16   LEONARD BOSACK, individually and as
     Trustee on behalf of The & Trust and the
17   Leonard Bosack Trust; RICHARD
     TROIANO, as Trustee on behalf of The &
18   Trust; & CAPITAL PARTNERS, L.P.;
     CARTESIAN PARTNERS, L.P.;
19   LEONARD BOSACK AND BETTE M.
     KRUGER FOUNDATION, a California
20   corporation; & CAPITAL, INC.,

21                   Respondents.

22

23

24          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

25          PLEASE TAKE NOTICE THAT on August 30, 2007, at 9:30 a.m., or at such other time

26   as the Court may direct, in Department ____ of this Court, located at 400 McAllister Street, San

27   Francisco California, Petitioners David C. Soward and & Management Company ("Petitioners")

28   will, and hereby do, move the Court to confirm the contractual arbitration award issued by the

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUL 2 7 2007

GORDON PARK-LI, CLERK
BY: _____
          Deputy Clerk

1  panel of J. Lani Bader and Zela G. Claiborne on July 27, 2007 and enter judgment in favor of

2  Petitioners in accordance with its terms.

3      This motion is based on this Notice, the Memorandum of Points and Authorities in

4  Support of the Motion to Confirm Contractual Arbitration Award, and such other matters as may

5  be presented at the time of the hearing.

6      The grounds for this motion are that: (1) between August 8, 2005 and June 29, 2007

7  Petitioners and Respondents participated in final and binding arbitration administered by and in

8  accordance with the rules and procedures of the American Arbitration Association (AAA) as

9  required under the contract between the parties, and as assented to by Respondents; (2) Petitioners

10 prevailed at the arbitration and were awarded $24,435,895.90 in principal damages subject to

11 prejudgment interest, and inclusive of attorneys' fees and costs; and (3) Respondents are bound

12 by the result of the final and binding arbitration proceeding and the final award.

13 Dated: July 27, 2007

14                            Respectfully submitted,

15

16                            J. Daniel Sharp (Cal. Bar No. 131042)

17                            Folger Levin & Kahn LLP

18                            275 Battery Street, 23rd Floor
                           San Francisco, CA 94111

19                            Phone:  (415) 986-2800
                           Fax:  (415) 986-2827

20                            Attorneys for Petitioner David C. Soward

21

22

23

24

25 86083\2001\559069.1

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-2-

1   FOLGER LEVIN & KAHN LLP
    Michael A. Kahn (SB# 057432)
2   J. Daniel Sharp (SB# 131042)
    Steven E. Wilson (SB# 240843)
3   Embarcadero Center West
    275 Battery Street, 23rd Floor
4   San Francisco, CA  94111
    Telephone: (415) 986-2800
5
    Attorneys for Petitioners David C. Soward;
6   & Management Company

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUL 2 7 2007

GORDON PARK-LI, CLERK

BY: _____
        Deputy Clerk

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  DAVID C. SOWARD, an individual; &          Case No.  CPF-07-507456
    MANAGEMENT COMPANY,
12                                             MEMORANDUM OF POINTS AND
                Petitioners,                   AUTHORITIES IN SUPPORT OF
13                                             PETITION TO CONFIRM ARBITRATION
                                               AWARD
14          v.

15  THE & TRUST; SANDY LERNER,                 Date:    August 30, 2007
    individually and as Trustee on behalf of   Time:    9:30 a.m.
16  The & Trust and the Sandy Lerner Trust;    Dept:
    LEONARD BOSACK, individually and as
17  Trustee on behalf of The & Trust and the
    Leonard Bosack Trust; RICHARD
18  TROIANO, as Trustee on behalf of The &
    Trust; & CAPITAL PARTNERS, L.P.;
19  CARTESIAN PARTNERS, L.P.;
    LEONARD BOSACK AND BETTE M.
20  KRUGER FOUNDATION, a California
    corporation; & CAPITAL, INC.,
21
                Respondents.
22
23                              ARGUMENT

24      This is an action under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9,[1] to confirm an
    _____
25      [1] The FAA applies because the arbitration concerned transactions involving interstate
    commerce. *Rosenthal v. Great Western Fin Sec. Corp.*, 14 Cal. 4th 394, 405 (1996). This
26  petition to confirm the final award is timely under the FAA, which, unlike the California
    Arbitration Act, does not impose a ten day waiting period, and authorizes the filing of a petition
27  to confirm "at any time." *See* 9 U.S.C. § 9. Although the FAA does not confer federal
    jurisdiction, it supersedes conflicting state law. *Rosenthal*, 14 Cal. 4th at 405.
28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD
CASE NO.

