1  FOLGER LEVIN & KAHN LLP
   Michael A. Kahn (SB# 057432)
2  J. Daniel Sharp (SB# 131042)
   Steven E. Wilson (SB# 240843)
3  Embarcadero Center West
   275 Battery Street, 23rd Floor
4  San Francisco, CA  94111
   Telephone: (415) 986-2800
5
   Attorneys for Petitioners David C. Soward;
6  & Management Company

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN FRANCISCO

10

11 DAVID C. SOWARD, an individual; &        Case No.   CPF-07-507456
   MANAGEMENT COMPANY,
12                                          MEMORANDUM OF POINTS AND
                  Petitioners,              AUTHORITIES IN SUPPORT OF
13                                          PETITION TO CONFIRM ARBITRATION
          v.                                AWARD
14
   THE & TRUST; SANDY LERNER,               Date:     August 30, 2007
15 individually and as Trustee on behalf of Time:     9:30 a.m.
   The & Trust and the Sandy Lerner Trust;  Dept:
16 LEONARD BOSACK, individually and as
   Trustee on behalf of The & Trust and the
17 Leonard Bosack Trust; RICHARD
   TROIANO, as Trustee on behalf of The &
18 Trust; & CAPITAL PARTNERS, L.P.;
   CARTESIAN PARTNERS, L.P.;
19 LEONARD BOSACK AND BETTE M.
   KRUGER FOUNDATION, a California
20 corporation; & CAPITAL, INC.,

21                Respondents.

22

23                          ARGUMENT

24       This is an action under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9,[1] to confirm an
_____
25     [1] The FAA applies because the arbitration concerned transactions involving interstate
   commerce.  *Rosenthal v. Great Western Fin Sec. Corp.*, 14 Cal. 4th 394, 405 (1996).  This
26 petition to confirm the final award is timely under the FAA, which, unlike the California
   Arbitration Act, does not impose a ten day waiting period, and authorizes the filing of a petition
27 to confirm "at any time."  *See* 9 U.S.C. § 9.  Although the FAA does not confer federal
   jurisdiction, it supersedes conflicting state law. *Rosenthal*, 14 Cal. 4th at 405.
28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD
CASE NO.

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUL 2 7 2007

GORDON PARK-LI, CLERK

BY: _____
        Deputy Clerk

1  arbitration award entered in favor of Petitioner David C. Soward and his wholly owned company

2  against Respondents Leonard Bosack ("Bosack"), Sandy Lerner ("Lerner"), and various entities

3  they own and control.  Respondents Bosack and Lerner are very wealthy individuals who founded

4  Cisco Systems, Inc..  Petitioner Soward is their partner and was their investment adviser from

5  1992 until 2003.  The arbitration concerned Soward's claims for past due compensation and

6  tortious withholding of his interest in an investment partnership.

7         The arbitration was initiated by Soward in February of 2004 with the American

8  Arbitration Association ("AAA") pursuant to the arbitration agreement contained in Paragraph 9

9  of a Management Agreement between Petitioners and Respondents Bosack, Lerner and The &

10  Trust, which provides:

11              Arbitration:  In the event of any dispute between the parties

12              concerning any provision in this Agreement, it shall be resolved by

13              arbitration under the rules of the American Arbitration Association.

14              The arbitration shall be conducted in San Francisco, California, or

15              in such other place as the parties may mutually agree.  The

16              arbitrator(s) shall have the authority to make an award based on the

17              equities of the dispute, and such award may include attorneys' fees

18              and costs to the party whom the arbitrator(s) determines to be

19              equitably entitled to such attorneys' fees as the party primarily

20              prevailing in such dispute.

21  A true and correct copy of that Management Agreement is attached as Exhibit 1 to the

22  Declaration of J. Daniel Sharp in Support of Petitioners' Motion to Confirm Contractual

23  Arbitration Award ("Sharp Dec.").   Respondents initially contested the arbitrability of certain

24  issues, but in November 2004 filed counterclaims with the AAA arbitration panel stating, "This

25  panel need not address issues of arbitrability, however, as Respondents have elected to assert their

26  claims in the present arbitration by filing this Amended Answering Statement and

27  Counterclaims."  See Ex. 2 to Sharp Dec. at ¶ 30.  Thus, there is no dispute that the arbitrators had

28  the power and authority to enter the award which Soward seeks to confirm.

-2-

1        On July 27, 2007, an arbitration panel of the American Arbitration Association, composed

2   of J. Lani Bader and Zela G. Claiborne,[2] issued a final award, awarding Petitioner the principal

3   sum of $24,435,895.90 in damages, attorneys' fees and costs of suit, plus prejudgment interest

4   through the date of the Final Award.  Respondents have satisfied only $1,464,391.00 of the

5   amount awarded by the arbitrators, leaving $22,971,504.90 of the principal amount due, owing,

6   and unpaid, plus prejudgment interest.  In addition, Petitioner is entitled to post-judgment interest

7   from the date of the Final Award.  *Pierotti v. Torian*, 81 Cal. App. 4th 17, 27-28 (2000).

8        Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, "any party to the

9   arbitration may apply to the court . . . for an order confirming the award, and thereupon the court

10  must grant such an order unless the award is vacated, modified, or corrected."  The FAA applies

11  here, since the arbitration involved interstate commerce.

12       As the prevailing party in this confirmation action, Petitioners are entitled to costs of suit

13  under the Management Agreement, the FAA, and California law.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

25     [2] The AAA arbitration panel originally consisted of three arbitrators.  However, the AAA removed one of the arbitrators from the Panel after Bosack and Lerner retained a new law firm with whom the third arbitrator had a disqualifying relationship.  The remaining two arbitrators

26  proceeded to hear the remainder of the case under AAA Commercial Rule R-19(b), which states "In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the

27  remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise."

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-3-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD
CASE NO.

1

## CONCLUSION

2     For the foregoing reasons, this Court should confirm the arbitration award issued by the

3  panel composed of J. Lani Bader and Zela G. Claiborne, issued on July 27, 2007, and issue

4  judgment thereon, and award to Petitioner their attorneys' fees and costs incurred in this

5  confirmation action.

6  Dated: July 27, 2007

Respectfully submitted,

7

8

J. Daniel Sharp (Cal. Bar No. 131042)
9     Folger Levin & Kahn LLP
      275 Battery Street, 23rd Floor
10    San Francisco, CA 94111
      Phone: (415) 986-2800
11    Fax: (415) 986-2827

12    Attorneys for Petitioner David C. Soward

13

14

15

16

17    86083\2001\559083.1

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD
CASE NO.