1  FOLGER LEVIN & KAHN LLP
   Michael A. Kahn (SB# 057432) (mkahn@flk.com)
2  J. Daniel Sharp (SB# 131042) (dsharp@flk.com)
   Embarcadero Center West
3  275 Battery Street, 23rd Floor
   San Francisco, CA  94111
4  Telephone: (415) 986-2800
   Facsimile:  (415) 986-2827

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID C. SOWARD and & MANAGEMENT COMPANY,<br><br>Petitioners,<br><br>v.<br><br>LEONARD BOSACK, SANDY LERNER, *et al.*,<br><br>Respondents, | Case No.  3:07-cv-03894-EMC<br><br>RESPONSE TO NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING<br><br>**N.D. Local Rule 3-13(c)** |

In their "Notice of Pendency of Other Action," Respondents suggest that the Court should transfer venue to the Western District of Washington, or issue a stay pending the conclusion of litigation that Respondents predict will be allowed to go forward by the court in Washington. Petitioners oppose these suggestions for the reasons set forth below.

**This Case**

This is an action to confirm an arbitration award issued on Friday, July 27, 2007, following an arbitration proceeding held in San Francisco that lasted over three years.  Petitioner

David Soward ("Soward") filed this action in San Francisco Superior Court to confirm the award on the day it was issued by the arbitrators, July 27, 2007.

There is no federal jurisdiction over this case, because there is California citizenship among both Petitioners and Respondents. (Soward is preparing a motion to remand.) Even if there were federal jurisdiction, venue would be proper here, because the arbitration occurred in San Francisco. The Federal Arbitration Act provides that an application to confirm an arbitration award "may be made <u>to the United States court in and for the district within which such award was made</u>." 9 U.S.C. § 9 (emphasis added).

**Respondents' Forum-Shopping in 2004**

After Soward filed for arbitration in February 2004, Respondents filed a complaint in the Western District of Washington seeking to litigate the same claims that would be determined in the San Francisco arbitration. The federal court in Seattle (Hon. Thomas Zilly) granted Soward's motion for a stay of the entire action in November 2004. Respondents then submitted all their claims to arbitration in San Francisco, and voluntarily dismissed their complaint in the court in Seattle. *Bosack et al. v. Soward,* U.S.D.C., W.D. Wash. No. C-04-1664-TSZ.

**Respondents' Forum-Shopping in 2007**

After the arbitration in San Francisco had been pending for three years and was close to being concluded, Respondents were aware that the arbitrators not only had ruled against them on the most substantial issues in dispute, but also were prepared to award substantial punitive damages against them. In April 2007, in an act of blatant forum-shopping, Respondents filed a pre-emptive motion in federal court in Seattle to vacate an *interim* award of the arbitrators, even though no final award had been issued, and no money was due, owing, or unpaid under the interim award that Respondents were purporting to challenge. Soward responded with a motion to dismiss, citing both the prematurity of Respondents' motion and the absence of federal subject matter jurisdiction. The federal court (Hon. Thomas Zilly) *sua sponte* issued a stay of proceedings and suspended all briefing on the merits until after (a) the arbitration is concluded

Response to Notice of Pendency of Other      - 1 -
Action or Proceeding
Case No. 3:07-cv-03894

and (b) Soward's objections to jurisdiction and venue are resolved:

> (2) The Court now ORDERS that this matter be STAYED in its entirety pending further order of the Court. Accordingly, the Court ORDERS that the briefing schedule on Petitioners' Motion to Confirm and Vacate Arbitration Awards Pursuant to 9 U.S.C. §§ 9 and 10, docket no. 5, and Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, docket no. 15, be suspended until the stay is lifted. The Court directs the Clerk to remove Petitioners' motion, docket no. 5, and Respondents' motion, docket no. 15, from the Court's motion calendar.

*Bosack et al. v. Soward,* U.S. Dist. Court, W.D. Wash. No. C07-0547-Z (Docket Entry 17, May 2, 2007).

The federal court in Washington has no federal subject matter jurisdiction for the same reasons that there is no federal subject matter jurisdiction here. The court in Seattle has not issued any substantive rulings or done any "extensive work," as claimed by Respondents. There is no reason for this case to be in Seattle: The arbitration occurred in San Francisco; both sides are represented by California counsel; California law governs many of the contracts and tort claims in the arbitration; Washington law applies to none of them. It would be dilatory and a waste of judicial resources for this court to transfer venue to Seattle, or to issue a stay of proceedings.

Dated: August 8, 2007

/s/
J. Daniel Sharp
Counsel for Petitioner
David C. Soward