Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

IN THE MATTER OF THE
ARBITRATION BETWEEN

LEONARD BOSACK, SANDY
LERNER, and CARTESIAN
PARTNERS, L.P.,

                    Petitioners,

        v.

DAVID C. SOWARD and
& MANAGEMENT COMPANY,

                    Respondents.

No. 2:07-cv-00574-MJP

MOTION TO CONFIRM AND
VACATE ARBITRATION AWARDS
PURSUANT TO 9 U.S.C. §§ 9 and 10

NOTE ON MOTION CALENDAR:
May 18, 2007

ORAL ARGUMENT REQUESTED

## I.  **INTRODUCTION**

Pursuant to the Commercial Arbitration Rules of the American Arbitration

Association ("AAA"), an arbitration panel ("Panel") issued four interim awards that

decided all issues of liability and compensatory damages arising from claims asserted by

Leonard Bosack and Sandy Lerner, on the one hand, and their former investment manager,

David Soward, on the other.  Award Nos. 3 and 4, however, are based on fundamentally

inconsistent findings that render the two awards completely irreconcilable.  The Panel

created this contradiction by improperly redetermining issues in Award No. 4 that it had

already finally decided in Award No. 3.  Accordingly, this motion asks the Court, pursuant

MOTION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO
9 U.S.C. §§ 9 and 10
NO. 2:07-cv-00574-MJP – Page 1

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1    to Chapter 1 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9-10, to confirm the

2    earlier award (Award No. 3) and to vacate the later award (Award No. 4).

3        Under section 10(a)(4) of the FAA, this District Court is authorized to "make an

4    order vacating the award . . . [w]here the arbitrators exceeded their power . . . ." Award

5    No. 4 should be vacated on this ground because the Panel had no power to re-determine

6    issues in Award No. 4 that had already been decided in Award No. 3.

7        In Award No. 3, the Panel found that a partnership known as Cartesian Partners,

8    L.P. ("Cartesian") continued to exist through September 2006 and that Soward remained a

9    partner through that time.  These findings were critical to the Panel's calculation of the

10   value of Soward's capital account in Cartesian as of September 30, 2006 – the whole

11   purpose of Award No. 3.  The Panel effectively reversed itself in Award No. 4, concluding

12   that Cartesian had ceased to exist as of November 2003 and that Soward had ceased being a

13   partner as of that time.  These revised findings – which are fundamentally at odds with

14   Award No. 3 – were essential to the Panel's conclusion that Bosack had breached his

15   fiduciary duty to Soward and that Bosack and Lerner had converted Soward's assets in

16   Cartesian.  The findings of breach of fiduciary duty and conversion were, in turn, essential

17   to the Panel's conclusion that Soward is entitled to punitive damages against Bosack and

18   Lerner, for without tort liability, there was no predicate wrong permitting the imposition of

19   punitive damages.

20       The contradictions in Award No. 4 are repugnant to the principles and rules

21   underlying the arbitral process.  It is a fundamental common law principle that, once an

22   arbitral panel finally and conclusively determines an issue, the panel has exhausted its

23   authority and is *functus officio* with respect to that issue.  This principle is also embodied in

24   Rule 46 of the AAA's Commercial Arbitration Rules, which prohibits an arbitrator from

25   redetermining the merits of any claim already decided.  In Award No. 4, the Panel revisited

26

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1  and reversed findings on which Award No. 3 was predicated and, in so doing, exceeded its

2  authority. For this reason alone, Award No. 4 should be vacated.

3       Vacating such a patently defective and unjust award can only serve to promote the

4  federal policy favoring arbitration as a means of dispute resolution. This is a case in which

5  the Panel's misconduct has a profound impact. Under the findings in Award No. 3, Bosack

6  and Lerner cannot be liable for breach of fiduciary duty and conversion. But under the

7  Panel's redetermined findings in Award No. 4, they were found liable in tort, with the sole

8  effect of subjecting them to punitive damages. With Award No. 4, the Panel has therefore

9  not only violated the most basic principles underlying the arbitral process, but has done so

10  in a way that produces a blatantly unfair and irrational result. Allowing such a deeply-

11  flawed award to stand would create a disincentive to arbitrate and thus undermine the

12  federal policy, enshrined in the FAA itself, to promote arbitration within the boundaries laid

13  down by Congress.

14  **II.**    **BACKGROUND**

15      **A.**    **The Parties' Relationship and the Nature of Their Dispute**

16       In 1992, Leonard Bosack and Sandy Lerner hired David Soward as their investment

17  manager. To carry out their investment strategy, Bosack, Lerner and Soward created

18  several partnerships, including: (1) & Capital Partners, L.P., in which Soward served as

19  general partner and Bosack and Lerner were the limited partners; and (2) Cartesian

20  Partners, L.P., in which Soward served as general partner and Bosack was the sole limited

21  partner. For about 10 years, Bosack, Lerner and Soward enjoyed an amicable, mutually-

22  beneficial relationship. During this time, Bosack and Lerner received a sizeable return and

23  Soward was generously compensated, earning over $20 million dollars. In 2003, however,

24  the parties' relationship took a dramatic turn.

