# EXHIBIT A

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          WESTERN DISTRICT OF WASHINGTON

10  | IN THE MATTER OF THE
    | ARBITRATION BETWEEN                      No. 2:07-cv-00574-TSZ
11  |
    | LEONARD BOSACK, SANDY LERNER,            **JOINT STATUS REPORT**
12  | The Leonard Bosack Trust, The Sandy
    | Lerner Trust, Richard Troiano, The &
13  | Trust, & Capital Partners, L.P., Cartesian
    | Partners, L.P., The Leonard X. Bosack and
14  | Bette M. Kruger Charitable Foundation,
    | Inc., and & Capital, Inc.,
15  |
    |                    Petitioners,
16  |
    | v.
17  |
    | DAVID C. SOWARD and &
18  | MANAGEMENT COMPANY,
19  |                     Respondents.

20         Petitioners Leonard Bosack, Sandy Lerner and Cartesian Partners L.P. (collectively

21  "Petitioners") and Respondents David C. Soward and & Management Company (collectively

22  "Respondents") respectfully submit this Joint Status Report pursuant to the Order issued by the

23  Court during the status conference held June 28, 2007 (the "June 28 Minute Order").

24  **June 28 Status Conference and Minute Order, and Subsequent Procedural Actions**

25         1.     On June 28, 2007, a status conference was held before this Court at which the

26  Court and counsel discussed Petitioners' Petition to Confirm and Vacate certain interim arbitration

27  awards, Respondents' motion to dismiss the Petition for lack of jurisdiction and failure to state a

28  claim, Respondents' intention to file a petition to confirm the final arbitration award in

JOINT STATUS REPORT

1  San Francisco Superior Court, and potential future proceedings, including venue issues, related

2  thereto.  The Court subsequently issued the following Minute Order:

3              Status Conference held on 6/28/2007.  The Court and counsel
             discuss the posture of the arbitration.  The stay on the case will
4            remain in effect until further order of the Court.  Petitioners shall
             have five days after a final arbitration award is entered in the
5            arbitration to amend their petition in this case.  The parties shall
             have ten days after a final arbitration award is entered in the
6            arbitration to file a joint status report that addresses whether the
             parties intend to withdraw the stayed motions at docket Nos. [5] and
7            15, and that sets a briefing schedule for any motion to dismiss that
             respondents decide they want to bring.  The parties shall not set a
8            briefing schedule for any motion on the merits regarding the
9            arbitration award(s) until further order of the Court.

10 (June 28, 2007 Minute Entry, Docket No. 21).  Docket Entry No. 5 is Petitioners' pending Motion

11 to Confirm and Vacate Arbitration Awards Pursuant to 9 U.S.C. §§ 9 and 10 ("Motion").  Docket

12 Entry No. 15 is Respondents' pending Motion to Dismiss for Lack of Subject Matter Jurisdiction

13 and for Failure to State a Case ("Motion to Dismiss").

14        2.      On July 27, 2007, the arbitration panel issued its final award, incorporating,

15 without change, Interim Awards Nos. 1-5 and a number of hearing orders, including Hearing

16 Order No. 49 (which held Petitioners Leonard Bosack and Sandy Lerner liable for punitive

17 damages), and adding an award of attorneys' fees in favor of Respondents ("Final Award").  In

18 Interim Award No. 5, the panel assessed punitive damages against Leonard Bosack in the amount

19 of $10,999,494, and against Sandy Lerner in the amount of $8,555,162, for a total of $19,554,656.

20 And in the Final Award, the panel awarded Respondents attorneys' fees and costs of

21 approximately $4.1 million.

22        3.      That same day, Respondents filed a Petition to Confirm the Contractual Arbitration

23 Award, seeking to confirm the Final Award in its entirety ("Respondents' Petition to Confirm"), in

24 San Francisco Superior Court of the State of California (*Soward v. Bosack*, Case No. CPF–07–

25 507456).

26        4.      On July 30, 2007, in accordance with the June 28 Minute Order, Petitioners filed an

27 Amended Petition to Vacate and Confirm Arbitration Awards Pursuant to Federal Arbitration Act

28 9 U.S.C. §§ 9 and 10 ("Petitioners' Amended Petition"), seeking to vacate Interim Awards Nos. 4

-2-

1   and No. 5 and the portions of the Final Award that incorporate those awards, and to confirm

2   Interim Awards Nos. 1, 2, and 3 and the portions of the Final Award that incorporates those

3   awards. Petitioners intend to amend their pending Motion to Confirm and Vacate Arbitration

4   Awards Pursuant to 9 U.S.C. §§ 9 and 10 ("Motion"), on file with this Court, to conform the

5   Motion to their Amended Petition.

6       5.      Also on July 30, 2007, Petitioners removed Respondents' Petition to Confirm to the

7   United States District Court for the Northern District of California (*Soward v. Bosack*, Case

8   No. C–07–3894) (the "Northern District of California Action"). The Northern District of

9   California Action was initially assigned to the Hon. Edward M. Chen, Magistrate Judge.

10      6.      The parties have agreed that no formal response to Respondents' Petition to

11   Confirm or to Petitioners' Amended Petition need be filed by either party. The parties may

12   instead set forth their respective positions on the petitions in response to motions brought pursuant

13   thereto.

