# TAB 6

# AMERICAN ARBITRATION ASSOCIATION

## Commercial Arbitration Tribunal

| | |
|---|---|
| **DAVID C. SOWARD**, an individual; **&MANAGEMENT COMPANY**    )<br>)<br>)<br>Claimants and Counter Respondents  )<br>)<br>and   )<br>)<br>**THE & TRUST; SANDY LERNER**, Individually )<br>and as Trustee on behalf of the & Trust and the)<br>Sandy Lerner Trust; **LEONARD BOSACK**,   )<br>individually and as Trustee on behalf of the &  )<br>Trust and The Leonard Bosack Trust; **RICHARD** )<br>**TROIANO**, as Trustee on behalf of **THE &**   )<br>**TRUST; & CAPITAL PARTNERS, L.P.;**   )<br>**CARTESIAN PARTNERS, L.P.; LEONARD**   )<br>**BOSACK AND BETTE M. KRUGER**   )<br>**FOUNDATION**, a California corporation; and  )<br>**& CAPITAL, INC.**   )<br>)<br>)<br>Respondents and Counterclaimants   )<br>_____)  | **FINAL AWARD**<br>No. #74 181 Y 00129 04 DEAR |

David C. Soward et al and &Trust et al
American Arbitration Association #74 181 Y 00129 04 DEAR

THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement contained in the Management Agreement ("Management Agreement") entered into between the parties on January 30, 2001, and effective as of January 1, 1999,

and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby make their **FINAL AWARD** as follows:

## PRELIMINARY STATEMENT

In making our findings and award, we have considered the documentary evidence, the credibility of the witnesses, the expert testimony and reports, our views of the weight to be given to the documentary evidence and the testimony of the numerous witnesses including the experts and their reports, and the oral and written arguments of the parties. We have also considered the inferences that could, or could not, be drawn from the documents, the reports, and the testimony.

This is not a simple case. The complexity of the dealings between and among the various parties, and their failures at many levels and on many occasions to document transactions or agreements, has rendered this proceeding time consuming and difficult, and led to the importance of evaluating the credibility of the witnesses, which is reflected in these findings and award.

### 1. Background

This is a complicated matter that has been the subject of five (5) Interim Awards. It has consumed in excess of sixty (60) hearing days over a period of more than two years. Four experts and approximately twenty six witnesses have testified.

Three serial teams of lawyers have represented the Respondents and Counterclaimants. At the outset of the hearings, there were three Arbitrators on the Panel. However, when Respondents' third set of attorneys came into the case, one Arbitrator was disqualified due to various connections to the new firm. Thousands of pages of briefs and memoranda have been filed with the Panel, over five hundred exhibits were introduced into evidence, and countless hours have been consumed in argument.

The purpose of this Final Award is to bring this matter to an end. The Panel has decided all of the issues that have been raised by both parties, and which have been the subject of the Panel's five Interim Awards. All five are attached to this Final Award, and all of those awards in their totality are incorporated herein by reference.

The AWARD section of this Final Award sets forth in full the liability determinations made by the Panel in all five Awards. This award does not change or modify in any manner any of the Panel's earlier determinations, but simply incorporates their substance. Having said that, there are two specific issues that Interim Award #1 specifically requires be dealt with in this Final Award: (i) "the proper interest under Delaware law and the manner of its calculation;" (see INTERIM AWARD #1, p. 56), and (ii) the amount of Soward's capital account in Cartesian (see INTERIM AWARD #1, p. 56).

The Panel made a determination that the amount of Soward's interest in the Cartesian partnership was $1,464,391 plus interest. Because that amount was then paid promptly by the Claimant Respondents to Soward, we have shown the amount as satisfied in the list of individual items in the AWARD section of this Final Award.

There is nothing further to be done with respect to our determination of the value of the Cartesian interest.

## 2. Attorneys' Fees and Costs

The Panel has decided that Soward is the prevailing party in this arbitration. Therefore, the one remaining issue to be determined is the amount of attorneys' fees and costs awardable to him. Both parties have filed extensive briefs with respect to the issue of attorneys' fees and costs and, on June 29, there was a hearing on the issue. The Respondents' position is that Soward is entitled only to attorneys' fees in connection with issues involving the & Trust Management Agreement. That Agreement contains the core underlying attorneys' fees and costs clause:

> "In the event of any dispute between the parties concerning any provision in this Agreement, it shall be resolved by arbitration under the rules of the American Arbitration Association. The arbitration shall be conducted in San Francisco, California, or in such other place as the parties may mutually agree. The arbitrator(s) shall have the authority to make an award based on the equities of the dispute, and such award may include attorneys' fees and costs to the party whom the arbitrator(s) determines to be equitably entitled to such attorneys' fees as the party primarily prevailing in such dispute."

