QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Daniel H. Bromberg (Bar No. 242659)
  danbromberg@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

  Fred G. Bennett (Bar No. 059135)
  fredbennett@quinnemanuel.com
  Steven G. Madison (Bar No. 101006)
  stevemadison@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Respondents Leonard Bosack, The &
Trust, Richard Troiano, & Capital Partners, L.P.,
Cartesian Partners, L.P., Leonard Bosack and Bette
M. Kruger Charitable Foundation, Inc., and &
Capital, Inc.

O'MELVENY & MYERS LLP
  Steven L. Smith (Bar No.109942)
  ssmith@omm.com
  Scott T. Nonaka (Bar No. 224770)
  snonaka@omm.com
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:    (415) 984-8700
Facsimile:    (415) 974-8701

Attorneys for Respondent Sandy Lerner

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID SOWARD, et al.,<br><br>    Petitioners,<br><br>    v.<br><br>THE & TRUST, et al.,<br><br>    Respondents. | CASE NO. C-07-3894<br><br>**DECLARATION OF DANIEL H. BROMBERG IN SUPPORT OF CROSS-MOTION TO STAY OR, IN THE ALTERNATIVE TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>DATE:  October 5, 2007<br>TIME:  9:00 a.m.<br>CTRM:  7, 19th Floor<br><br>Hon. Maxine M. Chesney<br><br>Removal Date: July 30, 2007<br>Trial Date: None Set |

## DECLARATION OF DANIEL H. BROMBERG

I, Daniel H. Bromberg, hereby declare and testify as follows:

1. I am a member of the Bar of the State of California and a partner in the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Respondents in this case. I make this declaration based upon personal knowledge and examination of documents attached to this declaration. If called and sworn as a witness, I could and would testify competently on these matters.

<u>The Arbitration</u>

2. Attached as Exhibit A is a true and accurate copy of the Statement of Claim dated February 5, 2004, submitted by David C. Soward and & Management Company (collectively "Soward") in the arbitration of *David Soward, et al. v. The & Trust, et al.*, AAA Case No. 74 Y 181 000120 04 DEAR (the "Soward Arbitration").

3. Attached as Exhibit B is a true and accurate copy of the Amended Answering Statement and Counterclaims submitted by The & Trust, Sandy Lerner, Leonard Bosack, Richard Troiano, & Capital Partners, L.P., Cartesian Partners, L.P., and the Leonard Bosack and Bette M. Kruger Charitable Foundation, Inc. on July 13, 2004 in the Soward Arbitration. This document also was attached to Soward's petition to confirm the final award issued in the Soward Arbitration, filed in San Francisco Superior Court on July 27, 2007.

4. Attached as Exhibit C is a true and accurate copy of Hearing Order No. 24 issued on March 23, 2007 in the Soward Arbitration.

5. Attached as Exhibit D is a true and accurate copy of Exhibit 4504, a statement of personal finances submitted by David C. Soward in the Soward Arbitration.

6. Attached as Exhibit E is a true and accurate copy of a memorandum dated December 18, 2002 from David Soward to Sandy Lerner, Len Bosack and Richard Troiano, which was submitted as Exhibit 3565 in the Soward Arbitration.

7. Attached as Exhibit F is a true and accurate copy of the transcript of proceedings on March 23, 2007.

8. In the Soward Arbitration, Soward initially sought a total of $8.4 million in compensatory damages. In briefs submitted to the arbitration panel, Soward sought $3,920,245 on his claim against & Capital Partners for an accounting and distribution of his partnership interest; $1,666,500.31 on his claim for an accounting and distribution of his partnership interest in Cartesian Partners; $378,794 on his claim against the & Trust for his 2003 base management fee; $2,307,672 on his claim against the & Trust for his 2001-2003 incentive allocation fees; $62,287 on his claim against the Bette Kruger and Leonard X. Bosack Charitable Foundation, Inc. for his management fee; and $71,026 on his claim for 10% of the recovery in the Westar bankruptcy proceedings allocated to & Capital Partners.

<u>The 2004 Action</u>

9. Attached as Exhibit G is a true and accurate copy of the complaint filed on July 27, 2004 in the Western District of Washington in the action captioned *Bosack v. Soward*, Case No. CV-4-1664 (the "2004 Action").

10. Attached to the complaint in the 2004 Action were four exhibits containing eight documents, including a January 2001 management agreement for Respondent The & Trust; a January 1995 partnership agreement for Respondent & Capital Partners, L.P.; an unsigned partnership agreement dated January 1, 1999 for Cartesian Partners, L.P.; a November 11, 2000 compensation agreement relating to a predecessor of Respondent the Leonard X. Bosack and Bette M. Kruger Charitable Foundation, Inc.; an April 13, 2001 promissory note from David Soward to & Capital; the Statement of Claim filed by Soward in his arbitration against Respondents; and correspondence between the parties from November and December 2003. In total, more than 130 pages of exhibits were attached to the complaint.

11. Attached as Exhibit H is a true and accurate copy of the motion to stay pending arbitration or, in alternative, to dismiss or transfer for improper venue filed on August 18, 2004 in the 2004 Action. Attached as Exhibit I is a true and accurate copy of the reply in support of the motion to stay filed on September 9, 2004 in the 2004 Action.

