# Exhibit N

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEONARD BOSACK, individually and as Trustee on behalf of The & Trust and as Trustee on behalf of the Leonard Bosack Trust; SANDY LERNER, individually and as Trustee on behalf of the Sandra K. Lerner Trust,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID C. SOWARD and & MANAGEMENT COMPANY,<br><br>Defendants. | Case No. CV-4-1664-TSZ<br><br>SUPPLEMENTAL DECLARATION OF J. DANIEL SHARP IN SUPPORT OF MOTION FOR A STAY PENDING ARBITRATION, OR ALTERNATIVELY TO DISMISS OR TRANSFER FOR IMPROPER VENUE (28 USC §1406(A) OR §1404(A))<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 10, 2004 |

I, J. Daniel Sharp, declare as follows:

1. I am attorney with the law firm of Folger Levin & Kahn LLP, counsel for Defendants David C. Soward and & Management Company (collectively "Soward"). I have personal knowledge of the facts set forth in this declaration and if called as a witness I could and would testify competently thereto.

2. I have read the Plaintiffs Memorandum in Opposition to Motion to Stay Pending Arbitration ("Opposition") and supporting declarations. This supplemental declaration is submitted to respond to certain inaccurate or incomplete statements in Plaintiffs' Opposition and the supporting declarations.

### Plaintiffs' San Francisco Superior Court Complaints

3. In paragraph 5 of the Declaration of Leo P. Cunningham, Mr. Cunningham states that his November 24 2003 letter attached "a draft complaint, styled for filing in court, not in arbitration, in the event that a settlement could not be reached." Mr. Cunningham did not attach the referenced draft complaint to his declaration. A true and correct copy of the draft complaint that is referenced in paragraph 5 of Mr. Cunningham's declaration is attached as **Exhibit A.**

4. Similarly, In paragraph 11 of his declaration, Mr. Cunningham stated that on July 1, 2004 "we sent to Defendants a settlement demand and a second complaint, again styled for filing in court, not in arbitration," but Mr. Cunningham did not include the second draft complaint as an exhibit. A true and correct copy of the second draft complaint, which is referenced in paragraph 11 of Mr. Cunningham's declaration, is attached as **Exhibit B.**

5. Both draft complaints sent by Mr. Cunningham were styled for filing as follows:

SUPERIOR COURT OF COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

(Exhs. A and B p. 1.) In both complaints, Plaintiffs asserted that jurisdiction and venue were proper in California. Specifically, each draft complaint states:

JURISDICTION AND VENUE

> 8. This Court has jurisdiction over the parties and subject matter of this lawsuit because the defendant resides in California and many of the acts constituting the tortuous conduct arose or were carried out in California.
>
> 9. Venue is proper in San Francisco County under California Code of Civil Procedure Sections 395(a) and 395.5 because Defendants' acts, and the failures to act, upon which each cause of action is based occurred in San Francisco County and Defendant & Management Company's principal place of business is situated in San Francisco County.

(Exhs. A and B ¶¶ 8, 9.)

Supplemental Declaration of J. Daniel Sharp
Case No. CV-4-1664-TSZ

- 2 -

Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
(206) 682-3333

### Plaintiffs' Grumbling About Being "Blind-Sided"

6.　In paragraph 9 of his declaration Mr. Cunningham stated that "on February 3, 2003, Defendants blind-sided us by initiating an arbitration proceeding before the American Arbitration Association ("AAA") in San Francisco." This argumentative term is repeated in the Opposition at page 2, line 13, and page 9, line 4. Plaintiffs use of the term "blind-sided" suggests that the filing of the arbitration claim was an unexpected and unfair attack. The events surrounding the filing of the arbitration claim clearly show that this was not the case, that the filing of the arbitration claim did not prejudice Plaintiffs in any way. The repeated use of the term "blind-sided" is inaccurate and misleading.

7.　At the time of filing the arbitration claim, I sent a letter to Mr. Cunningham explaining that we had filed the arbitration claim in order to protect Mr. Soward's rights, and that we were "happy to meet with you and your clients in a settlement context." A copy of this letter was included as Exhibit E to my original declaration.

8.　On March 16, 2004, I attended a meeting with Mr. Cunningham along with my partner Michael Kahn at Wilson, Sonsini's offices in Palo Alto, California. At the meeting, we told Mr. Cunningham that we had filed the arbitration claim to demonstrate to Mr. Cunningham's clients (who had accused Soward of committing illegal acts, and absconding with funds) that Mr. Soward is sincere in his belief that he has done nothing wrong, and that he would like to wind up his relationship with them and be paid what he is owed under the agreements. We told Mr. Cunningham that he and his clients could have as lengthy an extension of time as they felt they needed in order to review the arbitration claim and respond to it. Mr. Cunningham accepted this offer. Although AAA rules would have required a response to the arbitration claim by March 1, 2004, we granted multiple extensions, such that Mr. Cunningham's clients were not required to respond to the AAA claim until July 14, 2004.

9.　To this day, no one on behalf of Bosack and Lerner has communicated with us regarding the responded to the substance of the statements in the arbitration claim (*i.e.*,

1 accounting for Mr. Soward's capital accounts in the partnerships, and arriving at a determination
2 of the amount of fees he is owed under the Management Agreement for The & Trust and the
3 Foundation). This includes the July 1, 2004, letter that Mr. Cunningham in paragraph 12 of his
4 declaration refers to as a "settlement offer."
5 　　　I declare under penalty of perjury under the laws of the United States and Washington that
6 the foregoing is true and correct.
7 　　　Executed this ___9___ day of September, 2004 at San Francisco, California.

_____
J. Daniel Sharp

86083\2001\409119.1