# Exhibit S

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEONARD BOSACK, SANDY LERNER, and CARTESIAN PARTNERS, L.P.<br><br>Petitioners,<br><br>v.<br><br>DAVID C. SOWARD and & MANAGEMENT COMPANY,<br><br>Respondents. | Case No. 2:07-CV-00574<br><br>NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM<br><br>F.R.Civ.P. 12(b)(1)<br><br>Note on Motion Calendar May 25, 2007<br><br>ORAL ARGUMENT REQUESTED |

TO PETITIONERS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on Friday, May 25, 2007, Respondents David C. Soward and & Management Company (collectively "Respondents") will and hereby do move the above-referenced court for an order dismissing the action under Federal Rule of Civil Procedure 12(b).

This motion is made on the grounds that there is no federal subject matter jurisdiction over the "Petition to Confirm and Vacate Arbitration Awards Pursuant to 9 U.S.C. §§ 9 and 10" ("the Petition") filed by Petitioners Bosack and Lerner.

This motion is based on this (1) Notice of Motion and the Memorandum of Points and

Motion to Dismiss
Case No. 2:07-CV-00574

Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
(206) 682-3333

609568.1/024779.00001

Authorities filed herewith, (2) all of the papers on file in this action, including the Petition, Petitioners' Motion to Confirm and Vacate Arbitration Awards Pursuant to 9 U.S.C. §§ 9 and 10 at pp. 3-4 (April 24, 2007, docket entry 5 herein); (3) the Declaration of Steven L. Smith (April 24, 2007, docket entry 6 herein); and (4) the papers, records and pleadings on file herein and in the prior action between the parties hereto, *Bosack et al. v. Soward*, Case No. CV-04-1664-TSZ.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Petitioners Leonard Bosack ("Bosack") and Sandy Lerner ("Lerner") are parties to an arbitration before the American Arbitration Association ("AAA") with their former partner and investment manager, David Soward ("Soward"). Although the arbitration is still pending, Bosack and Lerner have invoked this Court's jurisdiction based on diversity of citizenship and filed a Petition for the purported purpose of confirming one of four "interim awards" issued by the AAA Panel and to vacate a second "interim award." The two interim awards grant alternative monetary remedies to Soward for his partnership interest in one of several investment vehicles involved in the arbitration, Cartesian Partners, LP ("Cartesian"). Interim Award # 3 grants Soward approximately $1.5 million on his claim for an equitable accounting. Interim Award #4 is an alternative award of tort damages of approximately $1 million on Soward's claims against Bosack and Lerner for conversion and breach of fiduciary duty. By the terms of Interim Award #4, the $1 million in tort damages is "deemed satisfied" upon Petitioners' payment of the $1.5 million due under Interim Award #3.

The Petition admits that, two days after receiving Interim Award #3, Petitioners voluntarily paid Soward the $1.5 million awarded by the arbitrators. (Petition ¶¶ 17, 19). The Petition is quite anomalous in asking the Court to confirm an arbitration award that was made against Petitioners, which they would have no standing to enforce, which they paid in full without any claim of error. Petitioners' request to vacate Interim Award #4 is likewise anomalous, because Soward is not entitled to any recovery under the terms of Interim Award #4, since

Motion to Dismiss  
Case No. 2:07-CV-00574  
- 1 -  
Short Cressman & Burgess PLLC  
999 Third Avenue, Suite 3000  
Seattle, Washington 98104-4088  
(206) 682-3333  

609568.1/024779.00001

Petitioners voluntarily paid the greater amount awarded in Interim Award #3. These circumstances are more than just anomalous, they are devoid of any controversy that would confer federal jurisdiction under 28 U.S.C. 1332. By granting the Petition, or denying it, the Court will not cause any money to change hands between the parties. <u>There is no amount in controversy</u>.

