# TAB 1



Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2000 WL 516378 (N.D.Cal.), 140 Lab.Cas. P 58,926
**(Cite as: Not Reported in F.Supp.2d)**

C
Baird v. California Faculty Ass'n
N.D.Cal.,2000.

United States District Court, N.D. California.
Charles BAIRD, et al., Plaintiffs,
v.
CALIFORNIA FACULTY ASSOCIATION, et al.,
Defendants.
**No. C-00-0628-VRW.**

April 24, 2000.

ORDER.

WALKER, J.
\*1 In this action plaintiffs challenge the constitutional validity of California Government Code § 3583.5, a recent amendment to the Higher Education Employer-Employee Relations Act that permits the collection of "fair share" fees from represented employees who are not union members. Cal Gov Code § 3583.5. Before the court are motions by defendants California Faculty Association and the California Public Employment Relations Board to transfer this action to the Eastern District of California pursuant to 28 USC § 1404(a). For the reasons stated below, the motion to transfer is GRANTED.

"For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 USC § 1404(a). It is undisputed that this action could have been filed in the Eastern District. The court has broad discretion to assess the remaining factors (convenience of the parties, convenience of witnesses and the interests of justice) within the facts of the particular case. *E. & J. Gallo Winery v. F. & P. S.P.A.,* 899 F Supp 465, 466 (ED Cal 1994).

Defendants' primary argument for transfer is judicial economy. An earlier action, in which plaintiffs' counsel also purports to represent a class of state university employees challenging section 3583.5, is pending before Judge Shubb in the Eastern District. See *Friedman, et al. v California State Employees Association, et al.,* C-00-0101-WBS (*Friedman* Compl) (attached as Exh 1 to Def PERB's Mtn for Transfer). The constitutional claims under the Equal Protection Clause and the First Amendment appear almost verbatim in the complaints of both cases. Compare *Friedman* Compl ¶ 67 with *Baird* Compl ¶ 45 (Equal Protection claim) and *Friedman* Compl ¶ 70 with *Baird* Compl ¶ 48 (First Amendment claim).

The existence of the *Friedman* case weighs in favor of transfer in two important respects. First, a major consideration in the interests of justice analysis is the desire to avoid duplicative litigation and prevent waste of time and money. 1 Schwarzer et al., Federal Civil Procedure Before Trial § 4:271 (citing *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). Resolution of related claims in the same forum can also avoid inconsistent results. See *Nieves v. American Airlines,* 700 F Supp 769, 773 (SDNY 1988). Therefore, "[r]elated litigation pending in the proposed transferee forum is a factor that weighs heavily in favor of transfer." *Coultman v National RR Passenger Corp.,* 857 F Supp 231, 235 (E.D.N.Y.1994).

Second, and on a related note, transfer is desirable to facilitate consolidation with another action pending elsewhere. See Schwarzer at ¶ 4:274 (citing *In re Eastern Dist Repetitive Stress Injury Litigation,* 850 F Supp 188, 196 (E.D.N.Y.1994). Defendants seek consolidation of this action with *Friedman,* and while the court expresses no opinion whether consolidation is appropriate, transfer will provide the transferee court the opportunity to consider consolidation as further enhancement of judicial economy.

\*2 In addition, the court concludes that the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2

Not Reported in F.Supp.2d, 2000 WL 516378 (N.D.Cal.), 140 Lab.Cas. P 58,926
**(Cite as: Not Reported in F.Supp.2d)**

convenience of the parties and expected witnesses favors transfer to the Eastern District. All three of the defendants are headquartered in Sacramento. And to the extent that evidence about the legislative process that led to the enactment of the challenged provision is required, such evidence will be most easily accessible to a court located in same district as the seat of state government.

Plaintiffs' opposition relies almost entirely on the traditional rule that plaintiff's choice of forum should be granted substantial deference. See, for example, *Securities Investor Protection Corp. v Vigman,* 764 F.2d 1309, 1317 (9th Cir1985). But mechanistic adherence to this rule is inappropriate in a class action in which plaintiffs are dispersed throughout the state. See *IBJ Schroder Bank & Trust Co. v Mellon Bank,* 730 F Supp 1278, 1282 (SDNY 1990).

Finally, the relationship between the forum and the underlying cause of action is tenuous, a fact that further reduces the importance of plaintiffs' choice of forum. See *Chrysler Capital Corp. v. Woehling,* 663 F Supp 478 (D Del 1987).

It is therefore the judgment of the court that the convenience of parties and witnesses and the interests of justice will be served by transfer of this action to the Eastern District of California pursuant to 28 USC § 1404(a). Defendants' motion is GRANTED. All matters presently scheduled for hearing are VACATED and must be renoticed in the Eastern District. The clerk shall transmit the file to the clerk in that district pursuant to Civil LR 3-15.
IT IS SO ORDERED.

N.D.Cal.,2000.
Baird v. California Faculty Ass'n
Not Reported in F.Supp.2d, 2000 WL 516378 (N.D.Cal.), 140 Lab.Cas. P 58,926

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.