# TAB 2



Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1994 WL 139267 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

C
Baldwin v. National Safety Associates, Inc.
N.D.Cal.,1994.
Only the Westlaw citation is currently available.
United States District Court, N.D. California.
Venita BALDWIN and Saundra A. Flynn, on behalf of themselves and all others similarly situated, Plaintiffs,
v.
NATIONAL SAFETY ASSOCIATES, INC., et al., Defendants.
No. C 93-0571 BAC.

April 6, 1994.

*ORDER*
CAULFIELD, District Judge.
**\*1** In this action, there are several motions now pending. One of the pending motions is defendants' motion to transfer venue pursuant to 28 U.S.C. Section 1404(a). The court GRANTS the motion to transfer venue to the United States District Court for the Western District of Tennessee. The court believes the transferee court would be better suited to decide the other pending motions; accordingly, this court refrains from ruling on those motions. The parties should renotice those motions in the transferee court.

*BACKGROUND*

This case was filed as a class action seeking damages and injunctive relief for federal securities laws violations, RICO Act violations, common law fraud, false advertising and unfair business practices.

Plaintiff Venita Baldwin is a resident of San Francisco, California; plaintiff Saundra Flynn is a resident of Ohio. Plaintiff Baldwin does not wish to continue to be a named plaintiff and has requested that she be dismissed from the action. Plaintiffs' motion to amend the complaint to dismiss Venita Baldwin is one of the motions now pending before the court.

Defendant National Safety Associates ("NSA") is a Tennessee corporation with headquarters in Memphis, Tennessee. The three individual defendants are Tennessee residents who work for NSA in Memphis.

The gist of plaintiffs' complaint is that defendants run an illegal pyramid scheme and have defrauded thousands of people by drawing them into the pyramid as investors. Defendants allegedly solicit persons to become NSA distributors with promises of riches for selling NSA water filters and recruiting other people to become distributors. Distributors [FN1] are solicited at defendants' promotional rallies held throughout the country, at which allegedly fraudulent materials are handed out to the audience. Allegedly fraudulent statements are also made to potential distributors in telephone and mail contacts.

The proposed plaintiff class is "all persons who participated or attempted to participate [since February 13, 1989] in the NSA multilevel marketing system as part of the NSA distributor network and who incurred net income loss." (Complaint, ¶ 15.) The class is believed to have over 50,000 members. (Complaint, ¶ 16(a).) The allegedly wrongful conduct took place throughout the United States, and potential class members are located throughout the United States.

Defendants have moved for transfer of venue to the Western District of Tennessee under 28 U.S.C. Section 1404(a). In support of their motion, defendants offer evidence that all the defendants are located in the Memphis area, a substantial number of potentially relevant documents are located in the Memphis area, and several third party witnesses are located in the Memphis area. Defendants claim that the program at issue occurred nationwide, so that the class members (if a class is certified) will be located throughout the United States. Defendants

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                          Page 2
Not Reported in F.Supp., 1994 WL 139267 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

argue that these facts strongly favor a transfer of this action to the Western District of Tennessee.

### DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

#### A. *Propriety of Venue in the Western District of Tennessee*

*2 The threshold question is whether the action might have been brought in the transferee court. The parties do not dispute that the action properly could have been commenced in the Western District of Tennessee and that that court would have personal jurisdiction over the defendants. Having determined that there is no jurisdictional or venue impediment to the proposed transfer, the court next considers whether it should exercise its discretion to order a transfer to the Western District of Tennessee for the sake of convenience.

#### B. *Convenience of Witnesses*

"Although great weight is generally accorded plaintiff's choice of forum, ... *when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight*.... In judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and [defendants'] contacts with the forum, including those relating to [plaintiff's] cause of action.... If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987) (citations omitted) (emphasis added).

If this case is not certified as a class action, the Northern District of California has no interest at all.

If it is not a class action, it is simply a dispute between an Ohio plaintiff and Tennessee defendants about events which occurred outside this District. There is no suggestion that plaintiff Saundra Flynn has any connection to the Northern District of California or that any wrongful conduct vis-a-vis Ms. Flynn occurred in this district.[FN2] In such a case, plaintiff's choice of forum would be entitled to only minimal consideration.

If this case is certified as a class action, there will be California class members; however, there is no indication that a disproportionate number of class members will be Californians. Other class members will be from other states; in fact, plaintiffs' counsel has already presented declarations from potential class members in Ohio, Texas, Florida and Vermont. Regardless of where the trial ultimately occurs, some class members will have to travel to a distant forum. The plaintiff's choice of forum is entitled to less weight than usual because this is brought as a class action.

