# TAB 3



Slip Copy

Slip Copy, 2007 WL 1152682 (N.D.Cal.)
**(Cite as: Slip Copy)**

**H**

Flotsam of California, Inc. v. Huntington Beach
Conference and Visitors Bureau
N.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
FLOTSAM OF CALIFORNIA, INC., dba Noland's
on the Wharf and Shoreline Surf Shop, Plaintiff,
v.
HUNTINGTON BEACH CONFERENCE AND
VISITORS BUREAU, Defendant.
**No. C 06-7028 MMC.**

April 18, 2007.

Theodore T. Herhold, Townsend and Townsend
and Crew LLP, Palo Alto, CA, for Plaintiff.
Richard P. Sybert, Gordon & Rees LLP, San Diego,
CA, for Defendant.

**ORDER DENYING DEFENDANT'S MOTION
TO TRANSFER VENUE; VACATING
HEARING**

MAXINE M. CHESNEY, United States District
Judge.
**\*1** Before the Court is defendant Huntington Beach
Conference and Visitors Bureau's Motion to
Transfer Venue, pursuant to 28 U.S.C. § 1404(a),
filed March 12, 2007. Plaintiff Flotsam of
California, Inc. has filed opposition, to which
defendant has replied. Having considered the papers
filed in support of and in opposition to the motion,
the Court deems the matter suitable for decision on
the papers submitted, VACATES the hearing
scheduled for April 20, 2007, and rules as follows.

In its complaint, plaintiff seeks declaratory relief.
Specifically, in light of defendant's having asserted
exclusive rights to place "Surf City USA" on, *inter
alia,* clothing, plaintiff seeks a declaration that it is
not liable, under federal and state trademark and
unfair competition laws, for having sold T-shirts
with the logo "Surf City Santa Cruz California USA.

" (*See* First Amended Complaint ("FAC") ¶¶
12-13, Ex. D.) In its counterclaims, defendant
alleges such sales constituted willful violations of
federal and state trademark and unfair competition
laws. By order filed January 31, 2007, the Court
denied defendant's motion to dismiss the instant
action on the ground of improper venue, pursuant to
28 U.S.C. § 1406(a), or, alternatively, to transfer
the matter to the Central District of California for
convenience, pursuant to § 1404(a). By the instant
motion, defendant seeks, again, to transfer the
matter to the Central District for convenience,
pursuant to § 1404(a).

At the outset, the Court finds the instant motion is
procedurally improper because defendant, which
seeks reconsideration of an interlocutory order, has
failed to file the requisite motion for leave to file a
motion for reconsideration. *See* Civil L.R. 7-9(a).
Accordingly, for this reason alone, the motion could
be denied. Because such denial would be without
prejudice to defendant's filing such motion for
leave, however, and given defendant's motion
appears to be based in part on the emergence of new
facts, specifically, the parties' initial disclosures, *see*
Civil L.R. 7-9(b)(2), the Court will consider the
merits of the motion.

"Under § 1404(a), the district court has discretion
to adjudicate motions for transfer according to an
individualized, case-by-case consideration of
convenience and fairness." *See Jones v. GNC
Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000)
(internal quotation and citation omitted).
Consequently, the Court considers the factors
potentially relevant to the instant case, in light of
the arguments made by the parties.[FN1]

> FN1. Some of the factors courts have
> noted as being important in an analysis
> under § 1404(a) are inapplicable herein,
> e.g., "the location where the relevant
> agreements were negotiated and executed,"

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2007 WL 1152682 (N.D.Cal.)
**(Cite as: Slip Copy)**

see *id.*, and "the state that is most familiar with the governing law," *see id.*

First, the Court finds, contrary to defendant's argument, that plaintiff's choice of forum is entitled to deference. The "plaintiff's choice of venue should not be lightly disturbed," and "particularly so when the forum chosen is not only the plaintiff's domicile but also has a significant connection with the subject matter of the case." *See Los Angeles Memorial Coliseum Comm'n v. National Football League,* 89 F.R.D. 497, 499 (C.D.Cal.1981); *cf. Pacific Car and Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir.1968) (holding deference to plaintiff's choice not warranted where "operative facts have not occurred within the forum" or where chosen forum "has no particular interest in the parties or the subject matter"). Here, the alleged infringing conduct occurred solely in this District, the site of plaintiff's domicile, and defendant has alleged that such conduct is of such a significant nature that defendant is entitled to an award of $1,000,000 in damages. (*See* Def.'s Counterclaims ¶ 2, prayer ¶ 7.) Further, in light of defendants' allegation that Huntington Beach is the "true Surf City" and denial of plaintiff's allegation that "Surf City" has been used to refer to Santa Cruz since 1927 and has been used on apparel since that time, ( *see* First Amended Answer ¶ 5), the Court finds this District has an interest in the subject matter. Consequently, this factor does not support transfer.

