# TAB 5



Not Reported in F.Supp.2d                                      Page 1

Not Reported in F.Supp.2d, 2006 WL 823186 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

C

Isle Capital Corp. v. Koch Carbon, Inc.
N.D.Cal.,2006.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
ISLE CAPITAL CORPORATION, a California
corporation acting as Trustee for the benefit of the
LA-VC Trust dba Pittsburg Marine Terminal,
Plaintiff,
v.
KOCH CARBON, INC., a Kansas corporation,
Koch Carbon, LLC, and Does 1 through 5,
Defendants.
No. 06-00525 MMC.

March 28, 2006.

Kenneth B. McKenzie, Richard T. Bowles, Bowles
& Verna LLP, Walnut Creek, CA, for Plaintiff.
Susan J. Harriman, Benedict Y. Hur, Keker & Van
Nest, LLP, San Francisco, CA, for Defendants.

### ORDER GRANTING KOCH CARBON'S MOTION TO STAY; VACATING HEARING

MAXINE M. CHESNEY, District Judge.

*1 Before the Court is the motion filed February 24,
2006 by defendants Koch Carbon, Inc. and Koch
Carbon, LLC (collectively "Koch Carbon"), to stay
the instant action, pursuant to the first-to-file rule,
pending resolution of a motion to dismiss in an
earlier-filed action in the District of Kansas.
Plaintiff Isle Capital Corporation ("Isle Capital")
has filed opposition; Koch Carbon has filed a reply.
Having considered the papers filed in support of
and in opposition to the motion, the Court finds the
matter appropriate for resolution without oral
argument, *see* Civil L.R. 7-1(b), VACATES the
March 31, 2006 hearing, and rules as follows.

### BACKGROUND

Isle Capital alleges it is the Trustee for the benefit

of the LA-VC Trust, which does business as the
Pittsburg Marine Terminal ("PMT") in the city of
Pittsburg, California. (*See* Compl. ¶ 2.) On June
21, 1996, Koch Carbon entered into a lease with
Isle Capital to operate and conduct a terminal
facility at the PMT premises ("Lease"). (*See id.* ¶
6, and Ex. A.) The Lease provided, in part, that
Koch Carbon would improve the lease premises
within five years of the commencement of the lease
by constructing a "build out" according to the
specifications of "Exhibit G," a drawing attached to
the Lease. (*See* Compl. ¶ 10, and Ex. A ¶ 4(A) at
10-11.) According to Isle Capital, the "build out"
was required, in part, to increase the amount of
product flowing through the facility ("through put"
). (*See* Compl. ¶ 19.) Rent payable from Koch
Carbon to Isle Capital was partly based on the
through put. (*See id.*)

In November 1996, Isle Capital executed a "State
Lands Lease" with the state of California, which
authorized Isle Capital to improve the waterfront in
conjunction with the PMT. (*See id.* ¶ 8, and Ex.
E.) On November 14, 1996, Koch Carbon entered
into a sublease of the "State Lands Lease" with Isle
Capital ("Sublease"). (*See id.* ¶ 9, and Ex. F.) The
Sublease calls for Koch Carbon to construct,
operate, and maintain a dock facility at the PMT. (
*See* Compl. Ex. F at 1, "Recitals" ¶ 2.)

In June 2001, Isle Capital sent Koch Carbon a "
Notice of Default resulting from their failure to
complete the build out of the terminal facilities
pursuant to Exhibit G to the Lease...." (*See* Compl.
¶ 15.) On October 30, 2001, Isle Capital filed suit
against Koch Carbon in Contra Costa County
Superior Court ("2001 action") to enforce the Lease
and to seek damages for breach of contract. (*See id.*
) The 2001 action was settled and resulted in an
amendment to the Lease titled "Amendment No. 3."
(*See id.* ¶ 16, and Ex. D.) The amendment
provides that if Koch Carbon completes
construction of what is referred to as the "modified
build out" before June 21, 2006, it "shall be deemed

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 2

Not Reported in F.Supp.2d, 2006 WL 823186 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

to have fully and forever satisfied and discharged" its construction requirements under the Lease. (*See* Compl. Ex. D at 4 ¶ 6, section 4(A).). [FN1] The amendment further provides that if Koch Carbon fails to complete construction of the "modified build out" before June 21, 2006, it will remain obligated to construct the "build out" specified in " Exhibit G" of the Lease by June 21, 2006. (*See id.*)

> FN1. Isle Capital asserts that the "modified build out" consists of the construction of a storage barn. (*See* Bowles Decl. ¶ 2.)

**\*2** Isle Capital alleges that, to date, Koch Carbon has not completed construction on the "modified build out" in Amendment No. 3, the original "build out" in the Lease, or the dock facility called for by the Sublease. (*See* Compl. ¶¶ 17, 25.)

On January 12, 2005, Koch Carbon filed a declaratory relief action against Isle Capital in the United States District Court for the District of Kansas ("Kansas action").[FN2] (*See* Defs' Req. for Judicial Notice Ex. 1.) In the Kansas action, Koch Carbon seeks a declaratory judgment that it has fulfilled its obligations under the Lease and Amendment No. 3 thereto. (*See id.* at 6.)

