# TAB 6



Not Reported in F.Supp.2d                                                                                          Page 1

Not Reported in F.Supp.2d, 2005 WL 2439197 (S.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Jolly v. Purdue Pharma L.P.
S.D.Cal.,2005.
Only the Westlaw citation is currently available.
United States District Court,S.D. California.
Mariah JOLLY, individually and on behalf of all others similarly situated, Plaintiff,
v.
PURDUE PHARMA L.P., the Purdue Frederick Company, Purdue Pharma, Inc., Defendants.
No. 05-CV-1452H.

Sept. 28, 2005.

Harold M. Hewell, Hewell Law Firm, San Diego, CA, for Plaintiff.
Richard A. Jones, Covington and Burling, San Francisco, CA, for Defendants.
John H. Fuson, Covington and Burling, Washington, DC.

Order (1) GRANTING Defendants' Motion to Transfer Proceedings to the Southern District of New York and (2) Closing Case
HUFF, J.
*1 On July 21, 2005, Plaintiff Mariah Jolly filed a complaint for a class action lawsuit against Purdue Pharma L.P., The Purdue Frederick Company, and Purdue Pharma, Inc. (collectively "Purdue") seeking injunctive relief and restitution for violations of California's Business and Professions Code and its Consumer Legal Remedies Act, the Lanham Act, negligent and intentional misrepresentation, and breach of express and implied warranties. (Doc. No. 1.) On August 26, 2005, Defendants filed a motion to transfer proceedings to the Southern District of New York. (Doc. No. 6.) Plaintiff did not file an opposition to Defendants' request and the Court confirmed that Plaintiff does not oppose the motion to transfer. Pursuant to Local Rule 7.1(d)(1), the Court submits Defendants' motion on the papers without oral argument. For the reasons that follow, the Court GRANTS Defendants' motion to transfer.

*Background*

This case arises out of a ruling by the Honorable Sidney Stein in an earlier patent case brought by Purdue against Endo Pharmaceuticals ("Endo") in the Southern District of New York. In that case, following an eleven-day bench trial, Judge Stein concluded that while Endo's products infringed various Purdue patents covering OxyContin tablets, Purdue's patents were unenforceable due to inequitable conduct before the United State Patent and Trademark Office. *Purdue Pharma, L.P. v. Endo Pharm. Inc.,* 70 U.S.P.Q.2d 1185 (S.D.N.Y.2003). This ruling was affirmed on appeal by the United States Court of Appeals for the Federal Circuit. *Purdue Pharma L.P. v. Endo Pharmaceuticals Inc.,* 410 F.3d 690 (Fed.Cir.2005).

In this case, on behalf of herself and the purported class, Plaintiff alleges that Purdue committed acts of unfair competition, untrue and misleading advertising, intentional and negligent misrepresentation, breach of express and implied warranties, and violations of the Lanham Act by unlawfully representing that OxyContin was a patented prescription drug and pricing OxyContin accordingly. Plaintiff is not alone in her allegations against Purdue. According to Defendants, since Judge Stein's decision in the patent case, forty-three lawsuits like Plaintiff's have been filed in federal court against Purdue; Defendants represent that all of these suits have been either initiated or transferred to the Southern District of New York and assigned to Judge Stein. Of the twenty-four cases filed against Purdue in state court, Defendants have successfully removed and transferred all but one case to the Southern District of New York. All together, Defendants claim that there are sixty-six related lawsuits now pending against Purdue in the Southern District of New York before Judge Stein.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 2

Not Reported in F.Supp.2d, 2005 WL 2439197 (S.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Defendants seek to have this case similarly transferred. The Court confirmed with Plaintiff's counsel that Defendants' motion for transfer is unopposed.

*Discussion*

Title 28 of the United States Code, section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In considering a motion to transfer brought under section 1404(a), the Court should weigh multiple factors to determine whether transfer would facilitate the interests of justice and fairness. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir.2000). The statute requires the Court to consider (1) the convenience of witnesses; (2) the convenience of parties; and (3) the interests of justice. *Id.* at 499 n. 22. *See also A.J. Industries, Inc. v. United States Dist. Court for Cent. Dist.,* 503 F.2d 384, 386-87 (9th Cir.1974). After reviewing Purdue's submissions and the record in this case, and given that Plaintiff does not oppose the transfer, the Court orders that the case be transferred to the Southern District of New York.

