UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID SOWARD, et al.,<br><br>    Petitioners,<br><br>vs.<br><br>THE & TRUST, et al.,<br><br>    Respondents. | CASE NO. C–07–3894 MMC<br><br>**[PROPOSED] ORDER DENYING MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION** |

    This matter comes before the Court on Petitioners' Motion to Remand for Lack of Subject Matter Jurisdiction. Having considered the briefs, declarations, and other papers filed by the parties, the argument of counsel, and good cause appearing, the Court hereby DENIES Petitioners' motion.

    This case arises out of arbitration proceedings between the parties. Petitioners David C. Soward and & Management Company brought the present action in San Francisco Superior Court where they petitioned to confirm a series of awards issued during the arbitration. Respondents then removed the action to this Court based on the parties' diversity of citizenship. Petitioners moved to remand, asserting that this Court lacks subject matter jurisdiction, and therefore removal jurisdiction, because the parties are not completely diverse.

Petitioners contend that Soward remains a partner in one of the respondents, Cartesian Partners, L.P. ("Cartesian"), and that Cartesian therefore shares his California citizenship. The Court disagrees and finds that there is complete diversity among the parties.

In the arbitration at issue, Soward sought dissolution of Cartesian and an accounting of his interest in the partnership. As part of its award, the arbitral panel decreed that Soward would withdraw as a partner in Cartesian upon payment of his partnership interest. On December 14, 2006, Cartesian paid Soward the amount the panel determined to be the value of his interest, and Soward accepted this payment. Under the express terms of the arbitral award, Soward ceased to be a partner in Cartesian when he accepted payment for his partnership interest. Neither Petitioners nor Respondents challenge the validity of this portion of the arbitral award. That portion of the award is therefore binding on the parties.

The Court rejects Petitioners' contention that the award does not bind the parties until it has been judicially confirmed. It is well-settled that where parties agree to submit issues to binding arbitration, the arbitrator's award is binding whether or not it has been confirmed. *See Centurion Air Cargo, Inc. v. United Parcel Service Co.*, 420 F.3d 1146 1150 (11th Cir. 2005); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). Moreover, because Soward voluntarily accepted payment for his partnership interest, he is barred from disputing that he withdrew from Cartesian as decreed in the arbitral award.

Soward points out that, under Delaware law, he could not withdraw from Cartesian voluntarily absent an authorizing provision in Cartesian's partnership agreement. Because Soward is barred from challenging the arbitral award, this point is irrelevant. In any event, Delaware law expressly provides that, by purchasing a partner's interest, a limited partnership extinguishes the partner's interest in the partnership. *See* 6 Del. Code §17-702(d). Thus, by accepting payment from Cartesian for his partnership interest, Soward relinquished that interest, and it was canceled.

Because Soward is not a partner in Cartesian, Cartesian does not share his California citizenship. Accordingly, there is complete diversity among the parties, and the motion to remand must be denied.

For the foregoing reasons, IT IS HEREBY ORDERED:

1  Petitioners' motion to remand for lack of subject matter jurisdiction is DENIED.

Dated:_____   By:_____
                                      Honorable Maxine M. Chesney