|   |   |
|---|---|
| DAVID SOWARD, et al.,<br><br>       Petitioners,<br><br>    vs.<br><br>THE & TRUST, et al.,<br><br>       Respondents. | CASE NO. C–07–3894 MMC<br><br>**[PROPOSED] ORDER GRANTING MOTION TO STAY OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

    This matter comes before the Court on Respondents' Motion to Stay or, in the Alternative, to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).  Having considered the briefs, declarations, and other papers filed by the parties, the argument of counsel, and good cause appearing, the Court hereby GRANTS Respondents' motion to stay.

    This case arises out of arbitration proceedings between the parties.  Petitioners David C. Soward and & Management Company ("Soward") seek to confirm a series of awards issued during that arbitration.  In a parallel action pending in the Western District of Washington, Respondents have petitioned to vacate in part and confirm in part the awards.  The action in the Western District of Washington was filed in April 2007, several months before this one.

    The Court finds that the Western District of Washington already is familiar with both the parties and their dispute.  In particular, the Western District has reviewed much of the record relating to the dispute and the arbitral proceedings.

In light of these circumstances, the Court finds that this case should be stayed to permit the Western District of Washington to determine the proper venue for hearing the parties' petitions concerning the arbitration. "[W]hen cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interests of efficiency and judicial economy." *Cedars-Sinai Medical Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). Here, the issues and parties are the same. The petition to confirm before this Court is a near mirror image of the petition to vacate in part before the Western District of Washington. Moreover, because the Western District of Washington already is familiar with the parties and their dispute, it is better situated to determine the proper venue. Accordingly, the question of proper venue should be addressed to that court in the first instance. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F. 2d 622, 628 (9th Cir. 1991); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

Respondents' motion to stay this action is GRANTED. This action is hereby stayed pending a determination of venue by the Western District of Washington.

Dated:_____     By:_____
                                        Honorable Maxine M. Chesney