1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID SOWARD, et al., | CASE NO. C–07–3894 MMC |
| Petitioners, | **[PROPOSED] ORDER GRANTING MOTION TO STAY OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |
| vs. | |
| THE & TRUST, et al., | |
| Respondents. | |

This matter comes before the Court on Respondents' Motion to Stay or, in the Alternative, to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). Having considered the briefs, declarations, and other papers filed by the parties, the argument of counsel, and good cause appearing, the Court hereby GRANTS Respondents' motion to transfer this case to the Western District of Washington.

This case arises out of arbitration proceedings between the parties. Petitioners David C. Soward and & Management Company ("Soward") seek to confirm a series of awards issued during that arbitration. In a parallel action pending in the Western District of Washington, Respondents have petitioned to vacate and confirm in part the awards. The action in the Western District of Washington was filed in April 2007, several months before this one.

The Court finds that the Western District of Washington already is familiar with both the parties and their dispute. In particular, the Western District has reviewed much of the record relating to the dispute and the arbitral proceedings.

In light of the Western District of Washington's familiarity with the parties and their dispute, the Court finds that it is in the interests of justice to transfer the case to that district. The Western District of Washington is a jurisdiction in which the Petitioners in this case might have brought their claims. There is personal jurisdiction in the Western District of Washington because most of the defendants are either domiciled there or have close connections to it. In addition, venue is proper in that district because a substantial part of the events underlying the Petitioners' breach of fiduciary duty and conversion claims—which are the only claims at issue between the parties—occurred in the Western District of Washington because that is where Respondent Bosack lives and works. *See* 28 U.S.C. § 1391(a). *See generally Cortez Byrd Chips, Inc. v. Bill Harbert Constr.* Co., 529 U.S. 193 (2000).

The interests of justice strongly favor a transfer to the Western District of Washington. It would be wasteful and inefficient for two federal courts to consider simultaneously the same dispute. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (quoting *Continental Grain v. The Barge FBL–585*, 364 U.S. 19, 26 (1960)). Moreover, the interests of justice favor consolidation in the forum that is most familiar with the dispute in question. *See, e.g.*, *Regents of the University of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (finding that the interests of justice "may favor transfer to a court that has become familiar with the issues"); *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F.Supp.2d 357, 363 (W.D.N.C. 2003). Because the Western District of Washington already is familiar with the parties and has reviewed hundreds of pages of documents concerning their dispute, it is much better situated to hear the parties' petitions. In addition, because Soward's petition to confirm will not require any discovery or evidentiary hearings, and the inconvenience of flying to Seattle, which that is readily accessible by air travel from the Bay area, is minimal, the convenience of parties and witnesses has little weight here. It is therefore in the interests of justice to transfer this case to that district for consolidation with the case pending there.

1  IT IS HEREBY ORDERED THAT:

2  Respondents' motion to transfer venue to the Western District of Washington pursuant to
3  28 U.S.C. § 1404(a) is GRANTED.  In the interests of justice and judicial economy this action is
4  hereby transferred to the Western District of Washington.

7  Dated:_____    By:_____
                                        Honorable Maxine M. Chesney