1  arbitration award entered in favor of Petitioner David C. Soward and his wholly owned company

2  against Respondents Leonard Bosack ("Bosack"), Sandy Lerner ("Lerner"), and various entities

3  they own and control.  Respondents Bosack and Lerner are very wealthy individuals who founded

4  Cisco Systems, Inc..  Petitioner Soward is their partner and was their investment adviser from

5  1992 until 2003.  The arbitration concerned Soward's claims for past due compensation and

6  tortious withholding of his interest in an investment partnership.

7       The arbitration was initiated by Soward in February of 2004 with the American

8  Arbitration Association ("AAA") pursuant to the arbitration agreement contained in Paragraph 9

9  of a Management Agreement between Petitioners and Respondents Bosack, Lerner and The &

10  Trust, which provides:

11          <u>Arbitration</u>:  In the event of any dispute between the parties

12          concerning any provision in this Agreement, it shall be resolved by

13          arbitration under the rules of the American Arbitration Association.

14          The arbitration shall be conducted in San Francisco, California, or

15          in such other place as the parties may mutually agree.  The

16          arbitrator(s) shall have the authority to make an award based on the

17          equities of the dispute, and such award may include attorneys' fees

18          and costs to the party whom the arbitrator(s) determines to be

19          equitably entitled to such attorneys' fees as the party primarily

20          prevailing in such dispute.

21  A true and correct copy of that Management Agreement is attached as Exhibit 1 to the

22  Declaration of J. Daniel Sharp in Support of Petitioners' Motion to Confirm Contractual

23  Arbitration Award ("Sharp Dec.").  Respondents initially contested the arbitrability of certain

24  issues, but in November 2004 filed counterclaims with the AAA arbitration panel stating, "This

25  panel need not address issues of arbitrability, however, as Respondents have elected to assert their

26  claims in the present arbitration by filing this Amended Answering Statement and

27  Counterclaims."  *See* Ex. 2 to Sharp Dec. at ¶ 30.  Thus, there is no dispute that the arbitrators had

28  the power and authority to enter the award which Soward seeks to confirm.

-2-

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD
CASE NO.

1     On July 27, 2007, an arbitration panel of the American Arbitration Association, composed

2 of J. Lani Bader and Zela G. Claiborne,[2] issued a final award, awarding Petitioner the principal

3 sum of $24,435,895.90 in damages, attorneys' fees and costs of suit, plus prejudgment interest

4 through the date of the Final Award. Respondents have satisfied only $1,464,391.00 of the

5 amount awarded by the arbitrators, leaving $22,971,504.90 of the principal amount due, owing,

6 and unpaid, plus prejudgment interest. In addition, Petitioner is entitled to post-judgment interest

7 from the date of the Final Award. *Pierotti v. Torian*, 81 Cal. App. 4th 17, 27-28 (2000).

8     Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, "any party to the

9 arbitration may apply to the court . . . for an order confirming the award, and thereupon the court

10 must grant such an order unless the award is vacated, modified, or corrected." The FAA applies

11 here, since the arbitration involved interstate commerce.

12     As the prevailing party in this confirmation action, Petitioners are entitled to costs of suit

13 under the Management Agreement, the FAA, and California law.

14   ///
15   ///
16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///

24   [2] The AAA arbitration panel originally consisted of three arbitrators. However, the AAA

25 removed one of the arbitrators from the Panel after Bosack and Lerner retained a new law firm with whom the third arbitrator had a disqualifying relationship. The remaining two arbitrators

26 proceeded to hear the remainder of the case under AAA Commercial Rule R-19(b), which states "In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the

27 remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise."

28

1

## CONCLUSION

2      For the foregoing reasons, this Court should confirm the arbitration award issued by the

3  panel composed of J. Lani Bader and Zela G. Claiborne, issued on July 27, 2007, and issue

4  judgment thereon, and award to Petitioner their attorneys' fees and costs incurred in this

5  confirmation action.

6  Dated: July 27, 2007                  Respectfully submitted,

7

8                              J. Daniel Sharp (Cal. Bar No. 131042)

9                              Folger Levin & Kahn LLP
275 Battery Street, 23rd Floor

10                           San Francisco, CA 94111
Phone:  (415) 986-2800

11                           Fax:  (415) 986-2827

12                           Attorneys for Petitioner David C. Soward

13

14

15

16

17  86083\2001\559083.1

18

19

20

21

22

23

24

25

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-4-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD
CASE NO.