25       In mid-2003, Bosack and Lerner discovered that Soward had committed serious

26  breaches of trust in his management of their assets. Audit reviews conducted by the

MOTION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO
9 U.S.C. §§ 9 and 10
NO. 2:07-cv-00574-MJP – Page 3

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1    accounting firm Clark Nuber concluded, among other things, that Soward had overstated

2    the value of certain investments by millions of dollars; had overdrawn his capital account in

3    & Capital Partners by $5.6 million; had made excess distributions from & Capital Partners

4    that were not contemplated by the partnership agreement; and had made undocumented

5    loans to himself and a friend from partnership assets.  The reports further concluded that

6    Soward's excess distributions from & Capital Partners were the source of his initial

7    $500,000 capital contribution to Cartesian.

8         Upon learning of Soward's breaches of trust, Bosack and Lerner were

9    understandably distressed.  They accordingly took action to protect their financial assets,

10   which were almost all under Soward's control.  Acting through their counsel at Wilson

11   Sonsini Goodrich & Rosati LLP, Bosack and Lerner terminated Soward as their investment

12   manager and attempted to remove him as general partner of & Capital Partners and

13   Cartesian.

14        Although Bosack and Lerner tried amicably to resolve their dispute with Soward,

15   the parties were unable to reach agreement.  Both sides claimed that they were owed money

16   by the other: (a) Bosack and Lerner contended that Soward was obligated to reimburse

17   them for the damages caused by his breaches of trust; and (b) Soward claimed that he was

18   owed management fees and a distribution of his capital accounts in the partnerships.

19   Ultimately, Soward filed a demand for arbitration pursuant to the arbitration clause in the

20   Management Agreement between Soward and The & Trust, a charitable trust created by

21   Bosack and Lerner.  (Smith Decl., Exh. 1).

22        **B.**    **History of the Arbitration and Related Litigation**

23        Soward's demand for arbitration asserted claims for breach of contract and breach

24   of the covenant of good faith and fair dealing.  (Smith Decl., Exh. 2).  Soward also sought a

25   judicial dissolution of & Capital Partners and Cartesian and an accounting of his interests in

26   those entities.

MOTION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO
9 U.S.C. §§ 9 and 10
NO. 2:07-cv-00574-MJP – Page 4

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

On July 27, 2004, Bosack and Lerner brought an action in this Court against Soward and his company, & Management. (Smith Decl., Exh. 3). The complaint in that action, *Bosack, et al. v. Soward, et al.*, No. 2:04-cv-01664-TSZ, asserted claims for fraud, breach of fiduciary duty, negligent misrepresentation, breach of contract, and conversion. After Soward moved to stay the action pending arbitration, or alternatively to dismiss or transfer the action for improper venue, the Honorable Thomas S. Zilly granted the motion to stay but denied the motion to dismiss or transfer, finding venue in this District to be proper. (Smith Decl., Exhs. 4-5). Following that decision, Bosack and Lerner waived their objections to the Panel's jurisdiction and submitted their dispute with Soward to arbitration. Bosack and Lerner recently dismissed the district court action.

The arbitration commenced in November 2004 and hearings began in August 2005. By that time, the total number of claims and cross-claims between the parties had grown to seventeen. In April 2006, Soward amended his pleadings to add claims for breach of fiduciary duty and conversion and a request for punitive damages. Given the large number of claims at issue, the parties agreed that the Panel would decide distinct sets of claims through separate interim awards. (Smith Decl., Exh. 6).

There were sixty days of evidentiary hearings, which ended on November 21, 2006. To date, the Panel has issued four awards determining all of the parties' substantive claims and resulting compensatory damages. The Panel plans to issue two additional awards – one on Soward's claim for punitive damages and the other on attorneys' fees and costs. (Smith Decl., Exh. 7).

**C.    The Arbitration Awards and Hearing Order No. 49**

       1.    **Award No. 1**

On September 7, 2006, the Panel issued Interim Award No. 1, which addressed a majority of the claims in dispute. (Smith Decl., Exh. 8). In particular, Award No. 1 addressed Bosack and Lerner's claims against Soward for breach of fiduciary duty and

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1  fraud and Soward's contract claims for an accounting of his interest in Cartesian and

2  & Capital Partners and for recovery of management fees.  Among other things, the Panel

3  ruled that Soward had breached his fiduciary duties by acting recklessly in making

4  undocumented loans to friends and associates and making sizeable investment tainted with

5  self-interest and with no rational business-related purpose, resulting in a total write-off of

6  approximately $1.5 million.  (*Id.* at 31-34, 39-43, 52-55).

7       With respect to the dispute over Soward's interest in Cartesian, the Panel found that

8  the partnership was governed by an oral agreement whose terms were supplied by an

9  unsigned draft agreement prepared by an attorney named Robert Wood.  (*Id.* at 14-16).

10 Accordingly, the Panel held that it "would look to the Wood agreement to provide the basis

11 of Soward's rights with respect to Cartesian." (*Id.* at 17).  In so finding, the Panel rejected

12 Bosack's contention that Cartesian was governed by an agreement modeled on the

13 agreement governing & Capital Partners.

14      The Panel further held that, under the so-called "Wood Agreement," Bosack had

15 "no right to remove [Soward] as a General Partner; and pursuant to § 8.4 of the Wood

16 agreement, upon Bosack attempting to do so . . . Soward's status would also revert to that of

17 a 'special' limited partner." (*Id.* at 16).  The Panel therefore concluded that "Soward is and

18 continues to be a partner in Cartesian." (*Id.* at 56).