14      7.      On July 31, 2007, Respondents filed with the arbitration panel a Motion to Correct

15   Final Award, which requests correction of two clerical errors in the Final Award. Petitioners have

16   filed a statement of non-opposition to Respondents' motion.

17                  **<ins>Respondents' Position</ins>**

18      8.      It is Respondents' position that (a) there is no federal subject matter jurisdiction

19   over the issues raised by either side's proceedings to confirm or vacate the arbitration award, and

20   (b) regardless of whether there is federal subject matter jurisdiction, California is the appropriate

21   venue for the parties' dispute.

22      9.      Respondents intend to file a motion to remand in the Northern District of California

23   Action as soon as the court assigns a judge to the case. (The case was initially assigned to a

24   Magistrate Judge; however, Respondents have requested assignment to a United States District

25   Judge.)

26      10.      Respondents will not withdraw their pending Motion to Dismiss, because the

27   motion is meritorious and federal subject matter jurisdiction must exist at the time an action is

28   filed, regardless of whether an amended pleading is later filed. Respondents anticipate amending

1  the Motion to Dismiss to address whether the filing of Petitioners' Amended Petition to Vacate

2  and Confirm Arbitration Awards had any impact on the court's jurisdiction, and to raise additional

3  jurisdictional defects in Petitioners' pleadings.

4        11.     Respondents will include in their Amended Motion to Dismiss a request, in the

5  event that this Court should find that it has federal subject matter jurisdiction, that the Court stay

6  proceedings in favor of the proceedings in the California Superior Court (if the Northern District

7  of California grants the motion for remand) or that venue be transferred to the Northern District of

8  California (if remand is denied).

9        12.     Respondents believe that the interests of efficiency and judicial economy would be

10  best served by setting a briefing schedule for their Amended Motion to Dismiss/Stay/Transfer

11  after the Northern District of California rules on the motion to remand, so that there will be

12  certainty as to whether or not the parties will be engaging in state court litigation in California

13  Superior Court on the very issues that Petitioners seek to raise here. Only the Northern District of

14  California can rule on the motion to remand, and there is no reason to delay the resolution of the

15  issue of whether Soward is entitled to proceed with the petition he filed in the San Francisco

16  Superior Court.

17                                     **Petitioners' Position**

18        13.     Petitioners believe that it would be more efficient and economical if the

19  proceedings in the Northern District of California were stayed and the proceedings in this Court

20  moved forward as contemplated during the status conference on June 28, 2007. Through its orders

21  at the June 28 status conference and in its June 28 Minute Order, as described above, the Court has

22  made clear that all jurisdiction and venue issues must be decided before the merits of any petition

23  to vacate or confirm the arbitration award will be considered.

24        14.     Now that the Final Award has been issued, Respondents should be required to

25  comply with the Court's orders by setting a briefing schedule for the Amended Motion to Dismiss

26  Stay/Transfer Venue which they contemplate.

27        15.     Respondents' current position not to proceed with their contemplated jurisdictional

28  and venue motions in this Court until Respondents' motion to remand in the Northern District of

JOINT STATUS REPORT

California has been decided will significantly delay proceedings in this Court. Most importantly, Respondents' position will delay briefing and a hearing on the merits of Petitioners' Amended Petition to Vacate and Confirm the Arbitration Award, along with any petition to confirm that Respondents might bring in opposition thereto. Respondents have told Petitioners that they intend to file a motion to remand this week. However, Respondents could wait as long as 30 days before filing a motion to remand. *See* 28 U.S.C. § 1447(c) (a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction" must be filed "within 30 days after the filing of the notice of removal under [28 U.S.C. §]1446(a)") (emphasis added)). Briefing and decision on such a motion would of course extend this period even further.

16.    Petitioners respectfully request that this Court address and resolve these significant potential delays by setting an immediate status conference in this case. The purpose of the status conference would be to set a briefing schedule for Respondents' Amended Motion to Dismiss/ Stay/Transfer, in accordance with the June 28 Minute Order. Only by setting such a briefing schedule can the Court ensure that the significant pending issues on vacatur and confirmation of the Final Award will move forward expeditiously.

17.    Furthermore, the Court should give little weight to Respondents' contention that only the Northern District of California can rule on the jurisdictional issues on which the motion to remand is based. Respondents' motion to remand will almost certainly be predicated on the same jurisdictional arguments that are now asserted in the Motion to Dismiss and will be asserted in the Amended Motion to Dismiss/Stay/Transfer. The parties to this action are identical to the parties in the Northern District of California Action. Therefore, Respondents would suffer no prejudice if they were required to move forward with their jurisdictional challenges in this Court, as the June 28 Minute Order requires.