Respondents take the position that, since the attorneys' fees and costs clause is found only in the & Trust Management Agreement, fees and costs may be awardable only in connection with issues that involve the Trust. That argument is without merit. At the inception of this matter the Respondents agreed to waive their argument that nothing other than claims under the Management Agreement were arbitrable, and consented to the

inclusion in this arbitration of all their claims against Soward. It is hard to describe their decision as anything other than general consent to be bound by the provisions of the arbitration clause in the Management Agreement. That clause provides for an award of attorneys' fees and costs to the "party primarily prevailing in such dispute."

Further, both Soward in his demand and the Respondents in their answer asked for attorneys' fees and costs. Pursuant to R-43 of the Commercial Arbitration Rules of the American Arbitration Association, the Panel may properly award both attorneys' fees and costs "if all parties have requested such an award. . . ." All parties have done so. Accordingly, it is clear to the Panel that it has the power to award attorneys' fees and costs to that party it determines to be the prevailing party, Claimant Soward.

Soward's attorneys have filed an extensive account of attorneys' fees and costs to Soward during the conduct of this case. Those fees and costs, in the aggregate, total $3,360,576.80, (not including AAA costs and fees) all incurred from the inception of this matter through May 31, 2007. Although the aggregate claimed by Soward is a large amount, it appears to be reasonable under the circumstances. This was an extremely contentious matter and unquestionably consumed enormous resources, both with respect to attorney time and properly chargeable costs. Accordingly, after a thorough review of the billings of counsel for Claimant, it is clear to the Panel that the requested amount is reasonable. Respondents have not contended otherwise.

The Respondents either want the amount of the fee reduced to reflect the fact that they won on four claims or, in the alternative, they want an award of attorneys' fees and costs that reflects their prevailing on some issues. The panel rejects both those approaches. We have determined that Soward is the prevailing party and entitled to reasonable fees and costs. The Panel, mindful of the equitable nature of arbitration, believes that the only

question is whether the amount requested by Soward is reasonable, given the loss of the Passport issue. The panel believes that it is and, therefore, we have awarded to Soward the full amount claimed by his attorneys.

Soward has requested that we allocate the amount of the attorneys' fees and costs claimed to those incurred, first, through INTERIM AWARD #3 and then from INTERIM AWARD #3 to the end of the case. The Panel has done so, and has awarded $3,004,741.37 for attorneys' fees and costs incurred through Interim Award #3 and $355,835.43 incurred thereafter.

### 3. Award

As set forth above, the purpose of this Award is to bring all of the individual determinations made by the Panel within a single Final Award. In accordance with the directions contained in INTERIM AWARD #1, the Panel has below set forth the proper interest rate under Delaware law that is to be used for the purpose of calculating interest with respect to each of the award items to which Delaware interest has application. The rate of Delaware interest is taken from Exhibit #1 of the memorandum entitled "Analysis of Prejudgment Interest Factors, September 27, 2006." That memorandum was filed by Messrs. Krum and Sellinger, counsel for Respondents, pursuant to the directions contained in §IV ii. of the AWARD section of INTERIM AWARD #1.

Accordingly, based on the discussions both above and in INTERIM AWARDS numbers 1 through 5, the Panel unanimously AWARDS as follows:

    i.    This is a Final Award and is intended to be fully confirmable;

    ii.   Soward is herewith AWARDED and shall take from the Respondents, in the aggregate, exclusive of interest, but including an award of punitive damages

and attorneys' fees and costs, the net sum of $24,435,895.90.

This amount has been calculated by netting the individual amounts awarded both to Soward and to Respondents in the individual claims set forth below. It also includes the amount of $1,464,391, owed to Soward as his share of Cartesian, which has been paid to Soward and hence has been satisfied. In addition to such amount, Soward (and the Respondents with respect to those claims on which they prevailed) is also entitled to prejudgment interest. The panel has set forth with respect to each claim the manner in which prejudgment interest ought to be computed, both with respect to the rate and the date from which interest ought to be calculated.

iii. On his claim #1, Soward is herewith awarded against & Capital Partners the sum of $249,578, together with prejudgment interest commencing as of 90 days after the date of his termination, or 2/23/2004. Interest shall accrue from that date at the maximum Delaware rate of 7%.