12. Along with the motion to stay, Soward submitted a declaration from himself dated August 17, 2004, a true and accurate copy of which is attached as Exhibit J, and a declaration from

1  J. Daniel Sharp dated August 17, 2004. The Sharp Declaration had 13 exhibits, totaling 89 pages.
2  These exhibits included correspondence between November 2003 and July 2004; audit reports; his
3  Statement of Claim in the arbitration and Respondents' Amended Answering Statement; and
4  various other documents from the arbitration. The Soward Declaration contained another 128
5  pages of exhibits, including the management agreement for The & Trust, the partnership
6  agreement for & Capital Partnership, an unsigned agreement for the Cartesian Partnership, and
7  correspondence between the parties from November and December 2003.

8       13.    In response to Soward's motion, Respondents filed declarations from Leonard
9  Bosack, Robert Fleming, and Leo Cunningham. The Fleming Declaration including 47 pages of
10 audit reports, and the Cunningham Declaration included another 96 pages of exhibits, consisting
11 largely of correspondence between the parties, audit reports, and documents from the arbitration
12 previously submitted.

13      14.    Attached as Exhibit K is a true and accurate copy of the Declaration of Leonard
14 Bosack dated September 3, 2004, which was filed in the 2004 Action.

15      15.    Attached as Exhibit L is a true and accurate copy of Declaration of Robert J.
16 Fleming dated September 1, 2004 which was filed in the 2004 Action, and attached as Exhibit M
17 is a true and accurate copy of the report by Clark Nuber concerning & Capital Partners, L.P.,
18 which was attached to the Fleming Declaration as Exhibit B.

19      16.    In connection with the reply brief in support of his motion to dismiss, Soward
20 submitted supplemental declarations from Mr. Sharp and from himself. Mr. Sharp's supplemental
21 declaration attached two additional exhibits with more than 42 pages of draft complaints. Mr.
22 Soward's supplemental declaration attached another 54 pages of documents, including three 1993
23 agreements between Soward with Respondents as well as documents from a litigation at issue in
24 the arbitration.

25      17.    Attached as Exhibit N is a true and accurate copy of the Supplemental Declaration
26 of J. Daniel Sharp, dated September 9, 2004 filed in the 2004 Action.

27      18.    In connection with Soward's motion, Judge Zilly received a total of 7 declarations
28 with over 450 pages of exhibits, including at least 27 different documents totaling 344 pages.

19. Attached as Exhibit O is a true and accurate copy of a minute order dated October 29, 2004 denying Soward's request to dismiss or transfer in the 2004 Action.

20. Attached as Exhibit P is a true and accurate copy of the transcript dated November 9, 2004 in the 2004 Action.

21. Attached as Exhibit Q is a true and accurate copy of the notice of voluntary dismissal filed on April 19, 2007 in the 2004 Action.

The April 2007 Action

22. Attached as Exhibit R is a true and accurate copy of the petition to confirm and vacate arbitration awards filed on April 19, 2007 in the action in the Western District of Washington captioned *Bosack, et al. v. Soward, et al.*, No. 2:07-cv-00574-TSZ (the "April 2007 Action").

23. In support the motion to confirm, Respondents filed a declaration from Steven L. Smith, dated April 24, 2007, with 325 pages of exhibits, including Interim Award Nos. 1-4, two orders from the arbitration, and a brief submitted in it.

24. Attached as Exhibit S is a true and accurate copy of the motion to dismiss filed by Soward on May 1, 2007 in the April 2007 Action.

25. Attached as Exhibit T is a true and accurate copy of a minute order issued on May 2, 2007 in the April 2007 Action.

26. On June 28, 2007, the Hon. Thomas S. Zilly held a status conference in the April 2007 Action to discuss the posture of the case. Judge Zilly brought a thick binder to the status conference, which appeared to contain the Smith Declaration as well as other documents filed in the case, and informed the parties that he had read their submissions. When Soward's counsel protested that the petition had been filed prematurely and would prejudice his attempts to litigate the validity of the arbitration panel's awards in California, Judge Zilly assured counsel that he would not give significant weight to the sequence of filing in determining the proper venue. After the conference, Judge Zilly continued the stay, ordered Respondents to file an amended petition within five days after a final arbitration order was entered, and to submit a joint status report addressing whether the stayed motions would be withdrawn within ten days after the award.

1 | Attached as Exhibit U is a true and correct copy of docket in the April 2007 Action showing the
2 | minute order entered on June 28, 2007.

3 | 27. Attached as Exhibit V is a true and accurate copy of a minute order dated August
4 | 20, 2007 in the April 2007 Action.

5 | <u>The Instant Action</u>

6 | 28. Attached as Exhibit W is a true and accurate copy of the Response to Notice of
7 | Pendency of Other Action or Proceeding filed by Soward in this action on August 8, 2007.

8 | 29. As Respondents do not challenge the panel's rulings in Interim Award No. 1,
9 | Respondents & Capital Partners, L.P., The & Trust, and the Leonard X. Bosack and Bette M.
10 | Kruger Charitable Foundation, Inc. are making arrangements, which should be completed next
11 | week, to place into escrow approximately $2.7 million, the amounts awarded against them in
12 | Interim Award No. 1 plus interest. If Soward agrees to release the approximately $2.2 million that
13 | he owes to & Capital Partners, Cartesian Partners, L.P., and & Capital, Inc. under Interim Award
14 | Nos. 1 and 2, the remaining amounts, approximately $480,000, will be disbursed to Soward.

15 | I declare under penalty of perjury under the laws of the State of California, the State of
16 | Washington, and the laws of the United States that the foregoing is true and correct. Executed this
17 | 31st day of August, 2007, in Redwood Shores, California.

/s/ Daniel H. Bromberg
Daniel H. Bromberg