Petitioners' motivation for making this anomalous request for inconsequential relief is revealed in Paragraph 19 of the Petition: because the arbitrators awarded tort damages, "the sole effect of Award No. 4 was to subject Bosack and Lerner to potential liability for punitive damages." (Petition ¶ 19). However, the issue of punitive damages has not yet been arbitrated, and will be the subject of future hearings before the AAA Panel. (*See* Petition ¶ 20) Moreover, Interim Award #4 is not a final award subject to judicial review.

The Petition is an obvious tactical maneuver: Petitioners hope that this Court will issue an advisory opinion on Interim Awards 3 and 4 that will have no economic consequence to either party, but which might influence the AAA Panel in adjudicating Soward's pending claim for punitive damages. Petitioners also appear intent on signaling to Soward that enforcement of the final arbitration award will involve expensive federal litigation in a forum 800 miles from the location of the arbitration and Soward's home.

There are many reasons that the Petition lacks substantive or procedural merit, and should be denied. (The Petition is wrong in characterizing the two alternative awards as "inconsistent," and in claiming that the arbitrators lacked jurisdiction to issue Interim Award #4 based on the doctrine of *functus officio*, which has no application where, as here, the parties expressly reserved the tort claims to be tried separately.) However, it should be unnecessary for the Court or Soward to address the lack of merit in the Petition, because there is simply no basis for federal jurisdiction over the action that Petitioners have attempted to initiate. The Petition should be dismissed.

Motion to Dismiss
Case No. 2:07-CV-00574

- 2 -

Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
(206) 682-3333

609568.1/024779.00001

## II.   FACTS

**A.   Background Facts: Events Leading Up to the Stay Order Issued in the *Bosack I* Action.**

Bosack and Lerner founded Cisco Systems, Inc. ("Cisco") in Palo Alto, California, in 1984. Six years later, after Cisco went public, they severed their ties with Cisco and sold their Cisco stock, realizing a gain of over $170 million. (*See* Declaration of Defendant David C. Soward in Support of Motion for a Stay Pending Arbitration etc., Case No. CV-04-1664-TSV [Docket Entry No. 7 in the prior case]) ("Soward Dec.").

In 1992, Bosack and Lerner hired Soward to manage their wealth. Over the next 11 years, Soward achieved excellent results for Bosack and Lerner, increasing their wealth by over $220 million. (Soward Dec. ¶ 12.)

In November 2003, Bosack and Lerner abruptly terminated Soward, accusing him of various acts of intentional misconduct, fraud, and conversion. (Soward Dec. ¶ 19, Exh. 2.)

On February 3, 2004, Soward filed a demand for arbitration with the American Arbitration Association in San Francisco. (Soward Dec. Exh. 4; *see* Petition ¶ 12.)

Bosack and Lerner initially refused to consent to arbitration, and in July 2004 filed the action *Bosack et al. v. Soward et al.*, Case No. CV-04-1664 ("*Bosack I*") in this Court, asserting various claims of intentional misconduct against Soward. (Petition ¶ 13.)

In November 2004, the Court granted Soward's motion for a stay of litigation in *Bosack I* pending the completion of the arbitration initiated by Soward. (*Id.*)

**B.   Bosack and Lerner's Post-Litigation Agreement to Arbitrate Their Disputes with Soward**

After this court ordered a stay of litigation in *Bosack I*, Bosack and Lerner "waived their objections to the [AAA] Panel's jurisdiction and submitted all of their claims to arbitration." (Petition ¶ 13.) Thus, Bosack and Lerner agreed to arbitration in California, and there is no longer any dispute between the parties concerning the arbitrability of any of the claims alleged in *Bosack I*.

Motion to Dismiss
Case No. 2:07-CV-00574

- 3 -

Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
(206) 682-3333

609568.1/024779.00001

### C.  Status of the Pending Arbitration Proceedings

Thus far, the AAA Panel has issued four separate interim awards. (Petition ¶ 14). Copies of the Interim Awards are attached as Exhibit 8 through 11 to the Declaration of Steven L. Smith in Support of Motion to Confirm and Vacate Arbitration Awards ("Smith Dec.") [Docket No. 6 in this case]). At the time of the first interim award, the AAA Panel noted the extraordinary length and complexity of the proceedings: "[T]here were a total of 17 claims and counterclaims heard by the Panel. The hearing [up through Interim Award #1] consumed in excess of 50 days. There were approximately 28 witnesses and 5 experts who testified, and in excess of 500 exhibits." Interim Award No. 1 at pp. 8-9 (Smith Dec. Exh. 8).