Plaintiffs make much of the fact that many of defendants' allegedly fraud-filled promotional rallies occurred in California and thousands of Californians were defrauded. Plaintiffs' own evidence demonstrates California is but one of many states in which the activities occurred [FN3] and the alleged victims are located. *See* March 31, 1993 Declaration of Andrew P. Lamis, ¶ 6 ("The Declarations of forty-four NSA distributors from California, Georgia, Florida, Tennessee, Ohio, Illinois, Washington, Nevada, Utah, Montana and Canada describe an identical experience [of attending promotional rallies].")

*3 It would be more convenient to the defendants if the action proceeded in the Western District of Tennessee. All of the defendants are Tennessee residents. Defendant NSA is an ongoing business in Memphis; its operations would be disrupted less by a trial in Memphis. A trial in Memphis might mean that NSA executives would be called away from day-to-day operations for hours at a time rather than days or weeks at a time, as could happen if the trial took place in the Northern District of California. For example, if the trial is in California, NSA executives may need to be in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 3
Not Reported in F.Supp., 1994 WL 139267 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

California to be on call to testify on short notice and would have to spend time waiting during the inevitable delays related to trial, all the while being unable to tend to their day-to-day chores as NSA executives. The defendants' convenience alone will not prompt a transfer of venue, but is entitled to consideration.

The court finds that the convenience of the parties would be served best by transferring venue to the Western District of Tennessee.

### C. *Convenience of Witnesses*

Defendants anticipate calling at trial witnesses who reside in the Memphis area and anticipate that subpoenas will be necessary to secure the presence of some of those witnesses. (Waak Decl., ¶¶ 3-4.) This fact militates in favor of a trial in Tennessee. Involuntary witnesses living in the Memphis area are subject to subpoena by the court in the Western District of Tennessee but could not be subpoenaed to come to the Northern District of California. *See* Fed.R.Civ.P. 45(b)(2). Apparently, most of the witnesses will hale from the Memphis area. It will be more convenient to both voluntary and involuntary witnesses residing in the Memphis area to travel to the local courthouse, rather than travelling to a courthouse in San Francisco.

Plaintiffs intend to call California plaintiffs to testify and authenticate documents. Plaintiffs contend that the defendants' sales pitch and documents were uniform; thus, it does not appear that California witnesses are the only witnesses who can authenticate documents and describe the defendants' sales pitch. Moreover, plaintiffs have not stated that subpoenas will be necessary to secure the presence of California witnesses.

The court finds that the convenience of witnesses strongly favors transfer of this action to the Western District of Tennessee.

### D. *Other Factors*

The location of evidence also compels a conclusion that the action should be transferred to the Western District of Tennessee. NSA's headquarters-and only business office-is located in Memphis. NSA's documents are kept in Memphis. (Waak Decl., ¶¶ 5-8; Martin Decl., ¶¶ 17-19, 21, 23, 25-27, and 30.) Defendants state that numerous potentially relevant documents exist. The number of potentially relevant documents apparently is huge because there are records pertaining to the more than 500,000 NSA distributors during the relevant time period and the plaintiffs' theory is that NSA is a pyramid scheme permeated by fraud. It is difficult to imagine that all or even most of these documents will be used at trial. However, because the plaintiffs have not narrowed down the list of relevant documents (*see* Magistrate Judge Langford's March 17, 1994 Memorandum and Order Re Discovery, p. 4), it is not unreasonable to anticipate that defendants might in fact have to transport a roomful of documents to San Francisco if the trial occurs here. The plaintiffs' list of exhibits for trial is not due until shortly before trial so the defendants might have to take the precautionary step of having all the documents shipped to San Francisco before they receive plaintiffs' list of exhibits for trial.

*4 Plaintiffs' counsel is located in San Francisco, but the convenience of plaintiffs' counsel is entitled to no consideration in the analysis.

### CONCLUSION

Defendants have satisfied their burden to show that the convenience of parties and witnesses as well as the interest of justice strongly favor transfer of this action from the Northern District of California to the Western District of Tennessee. The court hereby orders this action to be transferred to the United States District Court for the Western District of Tennessee. The clerk of the court is directed to take the necessary steps to effectuate the transfer of this action to the United States District Court for the Western District of Tennessee.

IT IS SO ORDERED.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1994 WL 139267 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

FN1. Plaintiffs refer to the persons who paid money to NSA as "investors." Defendants refer to the same persons as "distributors." Throughout this order the court refers to the persons as "distributors." This appellation is meant only for convenience and is not intended to be a finding or opinion as to the persons' legal status.

FN2. The other named plaintiff, Venita Baldwin, is a California resident. Ms. Baldwin's connections to California are of little concern because she has requested permission to be dismissed from this action.

FN3. For example, plaintiffs submit a declaration of a Richard Whitaker who testified that he attended a promotional rally in Sacramento at which over 1,000 people were present and also attended a promotional rally in Baltimore at which 10,000 people were present. (6/3/93 Whitaker Decl., ¶¶ 5 and 8.)

N.D.Cal.,1994.
Baldwin v. National Safety Associates, Inc.
Not Reported in F.Supp., 1994 WL 139267 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.