*2 Second, defendant's argument that it cannot obtain a fair trial in this District is unpersuasive. Such argument is based solely on the existence of two articles in the San Jose Mercury News, one article in the Santa Cruz Sentinel, one press release issued by the Santa Cruz Convention and Visitors Bureau, and one press release issued by counsel for plaintiff, each of which discusses defendant's initial demand that plaintiff cease selling the subject T-shirts and/or plaintiff's subsequent filing of the instant action, and, in defendant's view, includes language that is "hostile" or otherwise would be perceived as negative toward defendant. (*See* Def.'s Mot. at 12:12-13.) Defendant has failed to show that voir dire examination of the venire would be ineffective for purposes of addressing any prejudice a potential juror might have toward defendant. *See*

*Narten v. Eyman,* 460 F.2d 184, 186 (9th Cir.1972) (holding, in context of capital criminal case, motion for change of venue properly denied prior to voir dire examination, because "effect of pretrial publicity can be better determined after the voir dire examination of the jurors") (internal quotation and citation omitted). Moreover, residents of Santa Cruz County, Santa Clara County, and Monterey County, who would appear to be the most likely audience for the newspaper articles and press releases in question, are not part of the jury pool for actions tried in the San Francisco Division. *See* General Order No. 6. Consequently, this factor does not support transfer.

Third, the Court has considered the matter of "ease of access to sources of proof," *see Jones,* 211 F.3d at 499, and finds this factor is, at best, neutral. Documentary evidence with respect to the transactions at issue is located in the Northern District, while evidence with respect to defendant's loss of profits and actions it may have taken to protect its asserted mark is located in the Central District. There is no argument, let alone showing, that any party would, in light of the location of documentary evidence, have any difficulty accessing such material or presenting it in court. With respect to access to witnesses, this Court, as well as a district court in the Central District, has the power to compel the attendance at trial of any witness residing in California, *see* Fed.R.Civ.P. 45(c)(3)(A)(ii), and every witness identified by the parties resides, with one exception, in California. As to the one exception, an unnamed licensee of defendant's mark who resides in Tennessee, defendant makes no showing that such witness would refuse to appear voluntarily in this District but nonetheless would appear voluntarily in the Central District. Moreover, defendant has provided no details as the nature of the Tennessee resident's testimony, and thus has not shown such witness is material. Consequently, this factor does not support transfer.

Fourth, defendant's argument that it would be more convenient for the parties to litigate the matter in the Central District is unpersuasive. The need for occasional travel by air from the Huntington Beach area to San Francisco for trial or other proceedings

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                        Page 3

**Slip Copy, 2007 WL 1152682 (N.D.Cal.)**
**(Cite as: Slip Copy)**

does not constitute the type of inconvenience that would warrant disturbing the plaintiff's choice of forum. *See Effron v. Sun Line Cruises, Inc.,* 67 F.3d 7, 10 (2nd Cir.1995) (holding "forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a few hours of air travel"); *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986) (holding defendant has burden to "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" ). In any event, even if the short flight at issue herein could constitute a major inconvenience, such inconvenience would not weigh in defendant's favor. To the extent any of defendant's directors, employees and retained consultants will offer relevant testimony, and would be inconvenienced in having to travel from the Huntington Beach area to San Francisco to attend a court proceeding, plaintiff's owners and employees would experience similar inconvenience if required to travel from the Santa Cruz area to the Central District.[FN2] *See id.* (holding where liability witnesses primarily resided in Illinois and Indiana, and damages witnesses primarily resided in Montana, motion to transfer venue from Montana to Illinois was properly denied because transfer would "merely shift" inconvenience). Consequently, this factor does not support transfer.

> FN2. Defendant has not specifically identified which of its witnesses are employed or retained by defendant, other than Douglas Traub and Dean Torrence, whom the Court assumes would be able to offer material evidence as to defendant's asserted mark and/or defendant's asserted lost profits. For its part, plaintiff has identified by name its two owners and twenty employees who sold the accused T-shirts. Although it is highly unlikely all such twenty-two witnesses would be necessary as witnesses at trial, plaintiff likely would need to offer testimony from at least some of them as to the transactions at issue and plaintiff's state of mind with respect to willfulness.