> FN2. Koch alleges that its principal place of business is in Wichita, Kansas. (*See* Defs.' Req. for Judicial Notice Ex. 1 ¶ 2.)

On January 5, 2006, Isle Capital filed the instant action against Koch Carbon in Contra Costa County Superior Court ("California action") [FN3]. Isle Capital seeks damages "in the tens of millions of dollars" for the loss of benefits resulting from Koch Carbon's breach of the Lease and the Sublease; Isle Capital further seeks specific performance of Koch Carbon's construction obligations under the Lease and Sublease. (*See* Compl. ¶¶ 20, 25, 29.) The California action was removed to federal court on January 27, 2006.

> FN3. Although the state court complaint is file-stamped "December 5, 2006," it was

signed January 3, 2006 and bears the case number C 06-00033.

On January 6, 2006, the day after it filed the California action, Isle Capital filed a motion to dismiss the Kansas action for lack of personal jurisdiction. (*See* Bowles Decl. ¶ 5; *see also* District of Kansas Docket for Case No. 05-cv-01010.) In an order dated March 1, 2006, the Kansas court granted Koch Carbon's motion for an extension of time to respond to the motion and afforded Koch Carbon leave to conduct discovery on the jurisdictional issues raised in Isle Capital's motion to dismiss. *See Koch Carbon v. Isle Capital,* No. 05-1010-MLB-DWB, slip op. at 7-8 (D.Kan. March 1, 2006). Koch Carbon's opposition to the motion to dismiss is due no later than August 5, 2006. *See id.* at 8-9.

## LEGAL STANDARD

The first-to-file rule provides that "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *See Cedars-Sinai Medical Ctr. v. Shalala,* 125 F.3d 765, 769 (9th Cir.1997). The first-to-file rule "normally serves the purpose of promoting efficiency well and should not be disregarded lightly." *See Church of Scientology v. United States Dept. of the Army,* 611 F.2d 738, 750 (9th Cir.1979); *see also id .* (noting rule "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.")

## DISCUSSION

Koch Carbon argues that the instant action should be stayed, pending resolution of Isle Capital's motion to dismiss in the Kansas action, because all the prerequisites of the first-to-file rule have been met: the Kansas action was filed first, and both the Kansas and California actions involve the same parties and issues. Isle Capital argues in response that the 2001 action was the first action filed and, in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                              Page 3

Not Reported in F.Supp.2d, 2006 WL 823186 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

any event, the issues raised in the Kansas and California actions are not the same. In the alternative, Isle Capital argues that even if the prerequisites of the first-to-file rule are met, an exception to the rule applies because Koch Carbon acted in bad faith by filing an anticipatory lawsuit in Kansas. Isle Capital further argues that California is the best forum to resolve this dispute and that a stay of the California action will cause prejudicial delay.

### A. First Filed Action

**\*3** The first-to-file rule applies "when a similar complaint has already been filed in another *federal* court." *See Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 623 (9th Cir.1991) (emphasis added). The 2001 action was brought in California state court. Further, that action was dismissed with prejudice in March 2002, after Isle Capital and Koch Carbon entered into a settlement agreement. ( *See* Plaintiff's Req. for Judicial Notice Ex. B.)

Accordingly, the Court finds that the Kansas action, which was filed nearly a year before the California action, is the first filed action in this controversy.

### B. Same Parties

It is undisputed that the Kansas and California actions involve the same parties.

### C. Same Issues

Koch Carbon argues that the issues in the Kansas and California actions are identical because "both actions involve the parties' rights and responsibilities pursuant to their lease agreement and the accompanying amendments." (*See* Motion at 4.) In response, Isle Capital argues that the issues in the two actions differ in that, in the Kansas action, Koch Carbon seeks a declaration that it fulfilled its obligations under the Lease, whereas, in the California action, Isle Capital asserts that Koch Carbon breached the Lease, the amendments thereto, and the Sublease. Further, Isle Capital argues, the actions differ because Koch Carbon

seeks only declaratory relief in the Kansas action, whereas Isle Capital seeks millions of dollars in damages in the California action. These arguments are not persuasive.

First, although the complaint in the Kansas action seeks a declaration only as to the parties' respective rights under the Lease and Amendment No. 3 thereto, the Sublease is a part of the Lease. The Lease specifically sets forth Isle Capital's intent to enter into a "State Lands Lease" with the state of California and to sublease a portion of the property described in that lease to Koch Carbon. (*See* Compl. Ex. A at 1.) Indeed, the State Lands Lease and the Sublease are expressly incorporated by reference into the Lease "upon [their] execution." ( *See id.* at 5 ¶¶ Z and AA.) Thus, the Kansas and California actions both address the parties' obligations under the same documents. Second, the form of relief sought does not determine the " similitude" of the issues. *Alibaba.com, Inc. v. Lifecubes, Inc.,* 2004 U.S. Dist. LEXIS 3492 at \*6; *cf. Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir.1989) (holding "exact parallelism" between two actions at issue not required for stay under *Colorado River* doctrine).