1. Convenience of the Parties and the Witnesses

*2 The Court first looks at whether a transfer would serve the "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). Although Plaintiff's purchase of OxyContin allegedly took place within this district, Plaintiff's claims more broadly implicate Defendants' representations to "the public" (*see, e.g.,* Compl. at ¶¶ 23, 26, 30) and to "other consumers" (*see, e.g., id.* at ¶¶ 38, 39, 42, 48) about OxyContin over a period of several years. Plaintiff does not allege that Defendants' conduct transpired primarily in the Southern District of California. Instead, it is more likely, as Defendant contends, that these activities occurred in New York, where Purdue is headquartered. For this reason, Defendants argue that the majority of witnesses and evidence relevant to Plaintiff's claims would be located in the New York area. Plaintiff has not opposed Defendants' contention that the conduct forming the basis of its complaint likely occurred in New York. In addition, given the probable overlap between the witnesses called in Plaintiff's case and the witnesses called in the sixty-six other cases currently pending against Purdue in the Southern District of New York, the convenience of the witnesses and of the parties would be better served if all cases were within one district, as opposed to scattered throughout the United States.

Plaintiff, a California resident, is the only party that could arguably be inconvenienced by a transfer in this case. But without the benefit of an opposition by Plaintiff, however, the Court is unaware of the extent of this inconvenience. Given that Plaintiff has alleged a class action, it is unlikely that Plaintiff herself would be significantly inconvenienced by transfer. As Defendants point out and Plaintiff does not oppose, the particular facts surrounding Plaintiff's purchase of OxyContin are not central to this litigation. Instead, this case focuses on Purdue's conduct-its representations about its patent protection and its pricing for its products. Plaintiff does not allege that these events primarily occurred in California. Accordingly, any inconvenience to Plaintiff posed by the transfer of this case is outweighed by the judicial efficiency and convenience to Purdue and the majority of the witnesses that may be gained through transfer. Moreover, Plaintiff does not oppose the transfer.

2. Interests of Justice

Finally, the Court concludes that the "interests of justice" strongly favor a transfer to the Southern District of New York. 28 U.S.C. § 1404(a). The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor. *See A.J. Indus.,* 503 F.2d at 389; *see also Continental Grain Co. v. The Barge FBL-585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960) ("[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.") "

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 3

Not Reported in F.Supp.2d, 2005 WL 2439197 (S.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoid duplicitous (sic) litigation and inconsistent results." *Durham Prods, Inc. v. Sterling Film Portfolio, Ltd., Series A,* 537 F.Supp. 1241, 1243 (S.D.N.Y.1982) (citation omitted).

*3 These concerns are particularly compelling in this case, where the original suit, as well as sixty-six related suits, are all pending before one judge in the Southern District of New York. In these unique circumstances, the presiding judge has developed a level of expertise and experience with this particular factual background and legal issues in this case. Judge Stein presided over the patent litigation that forms the basis of this present action. Antitrust counterclaims from the previous patent litigation also remain pending before Judge Stein. According to Defendants, these antitrust counterclaims pose similar questions to those present in Plaintiff's case. Judge Stein also currently presides over sixty-six related actions against Purdue that have been transferred to the Southern District of New York from state and federal courts from across the country. These cases concern the same fundamental issues raised by Plaintiff about Defendants' conduct before the Patent Office and pricing and marketing of OxyContin. As all of these other courts have recognized, transfer of these cases to the Southern District of New York will avoid duplicative proceedings and inconsistent results, and will prevent unnecessary waste of resources and expense on the part of both the parties and the judiciary.

Plaintiff does not oppose the strong case Defendants have made in support of the transfer. On balance, given the discretionary nature of section 1404(a), the Court concludes that transfer of the case to the Southern District of New York serves both the interests of justice and the convenience of the parties and witnesses.

*Conclusion*

For the reasons stated, the Court GRANTS Defendants' motion for transfer. The Court ORDERS that this case, number 05-CV-1452-H, be transferred to the Southern District of New York. Following transfer of the case, the Court ORDERS case number 05-CV-1452-H to be closed in this district.

IT IS SO ORDERED.

S.D.Cal.,2005.
Jolly v. Purdue Pharma L.P.
Not Reported in F.Supp.2d, 2005 WL 2439197 (S.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.