19      In addition, the Panel made a finding with respect to "Soward's ***continuing*** interest

20 in Cartesian." (*Id.* at 19 (emphasis added)).  The Panel stated that "the ***current*** value of

21 Soward's interest" in Cartesian was accurately reflected in the valuation provided by

22 Soward's expert witness, subject to certain modifications.  (*Id.* (emphasis added)).  To value

23 Soward's then-current interest in Cartesian, the Panel ordered both sides within 60 days to

24 "file with the Panel an accounting, prepared by their experts, calculating the value of

25 Soward's capital account as of 9/30/06.  That amount, together with the interest accruing as

26 of 10/1/06," would be the final amount owed to Soward.  (*Id.* at 56).

MOTION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO
9 U.S.C. §§ 9 and 10
NO. 2:07-cv-00574-MJP – Page 6

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

Addressing Soward's request for a judicial dissolution of Cartesian, the Panel held that it was not "reasonably practicable to carry on the business of Cartesian with Soward as a partner." (*Id.* at 19-20). The Panel therefore ordered that:

> [O]nce Soward has had an accounting and the value of his interest has been determined, Cartesian shall have 60 days in which to pay that amount to Soward; upon payment to Soward, it is the decree of this Panel that Soward shall no longer be a partner of Cartesian and shall be considered for every purpose as having withdrawn as a partner.

(*Id.*; *see also id.* at 56-57). The Panel also ordered that, if Cartesian failed to pay Soward his interest within 60 days, then the partnership would be dissolved and wound up. (*Id.*).

### 2. Award No. 2

The Panel issued Interim Award No. 2 on November 7, 2006, ruling on all claims related to & Capital Partners' investment in Westar Financial Services. (Smith Decl., Exh. 9). In this award, the Panel found that Soward had breached his fiduciary duties by commingling and making personal use of partnership assets. (*Id.* at 5-7).

### 3. Award No. 3

The Panel issued Interim Award No. 3 on December 12, 2006, ruling on the remaining issues related to Soward's interest in Cartesian. (Smith Decl., Exh. 10). Award No. 3 specifically "incorporate[d] by reference the prior findings by the Panel as to Soward's claim for an accounting and distribution of his partnership interest in Cartesian" as well as the Panel's prior findings with respect to Cartesian as stated in Award No. 1. (*Id.* at 2).

After considering the separate accountings prepared by experts from each side, the Panel concluded that Soward's net interest in Cartesian as of September 30, 2006 was $1,464,391. (*Id.* at 11). The Panel ruled that Cartesian had 60 days from the date of the award to pay Soward the value of his interest, otherwise the partnership would be dissolved.

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1  (*Id.*).  Cartesian paid Soward this amount plus interest on December 14, 2006, two days

2  after the Panel's ruling.

3            **4.  Award No. 4**

4         The Panel issued Interim Award No. 4 on January 25, 2007, ruling on Soward's tort

5  claims against Bosack for breach of fiduciary duty with respect to Cartesian and against

6  Bosack and Lerner for conversion of Soward's interest in Cartesian.  (Smith Decl.,

7  Exh. 11).  Once again, the Panel incorporated by reference its prior findings with respect to

8  the Cartesian dispute as stated in Award Nos. 1 and 3.  (*Id.* at 2).  The Panel went on,

9  however, to make findings as to Cartesian that directly contradicted its prior findings in

10  Award Nos. 1 and 3.  The Panel then used these contradictory findings to hold Bosack

11  liable to Soward for breach of fiduciary duty and Bosack and Lerner liable for conversion,

12  the first and only finding of tort liability against either of them.

13         The findings in Award No. 4 are diametrically opposed to the findings in Award

14  No. 3 and thus impossible to reconcile.  The Panel held in Award No. 4 that as of late

15  November 2003, when Bosack attempted to remove Soward as general partner of Cartesian,

16  "Bosack made a non-judicial termination of the partnership with Soward," which

17  "effect[ed] a dissolution of the partnership."  (*Id.* at 13).  As a result, the Panel found that

18  after November 2003, Bosack "held the assets of the partnership in trust, as a fiduciary."

19  (*Id.* at 14).  In short, the Panel found that Cartesian ceased to exist and that Soward

20  therefore ceased to be a partner as of November 2003, even though the Panel had

21  previously ruled in Award Nos. 1 and 3 that Cartesian continued to exist and that Soward

22  continued to be a partner until he was paid the value of his capital account as of

23  September 30, 2006.

24         Second, the Panel held that Bosack breached his fiduciary duty and that he and

25  Lerner converted Soward's assets by failing to make an accounting and distribution of

26  Soward's interest in Cartesian Partners.  In finding that Soward had a right to an accounting

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1    and a distribution of his capital share, the Panel looked not to the terms of the Wood

2    Agreement but to the & Capital Partners Agreement and the default rules of Delaware

3    partnership law. (*Id.* at 14-15). The Panel did so even though it had previously said it

4    would "look to the Wood Agreement to provide the basis of Soward's rights with respect to

5    Cartesian." (Smith Decl., Exh. 8 at 17). The Panel's finding in Award No. 4 was therefore

6    directly contrary to its earlier reliance on the Wood Agreement, under which partners could

7    not cause the dissolution of the partnership and were not entitled to receive the return of

8    their capital contributions. (Smith Decl., Exh. 12, §§ 2.3, 8.4).