18.    Under any scenario, proceeding in accordance with the Court's orders at the June 28 status conference is the best way to give the parties direction in this matter. If the Court denies Respondents' amended Motion to Dismiss or transfer venue, Petitioners can seek to have the Northern District of California Action (or state court action if the case is remanded) stayed or transferred consistent with the Court's order. If the Court grants Respondents' motions, the

JOINT STATUS REPORT

Northern District of California Action (or any state court action if the case is remanded) may proceed unburdened by pending matters in this Court. Finally, if this Court concludes at the requested status conference that Respondents' motion to remand should be heard in the Northern District of California before this Court considers jurisdictional and venue issues, the Court could nevertheless set a briefing schedule on Respondents' Motion to Dismiss/Stay/Transfer that is keyed off the date on which the Northern District of California issues a decision on the motion to remand.

19.     Finally, it should be emphasized that this Court is already familiar not only with this case in general, but with the issues raised in Respondents' pending Motion to Dismiss. The Court therefore is more informed and better equipped to handle the important procedural and substantive motions on the horizon than the Northern District of California would be.

**YARMUTH WILSDON CALFO PLLC  LANE POWELL**

By /s/ Rudy A. Englund on behalf of
   Richard C. Yarmuth           By /s/ Rudy A. Englund
   Richard C. Yarmuth, WSBA No. 4990    Rudy A. Englund
   Jeremy E. Roller, WSBA No. 32021     1420 Fifth Avenue
   Fourth & Madison                  Suite 4100
   925 Fourth Avenue, Suite 2500      Seattle, Washington  98101
   Seattle, Washington  98104        Telephone:    (206) 223-7000
   Telephone:    (206) 516-3800    Facsimile:    (206) 223-7107
   Facsimile:    (206) 516-3888    E-mail:    englundr@lanepowell.com
   E-mail:    yarmuth@yarmuth.com
               jroller@yarmuth.com

*Of Counsel:*                        *Of Counsel:*

Steven L. Smith (*pro hac vice*)      Fred G. Bennett
Scott T. Nonaka (*pro hac vice*)     Steven G. Madison
O'MELVENY & MYERS LLP      Daniel H. Bromberg
275 Battery Street, Suite 2600     QUINN EMANUEL URQUHART
San Francisco, California  94111     OLIVER & HEDGES, LLP
Telephone:    (415) 984-8905    555 Twin Dolphin Drive, Suite 560
Facsimile:    (415) 984-8700    Redwood Shores, California  94065
E-mail:    ssmith@omm.com     Telephone:    (650) 801-5000
         snonaka@omm.com    Facsimile:    (650) 801-5100
                        E-mail:    danbromberg@quinnemanuel.com

*Attorneys for Petitioners Sandy Lerner*
*and the Sandy Lerner Trust*        *Attorneys for Petitioners The Leonard Bosack*
                           *Trust, Cartesian Partners, L.P., Richard Troiano,*
                           *The & Trust, & Capital Partners, L.P., The*
                           *Leonard X. Bosack and Bette M. Kruger*
                           *Charitable Foundation, Inc. and & Capital, Inc.*

51204/2190871.2

JOINT STATUS REPORT

1  DATED:  August 10, 2007              FOLGER LEVIN & KAHN LLP

2
                                       By /s/ Rudy A. Englund on behalf of J. Daniel Sharp
3                                          J. Daniel Sharp (Cal. Bar. No. 131042)
                                           275 Battery Street, 23rd Floor
4                                          San Francisco, California  94111
                                           Telephone:    (415) 986-2800
5                                          Facsimile:    (415) 986-2827y
                                           E-mail:       jsharp@flk.com
6
                                           James A. Oliver, WSBA No. 217
7                                          SHORT CRESSMAN & BURGESS, PLLC
                                           999 Third Avenue, Suite 3000
8                                          Seattle, Washington  98104
                                           Telephone:    (206) 682-333
9                                          Facsimile:    (206) 340-8856
                                           E-mail:       joliver@scblaw.com
10
                                           *Attorneys for Respondents David C. Soward and*
11                                         *& Management Company*

12

13  86083\2001\561851.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATUS REPORT

**CERTIFICATE OF SERVICE**

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 10th day of August, 2007, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

James Albert Oliver joliver@scblaw.com, tbackus@scblaw.com

Richard C Yarmuth yarmuth@yarmuth.com, cegan@yarmuth.com

Steven L Smith ssmith@omm.com

Jeremy E Roller jroller@yarmuth.com, smeyer@yarmuth.com

J Daniel Sharp jsharp@flk.com

Scott T Nonaka snonaka@omm.com

Executed on the  10th day of August, 2007, at San Francisco, California.

s/ <u>Katherine H. Bennett</u>
Katherine H. Bennett

51204/2190871.2

JOINT STATUS REPORT