iv. Soward's claim #2 regarding his share in the Cartesian partnership is dealt with herein under item xxiv.

v. On his claim #3, Soward is herewith awarded against & Trust the sum of $338,400. Both parties have agreed that California law has application to this claim; accordingly, that sum shall bear prejudgment interest from May 1, 2003, at the rate of 10% per annum.

vi. On his claim #4, Soward's Claim Against & Trust For Unpaid 2001, 2002, and 2003 Incentive Allocation Fees, Soward is hereby awarded against the & Trust the following sums:

(a) $532,263, together with prejudgment interest under California law commencing as of May 1, 2002, at the rate of 10%, for unpaid incentive allocation fees for 2001. The aggregate amount of interest

FINAL AWARD                    -7-

at that daily rate shall be incorporated into the Final Award on Claim #4;

(b) $190,004, together with prejudgment interest under California law commencing as of May 1, 2003, at the rate of 10%, for unpaid incentive allocation fees for 2002. The aggregate amount of interest at that daily rate shall be incorporated into the Final Award on Claim #4;

(c) $574,488, together with prejudgment interest under California law commencing as of May 1, 2004, at the rate of 10%, for unpaid incentive allocation fees for 2003. The aggregate amount of interest at that daily rate shall be incorporated into the Final Award on Claim #4.

vii. On his claim #5, Soward is herewith awarded against the Bette Kruger and Leonard Bosack Foundation the sum of $55,802, together with prejudgment interest thereon from November 24, 2003, at the rate of 10% per annum.

viii. Counterclaim E is DENIED.

ix. Counterclaim F is DENIED.

x. Counterclaim G is GRANTED against Soward, and Soward shall pay to the Respondents on such claim the sum of $1,556,510, together with prejudgment interest at the rate of 7%, which is the maximum rate permitted under Delaware Law from July 17, 2003, the date on which & Capital terminated its interest in Passport.

xi. Counterclaim H is DENIED.

xii. Counterclaim I is DENIED.

xiii. Counterclaim J is DENIED.

xiv. Counterclaim K is DENIED.

xv. Counterclaim L is GRANTED and Soward shall pay to the Respondents with respect to such claim the sum of $150,000, plus prejudgment interest at the

rate of 6.25% per annum, the maximum permitted rate of prejudgment interest under Delaware law, from February 27, 2002. The Panel herewith assigns to Soward the entire interest of & Capital Partners in the loan to Kemp and Soward is free to pursue his remedy against Kemp.

xvi. Counterclaim M is DENIED.

xvii. Counterclaim N is DENIED.

xviii. Counterclaim O is granted, and Soward shall pay to & Capital Inc. the sum of $134,184, together with prejudgment interest thereon from November 24, 2003, at the rate of 10% per annum.

xix. Counterclaim P is GRANTED against Soward, and Soward shall pay Cartesian Partners the sum of $15,750.09 plus prejudgment interest at the rate of 6.25%, the maximum permitted rate under Delaware law from August 1, 2002.

xx. On & Capital's counterclaim with respect to the issues of Soward's alleged breach of his fiduciary duties owed to & Capital with respect to the retention of the Westar funds in his personal Schwab account, the Panel finds for & Capital. Soward shall pay to & Capital the sum of $27,818.77, together with prejudgment interest in the amount of 7% per annum from November 21, 2003, until paid.

xxi. On Claimant Soward's claim for 10% of the proceeds received from the bankruptcy estate of Westar, the Panel finds for Respondent and Counterclaimant & Capital.

xxii. On & Capital's counterclaims relating to Soward's sitting on the board of directors of Westar and for recovery of his compensation as a director, the Panel finds for Soward.

xxiii. On & Capital's counterclaim with respect to the issue of Soward's alleged breach of his fiduciary duties owed to & Capital with respect to not timely disposing of the Westar investment, the panel finds for Soward.

xxiv. Soward is entitled to payment of $1,464,391 as his share of the assets of Cartesian as of September 30, 2006, with interest on the $1,464,391 at 10% from October 1, 2006, until paid. This amount has been paid to Soward, and Cartesian's obligation with respect to the payment to Soward of his capital account has been satisfied. Soward for every purpose is deemed to have withdrawn as a partner of Cartesian.