The Panel has found in favor of Soward on all of the claims he alleged against Bosack, Lerner, and their entities. (Smith Dec. Exhs. 8, 10, 11.) The Panel also denied all claims of Bosack and Lerner that had alleged fraud or intentional misconduct by Soward; however, the Panel held Soward liable for four isolated acts that the Panel found to be negligent. (*Id.* Exhs. 8, 9).

The arbitration proceedings are still pending. (Petition ¶ 20) Future proceedings include a net worth hearing on the entry of punitive damages against Bosack and Lerner, and claims for attorneys' fees and costs. (*Id.*; *see* Smith Dec. Exh. 7). The AAA Panel has set a deadline of July 27 for the issuance of a Final Award in the arbitration. (Smith Dec. Exh. 7).

### D.  Petitioners' Voluntary Payment of All Amounts Awarded to Soward Under Interim Awards 3 and 4

Petitioners alleges that each of the four interim awards issued by the AAA Panel "is a final award subject to judicial review." (Petition ¶ 20) However, the AAA Panel did not intend for Interim Awards Nos. 1, 2, and 4 to be final and confirmable. For example, in Interim Award #1 the Panel stated:

> And, because the aggregate liability of each of the parties to the other cannot be determined until we have decided those issues over which we have reserved jurisdiction, <u>this interim award is not intended to be confirmable</u>. It will become so when it is incorporated into and made a part of the final award.

Motion to Dismiss
Case No. 2:07-CV-00574

- 4 -

Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
(206) 682-3333

609568.1/024779.00001

(Interim Award #1 at p. 9, emphasis added [Smith Dec. Exh. 8]).

Interim Awards 3 and 4 concern Cartesian Partners, LP, a partnership between Bosack and Soward, in which Soward had contributed $500,000 of his own money. "Bosack, on 11/24/2003, purported to remove Soward as general partner, but did not supply Soward with an accounting nor make a distribution to him of the fair market value of his capital account." (Interim Award #1, p. 15 [Smith Dec. Exh. 8]). Soward asserted three claims regarding Cartesian: (1) dissolution and accounting, (2) conversion, and (3) breach of fiduciary duty.

In Interim Award #1, the AAA Panel found in favor of Soward on the claim for accounting, and ordered the parties to provide further submissions to the Panel regarding the value of Soward's capital account as of September 30, 2006. (Interim Award #1, p. 56 [Smith Dec. Exh. 8]). In Interim Award #3, the AAA Panel resolved the disputes between the parties over the value of Soward's capital account, and found that "Soward is entitled to payment of $1,464,391 as his share of the assets of Cartesian as of September 30, 2006, with interest on the $1,464,391 at 10% from October 1, 2006." Interim Award #3 at p.11 [Smith Dec. Exh. 10]).

Interim Award #3 is the only interim award that the AAA Panel indicated that one of the four interim awards that the Panel did not expressly reserve jurisdiction, and intended to be immediately final and not subject to offset:

> Unlike INTERIM AWARDS 1 AND 2, it [*i.e.,* Interim Award #3] is intended to be confirmable upon entry by the Panel. . . . There is no good reason for further delaying the payment to Soward of the value of his interest in Cartesian, Soward already having been deprived of the use of any funds from Cartesian for more than three years.

(Interim Award #3 at p.10 & fn. 9 [Smith Dec. Exh. 10]). <u>Petitioners voluntarily paid Soward the full amount due under Interim Award #3 on December 14, 2006.</u> (Petition ¶¶ 17, 19) Thus, there is no further controversy between the parties over the amount he is owed for his interest in Cartesian.