*3 Fifth, and lastly, the Court considers the convenience of third-party witnesses, which often is the most significant factor. *See, e.g., Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.,* 844 F.Supp. 1163, 1166 (S.D.Texas 1994) ("It is the convenience of non-party witnesses, rather than that of employee witnesses, [ ] that is the more important factor and is accorded greater weight.") Defendant, in its initial disclosures and/or the instant motion, has identified approximately 25 witnesses by name who live in the Central District, some of whom appear to be third-party witnesses,[FN3] as well as various groups of unnamed individuals, some of whom, in all likelihood, reside in the Northern District, e.g., "personnel of the Santa Cruz County Conference and Visitors Council, " and other as to whom defendant has provided no information concerning residency, e.g., the suppliers of the subject T-shirts. Plaintiff, for its part, has identified two third-party witnesses by name who reside in the Central District, as well as 150 named individuals who obtained T-shirts from plaintiff's store and who reside in the Northern District. As plaintiff concedes, however, and the Court agrees, the issue is not simply one of simple mathematics. *See Development Co. of America v. Insurance Co. of America,* 249 F.Supp. 117, 118 (D.Md.1966) (observing "courts have refused to let applications for transfer become a 'battle of numbers' with the victor emerging as the party who is able to present the longest list of witnesses located in the desired district of transfer"). Rather, as plaintiff points out, the issue is whether the witnesses identified by defendant are material and, if so, whether any inconvenience they may face by having to travel a short distance by air to San Francisco for trial outweighs any inconvenience material witnesses residing in the Northern District would face by having to travel a short distance by air to the Central District for trial.[FN4]

> FN3. Defendant does not expressly identify which of the named witnesses are third-party witnesses, as opposed to directors, employees or retained consultants. Given that defendant's initial disclosures state that each of defendant's named witnesses may be contacted through

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Slip Copy, 2007 WL 1152682 (N.D.Cal.)**
**(Cite as: Slip Copy)**

defendant's counsel, each such witness appears to be affiliated in some fashion with defendant. The Court notes, however, that defendant has identified at least some of such named witnesses as third-party witnesses. For example, defendant, in its initial motion to dismiss or transfer, referred to Bruce Baltin and Daniel Siegel as "third-party witnesses." (See Def.'s Traub Decl., filed November 13, 2006, ¶ 7.)

FN4. Neither party has suggested that any witness is unable to travel by air.

In order to show that a proposed witness could offer material evidence, the proffering party must set forth the "substance of the evidence that each [witness] will give." See id. Defendant has provided only the most generalized statements as to the nature of the proffered testimony of the named and unnamed third-party witnesses. As one example, defendant represents that Bruce Baltin, Senior Vice President, PKF Consulting, will testify "regarding the Southern California hospitality industry, and its relation to the Surf City USA ® brand." (See Traub Decl. ¶ 4.c.) As another example, defendant represents that Daniel Siegel, Vice President of New Business Development, CMG Development, will testify "regarding the impact of litigation on marketability of Surf City USA ® brand." (See Traub Decl. ¶ 4.k.) Defendant does not, however, explain why the testimony of such witnesses is material to any issue in dispute herein, and, standing alone, the description provided does not support an inference as to the materiality of such testimony.

**\*4** Even assuming, *arguendo,* the above-referenced two witnesses, or at least some of the witnesses who reside in the Central District, will offer testimony material to the issue of secondary meaning,[FN5] third-party witnesses residing in the Northern District, and identified by plaintiff, are expected to offer testimony material to the issue of whether there has been actual consumer confusion, or an absence thereof, as to the source of the T-shirts sold by plaintiff.[FN6] Simply shifting inconvenience from some third-party witnesses to others is not a sufficient basis to warrant transfer. See Decker Coal,

805 F.2d at 843.

FN5. In its motion, defendant argues the "principal witnesses" will be those who can offer testimony on the issue of "secondary meaning." (See Def.'s Mot. at 7:3-10); see also Filipino Yellow Pages, Inc. v. Asian Journal Publication, Inc., 198 F.3d 1143, 1147 (9th Cir.1999) (holding descriptive term protectable only if it acquires " ' secondary meaning' in the minds of consumers, i.e., [the term] has become distinctive of the trademark applicant's goods in commerce").

FN6. Needless to say, plaintiff would not be allowed to offer 150 witnesses on the issue of whether there has been actual confusion. See Fed.R.Evid. 403. Contrary to defendant's argument, however, testimony as to the absence of actual confusion is not immaterial. See Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F.3d 1036, 1050 (9th Cir.1999) (holding absence of evidence of actual confusion is "persuasive evidence that there is no likelihood of confusion").

Accordingly, defendant has failed to make the requisite "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." See id.

### CONCLUSION

For the reasons stated above, defendant's motion is hereby DENIED.

**IT IS SO ORDERED.**

N.D.Cal.,2007.
Flotsam of California, Inc. v. Huntington Beach Conference and Visitors Bureau
Slip Copy, 2007 WL 1152682 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.