Accordingly, the Court finds the issues in the Kansas and California actions are sufficiently similar to satisfy the first-to-file rule.

### D. Exceptions to the First-to-File Rule

Isle Capital argues that, even if the prerequisites of the first-to-file rule are met, there are exceptions to the rule that apply to the instant action.

Where the threshold factors of the first-to-file rule are met, a district court nonetheless has the discretion to dispense with the rule for reasons of equity. *See Alltrade,* 946 F.2d at 625-26. "The circumstances under which an exception to the first-to-file rule will typically be made include bad faith, anticipatory suit, and forum shopping." *Id.* at 628 (internal citations omitted).

**\*4** Isle Capital argues that the Kansas action is an anticipatory suit because "Koch Carbon knew that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2006 WL 823186 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Isle Capital would re-file [the 2001 action] if and when Isle Capital became aware that [Koch Carbon] had no intention of performing." (*See* Opp. at 6.) Isle Capital cites *Mission Insurance Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602 n. 3 (5th Cir.1983), for the proposition that "[a]nticipatory suits are disfavored because they are aspects of forum shopping." In *Mission Insurance,* however, there was specific evidence that the plaintiff in the first action was well aware that the opposing party intended to file suit imminently in another forum. *See id.* at 602. Under such circumstances, the court found such party had filed an anticipatory suit in order to obtain its forum of choice. *See id.* In the instant case, there is no evidence that Koch Carbon filed the Kansas action because it knew that Isle Capital had imminent plans to file suit in California. Indeed, although Koch Carbon filed the Kansas action on January 12, 2005, Isle Capital did not file the California action until January 5, 2006, nearly a year later. (*See* Def's Req. for Judicial Notice, Ex. 1; *see also* Compl. at 1.) In short, there is no evidence that the Kansas action was an anticipatory suit, or that Koch Capital engaged in forum shopping.

Isle Capital further argues that the Kansas action was filed in bad faith because Koch Carbon negotiated a settlement of the 2001 action with "no intent to perform" and Koch Carbon "certainly knew that the Kansas court has no jurisdiction." (*See* Opp. at 7.) Isle Capital has submitted no evidence that Koch Carbon never intended to perform under the settlement to the 2001 action. Likewise, even assuming *arguendo* the Kansas district court lacks jurisdiction over Isle Capital, there is no evidence that Koch Carbon was aware of any such deficiency. In sum, Isle Capital has failed to demonstrate that Koch Carbon filed the Kansas action in bad faith.

Accordingly, Isle Capital has failed to show an exception to the "first to file" rule applies in the instant case.

### E. Proper Forum to Resolve Dispute

Isle Capital argues that the California action should

be allowed to proceed because California is the best forum to resolve this dispute. Arguments concerning the convenience of witnesses and the parties are properly addressed, in the first instance, to the court in the first-filed action. *See Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 96 (9th Cir.1982). "Apprehension that the first court would fail to appropriately consider the convenience of the parties and the witnesses should not be a matter for [this Court's] determination." *Id.* Isle Capital acknowledges it intends to file a motion to transfer in the Kansas action if that court denies Isle Capital's motion to dismiss. (*See* Opp. at 7.)

Accordingly, the Court declines to address Isle Capital's arguments with respect to the convenience of the witnesses and parties in this action, which, in any event, are unsupported by citations to evidence.

### F. Prejudicial Delay

*5 Isle Capital argues that staying the instant action pending resolution of its motion to dismiss in the Kansas action would cause it prejudice because the delay "may very well cause the memories of witnesses to fade and plaintiff's ongoing damages to increase." (*See* Opp. at 8.)

This argument is unavailing for two reasons. First, any increase in damages will be recoverable if plaintiff ultimately prevails. Second, the Kansas action was filed more than a year ago, on January 12, 2005. Isle Capital received numerous extensions of time to respond to the complaint, (*see* Armstrong Decl. ¶ 5; *see also* Bowles Decl. ¶ 5), and finally, in January 2006, filed a motion to dismiss the action for lack of personal jurisdiction. That same month, the complaint in the instant action was filed in state court. (*See* Bowles Decl. ¶ 5.) Any risk that witnesses' memories may fade is attributable in large part to Isle Capital's own actions in delaying both the Kansas litigation and the filing of the instant action.

### CONCLUSION

For the reasons set forth above, the Court finds

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 5

Not Reported in F.Supp.2d, 2006 WL 823186 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

application of the first-to-file rule will best serve the
interests of efficiency, judicial economy and the
avoidance of conflicting judgments. Accordingly,
the Court hereby GRANTS defendant's motion and
STAYS plaintiff's claims against Koch Carbon in
the instant action pending resolution of Isle
Capital's motion to dismiss in the Kansas action.
The parties shall notify the Court within seven days
of the Kansas Court's ruling thereon.

**IT IS SO ORDERED.**

N.D.Cal.,2006.
Isle Capital Corp. v. Koch Carbon, Inc.
Not Reported in F.Supp.2d, 2006 WL 823186
(N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.