9           Third, the Panel ruled that Bosack and Lerner should have provided an accounting

10   and made a distribution of Soward's capital share by September 29, 2004, which the Panel

11   concluded was a reasonable time after Soward had withdrawn as a partner from Cartesian.

12   (Smith Decl., Exh. 11 at 18). In contrast to this finding, Award No. 3 "required that an

13   accounting be made of the value of Soward's interest as of 9/30/06, taking into account any

14   enhancements or diminishments in the value of the Cartesian investments." (Smith Decl.,

15   Exh. 8 at 19). The effect of valuing Soward's partnership interest as of September 30,

16   2006, as opposed to September 2004, was to increase the value of that interest by over

17   $450,000, or approximately 45 percent.

18          The Panel awarded Soward $1,001,101 on his claims for breach of fiduciary duty

19   and conversion. However, the Panel noted that this award of compensatory damages had

20   already been satisfied by Cartesian's payment of approximately $1.5 million on December

21   14, 2006, as required by Award No. 3. (*See id.* at 26-27). Thus, the sole effect of Award

22   No. 4 was to subject both Bosack and Lerner to punitive damages under California law on

23   the basis of their tort liability to Soward.

24          5.      **Hearing Order No. 49**

25          On April 18, 2007, the Panel issued Hearing Order No. 49, which addressed

26   Soward's claim for punitive damages against Bosack and Lerner. The Panel first concluded

MOTION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO
9 U.S.C. §§ 9 and 10
NO. 2:07-cv-00574-MJP – Page 9

YARMUTH WILSON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1  that Soward's claims for punitive damages were governed by California law, rather than

2  Washington law.  (Smith Decl., Exh. 13 at 3).  The Panel went on to find, relying

3  principally on the reasons set forth in Award No. 4, that "this is an appropriate case for the

4  award of punitive damages against both Lerner and Bosack."  (*Id.* at 4).  In opposition to

5  Soward's application for punitive damages, Bosack and Lerner argued that Award Nos. 3

6  and 4 were irreconcilably inconsistent, that the Panel was *functus officio* with respect to the

7  findings in Award No. 3 and that the findings of tort liability in Award No. 4 were therefore

8  improper and could not provide a legally tenable basis for the imposition of punitive

9  damages against either Bosack or Lerner.  (Smith Decl., Exh. 14 at 38-44). The Panel failed

10  even to acknowledge, let alone address, any of their arguments.

11  **III.    ARGUMENT**

12      **A.    Award Nos. 3 and 4 Are Final and Subject to Judicial Review**

13        Under the FAA, 9 U.S.C. §§ 9-10, final arbitration awards may be confirmed or

14  vacated by the district court upon application of a party.  Although the issue has not been

15  squarely addressed in the Ninth Circuit, numerous federal courts in other jurisdictions have

16  held that an arbitration award is "final" when it conclusively resolves separate and distinct

17  claims, even if it does not resolve all claims in the arbitration.  *See, e.g., Hart Surgical, Inc.*

18  *v. Ultracision, Inc.*, 244 F.3d 231, 234 (1st Cir. 2001) ("the FAA permits a district court to

19  confirm or vacate a partial award"); *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790

20  F.2d 280, 283 (2d Cir. 1986) ("an award which finally and definitely disposes of a separate

21  independent claim may be confirmed although it does not dispose of all claims that were

22  submitted to arbitration"); *Crawford Group, Inc. v. Holekamp*, 2007 WL 844819, *4 (E.D.

23  Mo. 2007) ("the FAA permits a court to review and vacate an arbitration panel's interim

24  award where the interim award represents the final determination of a discrete issue, and is

25  not subject to change or revision by the arbitrators"); *The Home Ins. Co. v.*

26  *RHA/Pennsylvania Nursing Homes, Inc.*, 127 F. Supp. 2d 482, 488 (S.D.N.Y 2001) ("an

MOTION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO
9 U.S.C. §§ 9 and 10
NO. 2:07-cv-00574-MJP – Page 10

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

arbitration award that fully disposes of a separate and independent claim is final for purposes of confirmation under the Act even if other claims remain pending"); *McGregor Van De Moere, Inc. v. Paychex, Inc.*, 927 F. Supp. 616, 618 (W.D.N.Y. 1996) (same). *Cf. Pacific Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1023 (9th Cir. 1991) (holding that an interim award providing for equitable relief was final and thus subject to confirmation under the FAA).

Here, Award Nos. 3 and 4 are both final for purposes of judicial review because they conclusively determined separate, independent claims in the arbitration. Award No. 3 provides that it represents "a full settlement and determination of all claims and counter-claims submitted to the Panel in this arbitration in connection with the valuation of Soward's interest in Cartesian." (Smith Decl., Exh. 10 at 11). Similarly, Award No. 4 provides that it represents "a full settlement and determination of all claims submitted to the Panel" by Soward for breach of fiduciary duty and conversion. (Smith Decl., Exh. 11 at 27). Although the Panel also stated that Award No. 4 was "not intended to be confirmable until it is incorporated into a final award" (*id*. at 25), this statement does not alter the finality of the award and cannot preclude Petitioners from moving to vacate it. The parties and the arbitrators plainly understood that Award No. 4 was final and not subject to further change or revision. Award No. 4 was also final under Rule 46 of the AAA's Commercial Arbitration Rules, which strips an arbitrator of power "to redetermine the merits of any claim already decided."