xxv. On Soward's Seventh Claim, part one, breach of fiduciary duty (failure to account), Claimants David Soward and & Management Company are hereby awarded against Leonard Bosack individually and as Trustee of the Leonard Bosack Trust, separately and collectively, the sum of $1,001,101, together with prejudgment interest at the maximum Delaware rate permitted by law from September 29, 2004, through December 14, 2006 or until paid, whichever is later. However, since such sum, plus interest, through December 14, 2006, is less than the sum of $1,464,391, plus interest, paid to Soward on December 14, 2006 pursuant to INTERIM AWARD #4 ("the accounting amount"), <u>this award shall be deemed satisfied</u>.

xxvi. On Soward's Seventh Claim, part two, breach of fiduciary duty (conversion), Claimants David Soward and & Management Company are hereby awarded against Leonard Bosack individually and as Trustee of the Leonard Bosack Trust, separately and collectively, the sum of $1,001,101, together with

    prejudgment interest at the maximum Delaware rate permitted by law from September 29, 2004, through December 14, 2006 or until paid, whichever is later. However, to the extent that such sum, plus interest, through December 14, 2006, is less than the sum of $1,464,391, plus interest, paid to Soward on December 14, 2006 paid to Soward pursuant to INTERIM AWARD #4 ("the accounting amount"), this award shall be deemed satisfied. If such amount of $1,001,101, plus interest through December 14, 2006, is greater than the accounting amount, Bosack individually and as Trustee, separately and collectively, shall pay the difference to Soward and & Management Company, with interest at the maximum rate permitted by Delaware law, until paid. As above, this amount has been paid to Soward and & Management Company and deemed satisfied.

xxvii. On Soward's Eighth Claim, conversion, Claimants David Soward and & Management Company are hereby awarded against Leonard Bosack individually and as Trustee of the Leonard Bosack Trust, and Sandy Lerner, individually and as Trustee on behalf of the Sandy Lerner Trust, separately and collectively, the sum of $1,001,101, together with prejudgment interest at the maximum rate permitted by California law from September 29, 2004, through December 14, 2006 or until paid, whichever is later. However, to the extent that such sum, plus interest, through December 14, 2006, is less than the sum of $1,464,391, plus interest, paid to Soward on December 14, 2006 pursuant to INTERIM AWARD #3 ("the accounting amount"), this award shall be deemed satisfied. If such amount of $1,001,101, plus interest through December 14, 2006, is greater than the accounting amount, Bosack

David C. Soward et al and &Trust et al
American Arbitration Association #74 181 Y 00129 04 DEAR

individually and as Trustee, and Lerner individually and as Trustee, separately and collectively, shall pay the difference to Soward and & Management Company, with interest at the maximum rate permitted by Delaware law, until paid. As above, this amount has been paid to Soward and & Management Company and deemed satisfied.

xxviii.  The Respondent Leonard Bosack shall pay to Soward as and for Punitive Damages the sum of $10,999,494.00.

xxix.  The Respondent Sandy Lerner shall pay to Soward as and for Punitive Damages the sum of $8,555,162.00.

xxx.  The Respondents shall pay to Soward for attorneys' fees and costs for that period commencing with the inception of this dispute through INTERIM AWARD #3 the amount of $3,004,741.37.

xxxi.  The Respondents shall pay to Soward for attorneys' fees and costs for the period commencing with the issuance of INTERIM AWARD #3 to the end of the case the amount of $355,835.43.

xxxii.  The administrative fees and expenses of the American Arbitration Association totaling $66,844.50, and the compensation and expenses of the Arbitrators totaling $1,472,183.17 shall be borne by Respondents. Therefore, Respondents, shall reimburse Soward the sum of $745,327.59, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Soward.

David C. Soward et al and &Trust et al
American Arbitration Association #74 181 Y 00129 04 DEAR

xxxiii.  This Final Award includes a full settlement and determination of all claims and counterclaims submitted to the Panel in this arbitration. All claims not expressly granted are hereby deemed denied.

DATED: July 26, 2007

Professor J. Lani Bader
Arbitrator


Zela G. Claiborne
Arbitrator

FINAL AWARD                           - 13 -

David C. Soward et al and &Trust et al
American Arbitration Association #74 181 Y 00129 04  DEAR

xxxiii.  This Final Award includes a full settlement and determination of all claims and counterclaims submitted to the Panel in this arbitration. All claims not expressly granted are hereby deemed denied.

DATED: July 26, 2007

*[signature]*

Professor J. Lani Bader
Arbitrator

*[signature]*

Zela G. Claiborne
Arbitrator

# Interim Award Nos. 1-5 are included for the Court's reference behind tabs 1-5 of this Appendix

51204/2207758.1