Petitioners' decision to pay the $1.5 million due under Interim Award #3 was both voluntary and tactical. When it came time for the AAA Panel to hear and decide Soward's claims

Motion to Dismiss
Case No. 2:07-CV-00574
- 5 -
Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
(206) 682-3333

609568.1/024779.00001

for conversion and breach of fiduciary duty, Petitioners argued that Soward could not prevail on his claims because there were no damages. The AAA Panel rejected this tactic:

> Bosack contends that Soward was not damaged by the failure to make an accounting because Soward was ultimately paid in the end, after the Panel made its award on the accounting on December 12, 2006. We find this contention to be without merit.

(Interim Award #4 at p. 18 [Smith Dec. Exh. 11]). In Interim Award #4, the AAA Panel found that Bosack was guilty of breach of fiduciary duty, and Bosack and Lerner were guilty of conversion, with respect to Soward's partnership interest in Cartesian. Interim Award #4 at pp. 25-27 [Smith Dec. Exh. 11]). On both tort claims, the Panel awarded damages of $1,001,101 (the value of Soward's interest at the time of the conversion) plus interest "at the maximum rate permitted by California law from September 29, 2004, through December 14, 2006 or until paid." (*Id.*) The AAA Panel made clear that the tort damages were an alternative to the accounting award, and not cumulative:

> However, to the extent that such sum, plus interest, through December 14, 2006, is less than the sum of $1,464,391 plus interest, paid to Soward on December 14, 2006, pursuant to INTERIM AWARD #3 ("the accounting amount"), this award shall be deemed satisfied.

Interim Award #4 at p. 26 and p. 27 [Smith Dec. Exh. 11]). Thus, Interim Award #4 was "deemed satisfied" on the date that it was made. There is no controversy between the parties over the payment of any amount that could be considered due and owing under the interim award.

Like Interim Award #1, the Panel did not intend for Interim Award #4 to be final, stating, "This is an interim award. It is not intended to be confirmable until it is incorporated into a final award." (Interim Award No. 4 at p. 25 [Smith Dec. Exh. 11]).

E.   **The Petition to Confirm Interim Award 3 and Vacate Interim Award 4**

On April 19, 2007, Bosack and Lerner filed a "Notice of Voluntary Dismissal" of their complaint in *Bosack 1*. (Docket Entry No. 39 in the prior case.) On that same day, April 19, 2007, Bosack and Lerner filed the Petition in this case, purporting to seek to confirm the arbitrator's Interim Award No. 3 and to "vacate" Interim Award No. 4, alleging that each of the

Motion to Dismiss
Case No. 2:07-CV-00574
- 6 -
Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
(206) 682-3333

609568.1/024779.00001

two interim awards "is a final award" and that "the amount in controversy exceeds $75,000." (Petition ¶¶ 7, 14).

## III. ARGUMENT

### A. Petitioners Bear the Burden of Proving Federal Jurisdiction, and Cannot Rely on the Conclusory Allegations in their Petition

A federal court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

On motion to dismiss based on lack of subject matter jurisdiction, the court is permitted to look beyond the allegations of the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The court need not presume the truthfulness of the plaintiff's allegations pertaining to jurisdiction. *Id.*; *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

The Federal Arbitration Act ("FAA") does not confer subject matter jurisdiction on the federal courts. *Southland Corp. v. Keating*, 465 U.S. 1, 16 & n.9, 79 L. Ed. 2d 1, 104 S. Ct. 852 (1984) "While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction under 28 U.S.C. S 1331 (1976) or otherwise."); *accord Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 883 (9th Cir. 1993).