In response to challenges by the parties to findings made in Award No. 1 – which also provided that it was "not intended to be confirmable" – the Panel found twice that the award was final and could not be altered. In Award No. 2, the Panel wrote:

> As to the claim by Soward for 10% of the recovery in the bankruptcy proceedings allocated to & Capital by the Bankruptcy Court, this claim relates to the issue of valuation of the investment in Westar which was decided in Interim

MOTION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO
9 U.S.C. §§ 9 and 10
NO. 2:07-cv-00574-MJP – Page 11

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

Award No. 1. That Interim Award has now become *final*. It will not be reopened.

(*Id.* at 8 (emphasis added)).  Likewise, in Award No. 3, the Panel wrote:

> Following the entry of INTERIM AWARD #1, Bosack has requested the Panel to enter an award that Soward has only a 5% interest in the profits of Cartesian after the termination of Soward as general partner in November 2003. *Soward, on the other hand, contends that the interim award is final* as to the determination of Soward's interest in the profits of the Partnership at 14.5%.
>
> We do not reach the arguments of the parties as to the finality of our prior AWARD # 1 as to the 14.5% interest of Soward in the profits of the partnership.  If we were to reach this issue, *we would rule for Soward*.  We would hold that Bosack failed to move to correct Interim Award #1, if Bosack believed there was error, within the 20 days permitted by Rule 46 of the Commercial Arbitration Rules of the American Arbitration Association.

(*Id.* at 7 (emphasis added) (footnotes omitted)).

Furthermore, Petitioners are unaware of any authority that would allow arbitrators to preclude a party from seeking judicial review of an otherwise final award by stating that the award is not "confirmable."  In fact, it is clear that an arbitral panel may not usurp a court's authority to determine its jurisdiction to review a final award.  *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 90 F. Supp. 2d 893, 897-88 (S.D. Ohio. 2000) (stating that the finality of an arbitration award is "a subject matter jurisdiction issue under the Federal Arbitration Act, to be answered only by this Court" and that "this Court's jurisdiction under Title 9, the Federal Arbitration Act, is not a subject for arbitration").

Accordingly, this Court has jurisdiction to hear Petitioners' application to confirm Award No. 3 and to vacate Award No. 4.

**B.    Award No. 3 Should Be Confirmed**

Upon application of any party, a district court must enter a judgment confirming an arbitration award unless that award is vacated, modified, or corrected.  *See* 9 U.S.C. § 9

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1  ("any party to the arbitration may apply to the court . . . for an order confirming the award,

2  and thereupon the court must grant such an order unless the award is vacated, modified, or

3  corrected as prescribed in sections 10 and 11 of this title."); *In re Arbitration Between*

4  *Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 226

5  (S.D.N.Y. 2005) ("A district court must grant a petition to confirm an arbitration award

6  unless one of the grounds for vacating or modifying the award is established."). Here, there

7  are no grounds for vacating, modifying, or correcting Award No. 3.

8      Confirmation here is appropriate even though Petitioners have already paid the

9  amount owed to Soward under Award No. 3. The fact that a party has satisfied an

10  obligation under an arbitration award "does not divest the court of authority to confirm that

11  portion of the award – satisfaction and confirmation are separate issues." *Collins v. D.R.*

12  *Horton, Inc.*, 361 F. Supp. 2d 1085, 1093 (D. Ariz. 2005); *see also District Council No. 9 v.*

13  *APC Painting, Inc.*, 272 F. Supp. 2d 229, 239 (S.D.N.Y. 2003) (the defendant's satisfaction

14  of the awards at issue was irrelevant to whether the court should confirm them).

15  Accordingly, this Court should confirm Award No. 3.

16      **C.   Award No. 4 Should Be Vacated**

17      Pursuant to the FAA, a district court may vacate an arbitration award where "the

18  arbitrators exceeded their powers . . . ." 9 U.S.C. § 10(a)(4). In addition, an arbitration

19  award may be vacated where the award is "completely irrational" or in "manifest disregard

20  of the law." *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997

21  (9th Cir. 2003); *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir.

22  1991). Award No. 4 should be vacated on each of these grounds.

23      **1.   The Arbitrators Exceeded their Powers**

24      The arbitrators exceeded their powers in Award No. 4 by redeciding issues already

25  conclusively determined in Award Nos. 1 and 3. It is a well-settled principle of federal

26  arbitration law that once arbitrators conclusively decide an issue, they become *functus*

MOTION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO
9 U.S.C. §§ 9 and 10
NO. 2:07-cv-00574-MJP – Page 13

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

*officio* with respect to that issue and may not revisit the merits of that decision. As the Ninth Circuit has stated, it is a "fundamental common law principle that once an arbitrator has made and published a final award his authority is exhausted and he is *functus officio* and can do nothing more in regard to the subject matter of the arbitration." *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982) (quotation and citation omitted); *see also Portland General Elec. Co. v. U.S. Bank Trust Nat'l Assoc.*, 38 F. Supp. 2d 1195, 1197 (D. Or. 1999) (once an arbitrator has issued a final award, "he cannot in any way change or explain his award"). Other Circuits agree: "[O]nce arbitrators have finally decided the submitted issues, they are, in common-law parlance, '*functus officio*,' meaning that their authority over those questions is ended." *Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991); *see also Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1220 n.4 (5th Cir. 1990) (the doctrine of *functus officio* "is designed to prevent an arbitrator from revisiting an award; it protects the finality of an arbitrator's decision").