Because the FAA does not confer federal jurisdiction, a party who seeks to confirm or vacate an arbitration award "must demonstrate independent grounds of federal jurisdiction." *General Atomic, Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (1981). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001). In a diversity case, this burden includes

Motion to Dismiss
Case No. 2:07-CV-00574

- 7 -

Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
(206) 682-3333

609568.1/024779.00001

"establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.*

### B. There Is No Diversity Jurisdiction Because the Petition Does Not Raise a Controversy over Any Amount

The Petition seeks two forms of relief: an order "Confirming [Interim] Award No. 3" and an order "Vacating [Interim] Award No. 4." (Petition at p. 6, Prayer). Neither order would require any money to change hands.

An amount is in controversy if one party seeks to recover the amount from the other. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (U.S. 1938). "Controversy" is a term of constitutional significance: Federal courts only have jurisdiction over "controversies" between citizens of different states. U.S. Const. Art. III, § 2. Without a present controversy, there is no federal jurisdiction. "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Here, Petitioners have voluntarily paid the amount awarded by the arbitrators. Thus, there is no longer any controversy over the amount that had been in dispute.

Under California law, an arbitration award has the same effect as a contract between the parties:

> An [arbitration] award that has not been confirmed or vacated has the same force and effect as a contract in writing between the parties.

Cal. Code Civ. Proc. § 1287.6.[1] There is no more controversy in this case than in a case involving a contract where the plaintiff is the obligor under the contract and has fully performed his contractual obligations.

---

[1] California law applies here, because the arbitration occurred in California, and the contract containing the arbitration clause states, "This Agreement shall be governed by California law." *See* Smith Dec. Exh. 1, ¶ 12 at p. 7 of 68.

Motion to Dismiss  - 8 -  Short Cressman & Burgess PLLC
Case No. 2:07-CV-00574                         999 Third Avenue, Suite 3000
                                               Seattle, Washington 98104-4088
                                               (206) 682-3333

609568.1/024779.00001

Petitioners will not be aided by citation to cases holding that the losing party's satisfaction of an arbitration award does not deprive the prevailing party of the right to obtain an order confirming the award. *E.g., Collins v. Horton, Inc.*, 361 F. Supp. 2d 1085, 1093 (D. Ariz. 2005). Such cases merely stand for the principle that "satisfaction and confirmation [of arbitration awards] are separate issues." *Id.* This proposition is recognized under California state law. *See Pacific Law Group v. Gibson*, 6 Cal. App. 4th 577, 580 (1992) (nothing in California law "limits the confirmation of arbitration awards to successful plaintiffs who have not been paid."). But simply because an award is confirmable under state law or under the FAA does not create federal jurisdiction. *General Atomic Co.*, 655 F.2d at 971. Federal jurisdiction is an issue separate and independent from the satisfaction or confirmation of the arbitration award. Federal jurisdiction requires that the plaintiff's complaint must arise out of an actual, live controversy over at least $75,000 between citizens of different states. 28 U.S.C. § 1332. Such is not the case here, and the Petition should be dismissed.

C. **The Petition Is Limited to Interim Awards #3 and #4, and Therefore Jurisdiction Cannot Be based on Amounts that Were in Controversy Under Other Interim Awards or that Are Yet to Be Arbitrated**

One of Petitioners' allegations is that "<u>because the total amount at stake in the underlying arbitration is several million dollars,</u> the amount in controversy in this case exceeds $75,000." Petition ¶ 6 (emphasis added). This allegation is not, of course, sufficient to confer federal jurisdiction. *See Thornhill Publishing*, 594 F.2d at 733.

Petitioners may have made reference to the total amount at stake in the underlying arbitration because the Ninth Circuit has held that "the amount at stake in the underlying litigation, not the amount of the arbitration award, is the amount in controversy for purposes of diversity jurisdiction." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). However, in *Theis*, neither party had voluntarily paid the amount of the award before coming to federal court. *See id.* at 665 (Petitioner in *Theis* sought damages of $200 million). Thus, *Theis* is inapplicable here.