This principle applies even where the arbitrators decide only some of the issues in an arbitration, while other issues remain pending: "Thus, if the parties have asked the arbitrators to make a final partial award as to a particular issue and the arbitrators have done so, the arbitrators have no further authority, absent agreement by the parties, to redetermine that issue." *Trade & Transport*, 931 F.2d at 195.

The doctrine of *functus officio* is also embodied in AAA's Commercial Arbitration Rules, which govern the parties' arbitration. In particular, Rule 46 permits an arbitrator to "correct any clerical, typographical, or computational errors in the award" within a short period of the award's issuance, but it also expressly provides that "[t]he arbitrator is not empowered to redetermine the merits of any claim already decided." (Smith Decl., Exh. 15). Because the parties expressly adopted the AAA Rules to govern their arbitration, the Panel was bound by those rules and could not ignore Rule 46 without exceeding its

YARMUTH WILSON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1    authority.  "An arbitrator who throws aside" the arbitration rules "oversteps his powers, and

2    the resulting award must be set aside." *Lindland v. United States Wrestling Assoc., Inc.*,

3    223 F.3d 1000, 1004 (7th Cir. 2000) (vacating award where arbitrator ignored AAA rule

4    precluding redetermination of the merits of a claim and issued award contradicting final

5    award from a previous arbitration); *see also Wein v. Morris*, 909 A.2d 1186, 1197-98 (N.J.

6    App. 2006) (AAA Rule 46 precluded arbitrator from issuing award that granted additional

7    relief that had been denied in a prior final award).

8         Federal courts have thus regularly vacated or refused to confirm arbitration awards

9    where the arbitrators sought to revisit or redetermine issues that they had already

10   conclusively decided.  *See, e.g., Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir.

11   1999) (the doctrine of *functus officio* precluded the arbitral panel from rescinding a final

12   interim order); *Domino Group, Inc. v. Charlie Parker Memorial Foundation*, 985 F.2d 417,

13   420-21 (8th Cir. 1993) (vacating portion of second award that purported to grant monetary

14   damages previously denied in first award); *Colonial Penn Ins. Co. v. Omaha Indemnity Co.*,

15   943 F.2d 327, 332-33 (3d Cir. 1991) (holding that it was erroneous for district court to

16   confirm second award that purported to modify first award); *WMA Securities, Inc. v. Wynn*,

17   105 F. Supp. 2d 833, 835-36 (S.D. Ohio 2000) (*functus officio* doctrine precluded panel

18   from re-examining a final award; panel's ruling that purported to grant additional relief was

19   a nullity and not subject to confirmation); *Melun Industries Inc. v. Strange*, 898 F. Supp.

20   995, 1001 & n.5 (S.D.N.Y. 1992) (vacating third award that was a "total revision of the

21   reasoning of the earlier award" as exceeding the arbitrator's powers under section 10(4) of

22   the FAA; stating that "once an arbitrator has rendered a final award, he becomes functus

23   officio and may not revisit his decision.").

24        Here, Award No. 4 should be vacated because the Panel exceeded its powers, under

25   both the common law and AAA Rule 46 by redetermining issues as to which it was already

26   *functus officio*.  As detailed above, the Panel plainly redetermined issues in Award No. 4

MOTION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO
9 U.S.C. §§ 9 and 10
NO. 2:07-cv-00574-MJP – Page 15

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

that it had previously decided in Award Nos. 1 and 3. The specific revisions made by the Panel are highlighted below:

| Award Nos. 1 and 3 | Award No. 4 |
|---|---|
| Cartesian continued to exist as a limited partnership through September 2006. | Bosack dissolved Cartesian in November 2003. |
| The Wood Agreement provided the basis for Soward's rights in Cartesian. | The & Capital Partners Agreement and Delaware's partnership law provided the basis for Soward's rights in Cartesian. |
| Soward remained a partner in Cartesian through September 30, 2006. | Soward ceased to be a partner in Cartesian following its dissolution in November 2003. |
| Soward ordered to withdraw as partner in Cartesian after being paid the value of his capital account as of September 30, 2006. | Soward entitled to an accounting and distribution of his capital account as of September 29, 2004. |

The Panel's revisions formed the basis of its findings in Award No. 4 that, because Soward was not provided an accounting and distribution of his interest in Cartesian shortly after its supposed dissolution in November 2003: (1) Bosack breached his fiduciary duty to Soward; and (2) Bosack and Lerner had converted Soward's interest in Cartesian. Without reversing its prior decisions from Award Nos. 1 and 3, the Panel could not have found Bosack and Lerner liable on these claims.