Motion to Dismiss
Case No. 2:07-CV-00574

-9-

Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
(206) 682-3333

609568.1/024779.00001

Moreover, Petitioners do not ask this Court to vacate or confirm the arbitrators' decisions regarding "the total amount at stake in the underlying arbitration." (Petition, ¶ 6). The Petition does not, for example, ask for confirmation of Interim Award #1, in which the AAA Panel found in Soward's favor on every claim he asserted, and awarded him damages totaling $1,940,535. (Interim Award #1 at pp.55-58 [Smith Dec. Exh. 9]). Petitioners for tactical reasons limited their Petition to Interim Awards #3 and #4; however, there is no federal jurisdiction for this Court to entertain such a tactic.[2]

### D. There Is No Jurisdiction for this Court to Review Interim Award #4 Because It Is Not a Final Award

"The Ninth Circuit has said that because of the Congressional policy favoring arbitration when agreed to by the parties, judicial review of non-final arbitration awards 'should be indulged, if at all, only in the most extreme cases.'" *Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1022 (9th Cir. 1991) (quoting *Aerojet-General Corp. v. American Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973))

"In order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them." *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 413 (2d Cir. 1980). Clearly, Interim Award #4 fails this test, because the AAA Panel plainly states in Interim Award #4, "<u>This is an interim award. It is not intended to be confirmable until it is incorporated into a final award</u>." (Interim Award No. 4 at p. 25, emphasis added [Smith Dec. Exh. 11]). The Interim Award also states, "The Panel reserves jurisdiction over this arbitration proceeding for all purposes until the entry of the Final Award herein." Interim Award No. 4 at p. 28, emphasis added [Smith Dec. Exh. 11]).

The Ninth Circuit has held that "judicial review of non-final arbitration awards 'should be indulged, if at all, only in the most extreme cases.'" Examples of such "extreme cases" include

---

[2] *Cf. Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir. 1997) (no federal jurisdiction over settlement agreement, even though settlement agreement resolved federal litigation that had been within the court's jurisdiction).

Motion to Dismiss                                    - 10 -                         Short Cressman & Burgess PLLC
Case No. 2:07-CV-00574                                                              999 Third Avenue, Suite 3000
                                                                                    Seattle, Washington 98104-4088
                                                                                    (206) 682-3333

609568.1/024779.00001

interim orders granting "[t]emporary equitable relief . . . to preserve assets or enforce performance." *Pacific Reinsurance*, 935 F.2d at 1022-23. This is not an "extreme case." The rules of the AAA provide that "The arbitrator shall have the power to rule on his or her own jurisdiction. (AAA Rule R-7(a) [Smith Dec. Exh. 15]). The AAA Panel clearly did not intend to terminate its own jurisdiction and encourage the parties to seek judicial review during the course of the arbitration. Indeed, it is difficult to conceive of how the federal policy favoring arbitration will be advanced if courts disregard the express directives of an arbitration panel that has stated its intention to preserve its own jurisdiction through the entry of a final award.

## IV. CONCLUSION

For all the foregoing reasons, the Court should dismiss Petitioners' "Petition to Confirm and Vacate Arbitration Awards Pursuant to 9 U.S.C. §§ 9 and 10."

Dated: May 1, 2007

Respectfully submitted,

J. Daniel Sharp (Cal. Bar No. 131042)
Folger Levin & Kahn LLP
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Phone: (415) 986-2800
Fax: (415) 986-2827

James A. Oliver, WSBA Bar No. 217
Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, WA 98104
Phone: (206) 682-3333
Fax: (206) 340-8856

Attorneys for Respondents

86083\2001\545841.1

Motion to Dismiss
Case No. 2:07-CV-00574

- 11 -

Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
(206) 682-3333

609568.1/024779.00001

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2007, I electronically filed the foregoing to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Richard C. Yarmuth**
yarmuth@yarmuth.com

**Jeremy E. Roller**
jroller@yarmuth.com

**Steven L. Smith**
ssmith@omm.com

**Scott T. Nonaka**
snonaka@omm.com

By _____
James A. Oliver, WSBA No. 217
joliver@scblaw.com

Motion to Dismiss
Case No. 2:07-CV-00574

- 12 -

Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
(206) 682-3333

609568.1/024779.00001