Specifically, the Panel's finding of breach of fiduciary duty against Bosack was premised on a purported obligation to "account for, and pay over, to the withdrawing partner his or her share in the assets of the partnership within a reasonable time" of the withdrawal. (Smith Decl., Exh. 11 at 14). However, if Soward was still a partner in Cartesian, as the Panel had found in Award No. 3, then there could have been no breach of this obligation. Likewise, the finding of conversion against Bosack and Lerner rested on their purported obligation to "turn over to Soward his interest in the assets of Cartesian within a reasonable time" of his withdrawal from the partnership. (*Id.* at 25). But if

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

Soward had not withdrawn from Cartesian, Bosack and Lerner could not have violated this purported obligation.

Because it had no authority to revise its final determinations in Award Nos. 1 and 3, the Panel clearly exceeded its powers in issuing Award No. 4. Accordingly, Award No. 4 should be vacated.

### 2. Award No. 4 Is Completely Irrational and in Manifest Disregard of the Law

Award No. 4 should also be vacated because it is completely irrational. Not only is it irreconcilable with Award Nos. 1 and 3, but Award No. 4 is itself internally incoherent. The award incorporates by reference all of the Panel's previous decisions with respect to Cartesian, which include the findings that Soward remained a partner in Cartesian until he was paid his capital account and that Cartesian continues to exist as a partnership. The award goes on to find, however, that Cartesian had been dissolved in November 2003 and that Soward had therefore ceased to be a partner in Cartesian at that time.

There is simply no way to reconcile these separate findings. Either Soward remained a partner in Cartesian or he had been removed. Either Cartesian remained in existence or it had been dissolved. Logically, both sets of facts cannot co-exist in the same award. The Panel's Award No. 4 violates this fundamental logic and is therefore the very definition of irrationality. *See Strobel v. Morgan Stanley Dean Witter*, 2006 WL 3735739, at *5 (S.D. Cal. 2006) (finding award was "completely irrational" where arbitrators awarded only $5,000 in compensatory damages, even though undisputed evidence showed that claimant lost over $280,000); *Rivera v. Thomas*, 316 F. Supp. 2d 256, 262 (D. Md. 2004) (vacating award that was "contradictory and irrational").[1]

---

[1] It is also noteworthy that Award No. 4 contains no findings of wrongdoing by Lerner, individually. Instead, Award No. 4 finds Lerner liable for conversion as a result of the purported acts of SLLB LLC, a Delaware limited liability company of which Lerner is a member. (Smith Decl., Exh. 11 at 24). For example, the Panel noted as follows: "Here Bosack and Lerner through SLLB did not just interfere . . . ." (*Id.*). SLLB is not a party to the arbitration and therefore no liability could attach to it. The Panel made no determination

MOTION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO
9 U.S.C. §§ 9 and 10
NO. 2:07-cv-00574-MJP – Page 17

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1      In addition, Award No. 4 is completely irrational because its finding that Cartesian

2  had been dissolved in November 2003 is objectively untrue.  The Panel's awards recognize

3  that Cartesian continued to exist as a limited partnership through the present.  For instance,

4  all of the awards include Cartesian as a party to the arbitration.  (Smith Decl, Exhs. 8-11).

5  Award No. 3 specifically ordered Cartesian to pay Soward the value of his capital account

6  within 60 days of the award or face judicial dissolution by the Panel.  (Smith Decl., Exh. 10

7  at 11).  Cartesian paid that amount in late 2006 and thus, under the terms of Award No. 3,

8  avoided dissolution.  It is irrational for the Panel to hold in Award No. 4 that Cartesian no

9  longer existed, when the Panel in Award No. 3 specifically recognized Cartesian's

10  continued existence and ordered monetary relief against that entity.  Soward, like the Panel,

11  also recognized the continued existence of Cartesian – indeed, he requested an order

12  dissolving that partnership in the arbitration, which the Panel effectively denied in Award

13  No. 3.  The finding that Cartesian had been dissolved in November 2003 therefore has no

14  relationship with the real world, in which Cartesian unquestionably continues to exist.[2]

15      The Panel's finding that Cartesian was dissolved in November 2003 is also in

16  manifest disregard of the law.  The Ninth Circuit has stated that "a federal court will not

17  confirm an arbitration award that is legally irreconcilable with the undisputed facts" and

18  that "an arbitrator's failure to recognize undisputed legally dispositive facts may properly

19  be deemed a manifest disregard for the law."  *Coutee v. Barrington Capital Group, L.P.*,

20  336 F.3d 1128, 1133 (9th Cir. 2003).  Here, it is undisputed that Cartesian continues to

21  exist.  This fact is legally dispositive of Soward's claims for breach of fiduciary duty and

22  conversion.  The Panel's blatant disregard of this undisputed fact in Award No. 4 is in

---

24  that there was any basis to "pierce the corporate veil" of SLLB to attach liability to Lerner individually.  The
     Panel's finding against Lerner therefore underscores the irrationality of Award No. 4.

25
26  [2] The Delaware Secretary of State currently recognizes Cartesian as a limited partnership in good standing and
     with a current tax status.  (Smith Decl., Exh. 16).  Petitioners request that the Court take judicial notice of this
     state of Delaware record pursuant to Federal Rule of Evidence 201.

MOTION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO
9 U.S.C. §§ 9 and 10
NO. 2:07-cv-00574-MJP – Page 18

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

"manifest disregard for the law."

### 3. Vacating Award No. 4 Is Consistent with Federal Arbitration Policy.

Although judicial review of arbitration awards is generally deferential, meaningful scrutiny "is necessary to ensure arbitrators comply with the statutory requirements" of the FAA. *Bowles Financial Group, Inc. v. Stifel, Nicolaus & Co., Inc.*, 22 F.3d 1010, 1012 (10th Cir. 1994) (citing *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 232 (1987)). The deference owed to arbitrators "is not the equivalent of a grant of limitless power" and "the courts are neither entitled nor encouraged simply to 'rubber stamp' the interpretations and decisions of arbitrators." *Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., USA*, 334 F.3d 721, 725 (3d Cir. 2003) (quotations and citations omitted); *see also Advest, Inc. v. McCarthy*, 914 F.2d 6, 8 (1st Cir. 1990) (judicial deference to arbitration "does not grant carte blanche approval to any decision an arbitrator might make") (quotation omitted).

The federal law requiring judicial scrutiny of arbitration awards is embodied in Section 10(a), which sets forth the grounds on which courts may vacate an award in appropriate circumstances, such as those present here. The judicial review authorized by the FAA is necessary to protect the integrity of the arbitral process, so that arbitration remains a reliable, favored method of dispute resolution consistent with federal policy. Thus, federal pro-arbitration policy can only be advanced when courts fulfill their obligation to provide meaningful scrutiny and vacate awards, such as Award No. 4, which demonstrate that the arbitrators acted irrationally or exceeded their authority. *See, e.g., Western Employers Ins. Co. v. Jefferies & Co., Inc.*, 958 F.2d 258, 261-62 (9th Cir. 1992) (vacating award where arbitrators exceeded their authority by failing to make findings of fact and conclusions of law as required under the arbitration agreement); *Coast Trading Co., Inc. v. Pacific Molasses Co.*, 681 F.2d 1195, 1198 (9th Cir. 1982) (vacating award where arbitrators exceeded authority by granting remedy contrary to parties' agreement);

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1   *Bull HN Information Systems Inc. v. Hutson*, 983 F. Supp. 284, 291-92 (D. Mass. 1997)

2   (vacating award where arbitrator exceeded powers by ruling on contractual validity issue

3   that was never submitted).

4          Allowing Award No. 4 to stand would result not only in prejudice to Bosack and

5   Lerner, but also to the integrity of the arbitral process. Because the compensatory damages

6   awarded in Award No. 4 duplicated those that were awarded in, and paid pursuant to,

7   Award No. 3, the sole effect of Award No. 4 was to impose tort liability on Bosack and

8   Lerner and thereby subject them to liability for punitive damages. The Panel could not

9   have reached this result without exceeding its authority to revisit and revise its prior

10  findings. Thus, the prejudicial effect of the Panel's re-determinations in Award No. 4 is

11  obvious. Failing to vacate such an errant and prejudicial award would discourage parties

12  from resorting to arbitration and thus undermine the strong federal policy promoting

13  arbitration as a fair and reliable method of dispute resolution. Award No. 4 should

14  accordingly be vacated as a matter of both federal law and policy.

15         Finally, if the Court does not vacate Award No. 4, its judgment confirming the two

16  awards will necessarily contain the same legally irreconcilable findings. The judgment

17  would have Cartesian continuing to exist as a limited partnership, as held in Award No. 3,

18  while dissolving Cartesian as of November 2003, as held in Award No. 4. Enshrining this

19  contradiction in a court judgment would throw the status of Cartesian as a Delaware

20  partnership into doubt – was it dissolved as of November 2003, or does it continue to exist

21  as a Delaware limited partnership in good standing? If it was dissolved as of November

22  2003, how could it have continued to exist for purposes of the accounting and distribution

23  ordered by the Panel in Award No. 3? This Court should not perpetuate this uncertainty by

24  giving the Panel's fatally inconsistent findings the force and effect of a judgment.

25

26

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

IV. **CONCLUSION**

For the foregoing reasons, Petitioners respectfully request judgment in their favor

confirming Award No. 3 and vacating Award No. 4, as set forth in this Motion.

YARMUTH WILSDON CALFO PLLC

By: /s/ Richard C. Yarmuth
    Richard C. Yarmuth, WSBA No. 4990
    Jeremy E. Roller, WSBA No. 32021
Fourth & Madison
925 Fourth Avenue, Suite 2500
Seattle, WA  98104
Phone:  206.516.3800
Fax:    206.516.3888
Email:  yarmuth@yarmuth.com
      jroller@yarmuth.com

*Of Counsel:*

Steven L. Smith (*pro hac vice**)
Scott T. Nonaka (*pro hac vice**)
**O'MELVENY & MYERS LLP**
275 Battery Street, Suite 2600
San Francisco, CA  94111
Phone:  415.984.8700
Fax:    415.984.8701
Email:  ssmith@omm.com
      snonaka@omm.com

Attorneys for Petitioners Leonard Bosack, Sandy
Lerner, and Cartesian Partners, L.P.

* *Pro hac vice* applications to be filed

MOTION TO CONFIRM AND VACATE
ARBITRATION AWARDS PURSUANT TO
9 U.S.C. §§ 9 and 10
NO. 2:07-cv-00574-MJP – Page 21

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888