1    FOLGER LEVIN & KAHN LLP
     Michael A. Kahn (SB# 057432) (mkahn@flk.com)
2    J. Daniel Sharp (SB# 131042) (dsharp@flk.com)
     Embarcadero Center West
3    275 Battery Street, 23rd Floor
     San Francisco, CA  94111
4    Telephone: (415) 986-2800

5    Attorneys for Petitioners David C. Soward
     and & Management Company
6

7

8

9                       UNITED STATES DISTRICT COURT

10               FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12   DAVID C. SOWARD and &                    Case No.  3:07-cv-03894-MMC
     MANAGEMENT COMPANY,
13                                            **REPLY IN SUPPORT OF MOTION TO**
                                              **REMAND FOR LACK OF SUBJECT**
14                Petitioners,                **MATTER JURISDICTION**

15          v.                                Date:  September 21, 2007
                                              Time:  9:00 a.m.
16   LEONARD BOSACK, SANDY LERNER,            Place:  Courtroom 7, 19th floor
     CARTESIAN PARTNERS, L.P, *et al.,*       Hon. Maxine M. Chesney
17
                  Respondents.
18

19

20

21

22

23

24

25

26

     Reply in Support of Motion to Remand
     Case No.  3:07-cv-03894 MMC

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................... 1

II.   RESPONSE TO STATEMENT OF FACTS ..................................................... 2

   A.    Respondents' Factual Summary Improperly Seeks to Re-Litigate the
         Arbitrators' Factual Findings in Favor of Soward ................................... 2

   B.    Respondents' Opposition Ignores the Arbitrators' Award for Breach of
         Fiduciary Duty and Conversion of Soward's Partnership Interest in
         Cartesian ................................................................................................... 3

   C.    Respondents Have Refused to Pay the Amounts Awarded to Soward for his
         Claims as a Partner in Cartesian .............................................................. 5

III.  ARGUMENT ..................................................................................................... 6

   A.    Respondents Cannot Rely on the Claim that the Arbitration Award Is
         "Final and Binding" When They Have Withheld Performance and Have
         Asked a Court to Vacate the Award .......................................................... 6

   B.    Soward's Rights as a Partner in Cartesian Remain at Issue ..................... 7

   C.    An Unconfirmed Arbitration Award Is Not a Court Order, and Soward Did
         Not Sell His Partnership Interest to Respondents .................................... 9

   D.    Removal Jurisdiction Is To Be Strictly Construed Against a Finding of
         Federal Subject Matter Jurisdiction ....................................................... 10

IV.   CONCLUSION ............................................................................................... 10

## I.    INTRODUCTION

Respondents' Opposition is not candid with the Court.  The Opposition is written as if the only portion of the arbitration award based on Soward's status as a partner in Cartesian Partners LP ("Cartesian") was the determination of the fair value of his capital account, which was made in Interim Award #3 and paid by Respondents in December 2006.  This is flat-out wrong.  The arbitrators found that Soward remained a partner in Cartesian despite Respondents' wrongful denial of his status as a partner.  Based on this finding, the arbitrators awarded all of the following relief:

| Claim | Award to Soward | Challenge by Respondents |
|---|---|---|
| Dissolution and accounting | $1,464,391 plus attorneys fees of $3,004,741.37[1] | YES – Respondents refuse to pay Soward's attorneys' fees |
| Breach of Fiduciary Duty | $1,001,101 plus punitive damages of $10,999,494 plus attorneys fees of $355,835.43 | YES – Respondents refuse to pay anything |
| Conversion | $1,001,101 plus punitive damages of $19,554,656 plus attorneys fees of $355,835.43 | YES – Respondents refuse to pay anything |

Each of these awards was based on Soward's status as a partner in Cartesian.  With only one exception, Respondents have failed and refuse to perform the arbitrators' award.

Respondents have the burden of proving diversity jurisdiction.  Respondents cite no controlling law or other authority on the question raised by this motion:  May a party who is opposing a petition to confirm an arbitration award properly remove the action to federal court, where (i) the only basis for federal jurisdiction consists of the fact that the unconfirmed arbitration award purports to effect a change in the citizenship of one of the parties (by "deeming" the petitioner to have withdrawn from a partnership), and (ii) the removing party seeks to vacate the relief that the arbitrators awarded based on petitioner's status as a partner?

---

[1] These fees are for all proceedings through Interim Award #3, and thus include fees for matters other than Cartesian Partners.  *See* Final Award page 6.

Reply in Support of Motion to Remand
Case No.  3:07-cv-03894 MMC

1    Applicable Delaware law governing the rights of partners, settled principles on the effect

2    of arbitration awards, and the jurisprudence of removal jurisdiction compel the conclusion that

3    this case should be remanded to state court. Respondents are seeking to prolong a dispute over

4    their wrongful effort to seize Soward's interest in Cartesian Partners. There is simply no basis for

5    the Court to conclude that Respondents have already successfully stripped Soward of all his rights

6    as a partner in Cartesian so as to force Soward to litigate in federal court.

7                          II.       RESPONSE TO STATEMENT OF FACTS

8        A.      Respondents' Factual Summary Improperly Seeks to Re-Litigate the
                 Arbitrators' Factual Findings in Favor of Soward
9

10       Instead of citing the arbitration awards, Respondents ask the Court to believe the self-

11   serving Declaration of Leonard Bosack, which contains factual allegations that were directly

12   rejected by the arbitrators. (Opp. at 3:7-14). The arbitrators did *not* find that there was an "audit"

13   by the accounting firm Clark Nuber that "uncovered startling evidence of misconduct" (Opp. at

14   3:10) The arbitrators found that "In fact, <u>Clark Nuber, the Trust's accountants, were doing agreed

15   upon procedures for the purpose of determining whether or not Soward's request was proper in

16   amount. Clark Nuber determined that it was</u>." Interim Award #1 at 20-21 (emphasis added).[2]

17   The arbitrators rejected <u>every</u> claim of intentional misconduct, fraud, and self-dealing that

18   Respondents made against Soward. The four items of offset awarded against Soward were based

19   on findings of negligence in acting within the scope of his employment, nothing else. It is

20   gratuitous and improper for Respondents to cite the Bosack Declaration and attempt to re-litigate

21   the arbitrators' decision that it was Respondents, not Soward, who acted with "intentional malice,

22   trickery, or deceit" and "with the intention of hurting Soward." Interim Award #5 at 4, 6.

23

24        [2] The accounting data in support of Soward was so decisive that "At the hearing the
     Respondents attempted to impeach the Clark Nuber report by having Fleming, a Clark Nuber
25   accountant, testify that the Clark Nuber report could not be relied upon." Interim Award #1 at 21,
     fn. 12.
26

Reply in Support of Motion to Remand        - 2 -
Case No. 3:07-cv-03894 MMC

1      **B.      Respondents' Opposition Ignores the Arbitrators' Award for Breach of Fiduciary Duty and Conversion of Soward's Partnership Interest in**
2              **Cartesian**

3          Respondents' Statement of facts is written as if Soward's only claim based on his rights as

4      a partner in Cartesian was a single claim for dissolution and accounting.  (Opp. at 3:15-4:27).

5      This is quite a distortion of what actually happened.

6          Soward was required to bring a claim in arbitration because Respondents Bosack and

7      Lerner had contended "that Soward had no lawful interest in Cartesian."  Interim Award #4 at 7.

8      Soward sought three forms of relief:  (1) dissolution and accounting, (2) damages for breach of

9      fiduciary duty, and (3) damages for conversion.  *See* Interim Award #4 at 5-8.  In the sequence of

10     the arbitration (which lasted over three years), the arbitrators decided the claim for dissolution

11     and accounting before the other two claims regarding Cartesian.  *See* Interim Award #4 at 6-8.  In

12     ruling on the first claim, the arbitrators provided for immediate payment to Soward, not to cut off

13     his rights as a partner in Cartesian (which were subject to further adjudication in Interim Awards

14     #4 and #5), but simply to get Soward paid "for the support of himself and his family."  *See*

15     Interim Award #4 at 18.  Thus, in the interim award granting the accounting remedy, the

16     arbitrators stated, "There is no good reason for further delaying payment to Soward of the value

17     in his interest in Cartesian, Soward already having been deprived of the use of any funds from

18     Cartesian for more than three years."  Interim Award #3 at 10.

19         When the arbitration concluded, the arbitrators incorporated all interim awards into one

20     Final Award "in their totality."  Final Award at 3.  It is this single Final Award that Soward

21     petitioned to confirm in San Francisco Superior Court.  Sharp Dec. Exh. A.

22         Now, ironically, Respondents are relying on the interim arbitration award on the

23     accounting – which first rejected Respondents' claim that Soward had no lawful interest in

24     Cartesian -- to contend that Soward lacks any rights as a partner in Cartesian for purposes of

25     vacating the award of damages for conversion and breach of fiduciary duty.  They are acting like

26     they prevailed in claiming that Soward has no lawful interest in Cartesian.  Clearly, they did not

Reply in Support of Motion to Remand        - 3 -
Case No.  3:07-cv-03894 MMC

1  prevail.  Respondents' Opposition does not even mention the findings and award made by the

2  arbitrators for breach of fiduciary duty and conversion of Soward's partnership interest in

3  Cartesian.  Interim Awards #4 and #5.  There, the arbitrators found:

4
        When Bosack decided to terminate Soward and & Management as
5       General Partners of Cartesian (collectively "Soward"), he had no
        signed agreement which permitted him to do so.  He was left with
6       Delaware Limited Partnership Law, which required a court order, or
        the Wood agreement, which provided that . . . [Soward's] interest
7       would be converted into a limited partner interest.

   Interim Award #4 at 8
8
        Bosack and Lerner intentionally kept the assets from Soward.
9       Under Delaware law, conversion is the wrongful exercise of
        dominion and control over the property of another, in denial of his
10      or her right, or inconsistent with it.

11 Interim Award #4 at 21-22

12
        Bosack then went so far as to file a false tax return with the IRS as
        to the amount of Soward's interest—reducing the amount from
13      $1,001,101 to $135,889 at the maximum.

14 Interim Award #4 at 21

15
        Bosack contends that Soward was not damaged by the failure to
16      make an accounting because Soward was ultimately paid in the end,
        after the Panel made its award on the accounting on December 12,
17      2006.  We find this contention to be without merit.  Soward was
        damaged from the time he was entitled to receive his distribution of
        his interest in Cartesian.
18
   Interim Award #4 at 18
19
        The attempt to strip Soward of his interest in Cartesian was not a
20      casual enterprise, but rather a planned, malicious, purposeful
        attempt to take Soward's interest in Cartesian away from him and
21      convert it to Bosack's use.

22 Interim Award #5 at 6.

23 The findings and awards made by the arbitrators in Interim Awards #4 and #5 are all based on

24 Soward's rights as a partner in Cartesian.

25

26

Reply in Support of Motion to Remand       - 4 -
Case No.  3:07-cv-03894 MMC

**C.      Respondents Have Refused to Pay the Amounts Awarded to Soward for his Claims as a Partner in Cartesian**

One of Respondents' arguments is that Soward has been "compensated for any claims 'as a partner in Cartesian.'" (Opp. at 11:26-27).  However, Respondents provide no evidence to substantiate this claim, and it is not true.

Obviously, Respondents have not compensated Soward for the amounts the arbitrators awarded for conversion of his partnership interest in Cartesian, and breach of the fiduciary duty owed to Soward as a partner in Cartesian. *See* Interim Awards #4 and #5; Sharp Supp. Dec. ¶ 2 Respondents do not even mention these claims in their Opposition.

In addition, Respondents have not even compensated Soward for all the amounts awarded on the claim for dissolution and accounting, which was the subject of Interim Award #3.  The arbitrators awarded Soward his attorneys' fees and costs under AAA Commercial Rule R-43.  Final Award, p.5.  The arbitrators specifically apportioned their award of attorneys fees and costs between (1) those incurred through Interim Award #3 (*i.e.,* which do not involve punitive damages, and which Respondents are not challenging) and (2) those incurred after Interim Award #3, which Respondents are challenging.  Final Award pp. 5-6.  The arbitrators awarded Soward a total of $3,004,741.37 in fees and costs through Interim Award #3.  *Id.*  Respondent have failed and refused to pay any portion of the attorneys' fees that the arbitrators awarded to Soward for his claims as a partner in Cartesian, contending that Soward "could not be deemed the prevailing party on those awards if the punitive damages award are vacated."  Sharp Supp. Dec. ¶¶ 2-5, Exh. 2.  This evidence negates Respondents' claim that they have fully performed their obligations under the arbitration award with respect to Soward's interest in Cartesian, even if only the accounting claim is considered.

1

2

3

### III.     ARGUMENT

**A.     Respondents Cannot Rely on the Claim that the Arbitration Award Is "Final and Binding" When They Have Withheld Performance and Have Asked a Court to Vacate the Award**

4     In an argument only a lawyer could make, Respondents contend that they are entitled to a

5     federal forum to <u>challenge</u> an arbitration award *because* the award is "final" and "binding and

6     valid upon issuance." (Opp. at 6:7-8). If the arbitration award were really final and binding,

7     Respondents could not challenge it here. This Court could enter its judgment on the award forth-

8     with. Respondents obviously do not want that result. They want to pick-and-choose among the

9     arbitrators' findings and take tactical advantage of one finding while refusing to abide by others.

10     The cases cited by Respondents stand for the general proposition that the Federal

11     Arbitration Act ("FAA") prescribes the exclusive methods for a party to challenge an arbitration

12     award, and that an arbitration award is "binding on the parties <u>unless they challenge the validity</u>

13     <u>of the underlying contract . . . or seek to vacate, modify, or correct the award</u>" under the FAA.

14     *Decker v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 205 F.3d 906, 909 (6th Cir. 2000)

15     (emphasis added; cited in Respondents' Opp. at p. 6, fn. 5). Unless a proper challenge is made

16     under the FAA, the arbitration award is treated as binding. *Id.* ("In this case, Decker does not

17     challenge the validity of her contract to arbitrate with Merrill Lynch. Nor does she seek to vacate,

18     modify, or correct the arbitration award.")

19     None of the cases cited by Respondents support the proposition they seek to advance, that

20     an arbitration award is "final and binding" in a proceeding to confirm or vacate the award under

21     the FAA. Here, of course, Respondents <u>are</u> challenging the arbitration award under the FAA.

22     *See* Bromberg Declaration Exh. E (copy of Respondents' Amended Petition to Confirm and

23     Vacate Arbitration Award). They obviously do not contend that the arbitration award is *really*

24     final and binding. Respondents have failed to cite any cases that support a party's ability to pick-

25     and-choose among the findings in an arbitration award, challenging some, and asserting that

26     others are "final and binding."

1

Respondents argue that Soward "is in effect challenging the panel's award" (Opp. at

2

10:16-17), but this is clearly not true.  Soward's Petition states:

3

4

> **Cartesian Partners, LP**, a limited partnership comprised of
> **Soward** and **Bosack**.  (Upon confirmation of the Final Award of
> the arbitrators, Soward will be deemed to have withdrawn from
> Cartesian Partners, LP)

5

6

Attachment 1 to Soward's Petition to Confirm Arbitration Award (Sharp Decl. Ex. A)  Soward

seeks confirmation of the <u>entire</u> award, so that all of the arbitrators' findings are enforced and

7

given effect.  It is Respondents who seek to take the benefit of one part of the award (extinction

8

of Soward's partnership rights in Cartesian, and a ticket into federal court) while disputing the

9

burdens that go along with it (full payment of amounts owed to Soward as a partner in Cartesian,

10

including attorneys' fees).  Applying their own "well-established principles of equity" (Opp. at

11

11:6), Respondents should not be heard to contend that the arbitration award is valid to the extent

12

that it extinguishes Soward's rights as a partner in Cartesian, but invalid to the extent that it grants

13

damages and attorneys' fees based on those same rights.

14

### B.    Soward's Rights as a Partner in Cartesian Remain at Issue

15

Although Respondents scarcely address the issue in their Opposition, they do not and

16

cannot deny that they are asking the Court to vacate portions of the arbitration award that are

17

based on Soward's rights as a partner in Cartesian.  If they are successful, Soward will be

18

required to return to arbitration to vindicate his rights as a partner under state law.  Respondents'

19

Opposition attempts to evade this point:

20

21

> Soward contends that . . . "[i]f the Final Award is vacated as sought
> by Respondents, he would be forced to undergo a new arbitration
> "to vindicate his rights as a partner in Cartesian Partners."  Pet'rs
> Mot. at 5-6, 9.  But Respondents are not seeking to vacate all of the
> arbitration awards—<u>they are seeking to vacate only those portions
> relating to and dependent upon the punitive damages awards</u>. . . .
> More importantly, <u>Soward already has been compensated for any
> claims "as a partner in Cartesian."</u>

22

23

24

25

Opp. at 11:18-27.  As noted above, Respondents plainly have not compensated Soward for all his

26

claims as a partner in Cartesian.  They have refused to pay any portion of the punitive damages or

Reply in Support of Motion to Remand        - 7 -
Case No.  3:07-cv-03894 MMC

1    attorneys fees that the arbitrators awarded.   Sharp Supp. Dec. ¶ 2, Exh. 2.  Moreover,

2    Respondents' attempt to distinguish between "those portions relating to and dependent on

3    punitive damages" and Soward's rights as a partner in Cartesian is unavailing.

4         The arbitrators awarded punitive damages as an incident to Respondents' breach of

5    fiduciary duty and conversion of Soward's partnership interest in Cartesian.  Interim Award #4.

6    "There is no cause of action for punitive damages. . . . Punitive damages are merely incident to a

7    cause of action, and can never constitute the basis thereof."  *Hilliard v. A. H. Robins Co.*, 148 Cal.

8    App. 3d 374, 391 (1983) (citations omitted); *All-West Design, Inc. v. Boozer*, 183 Cal. App. 3d

9    1212, 1222 (1986) ("[Punitive] damages are mere incidents to the cause of action and can never

10   constitute the basis thereof.").

11        The finding of conversion clearly establishes Soward's rights as a partner.  As the

12   arbitrators noted, under Delaware and California law, conversion is "the wrongful exercise of

13   dominion <u>over the property of another</u>."  Interim Award #4 at 22, 24 (emphasis added); *see, e.g.,*

14   *Burlesci v. Peterson,* 68 Cal. App. 4th 1062, 1066 (1998).  Thus, for the arbitrators to have found

15   conversion, they had to find that Soward had a property interest as a partner in Cartesian.  ("A

16   partnership interest is personal property."  6 Del. C. § 17-701.)  Obviously, the arbitrators did not

17   regard Soward as lacking a property interest in Cartesian when they found that his partnership

18   interest had been converted.[3]  It is settled that a federal court has no jurisdiction to review even

19   "erroneous findings of fact or misinterpretations of law" by an arbitrator.  *Kyocera Corp. v.*

20   *Prudential-Bache,* 341 F.3d 987, 997 (9th Cir. 2003) (citing *French v. Merrill Lynch, Pierce,*

21   *Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986)).  Therefore, subject matter jurisdiction

22   in this case cannot be premised on Soward's lack of a partnership interest in Cartesian.

23

24        [3] The arbitrators made their finding of conversion in Interim Award #4 dated January 25,
     2007—over a month after Respondents' claim that Soward's rights as a partner were
     extinguished. *See* Opp. at 1:13-15.  Thus, the arbitrators themselves rejected the argument that
25   Respondents are making here, that their payment of the accounting award extinguished Soward's
     partnership interest and has "preclusive effect" on future proceedings. (Opp. at 8:8)
26

**C.     An Unconfirmed Arbitration Award Is Not a Court Order, and Soward Did
Not Sell His Partnership Interest to Respondents**

As the Arbitration Panel noted, Delaware law (which governs Cartesian Partners) requires

a court order for the unilateral removal of a partner without his or her consent.  Interim Award #4

at 8; *see* 6 Del. C. § 17-402; *Greenwich Global, LLC v. Clairvoyant Capital, LLC*, 2002 WL

31168715 (Conn. Super. 2002).  An unconfirmed arbitration award is not a court order.

Arbitration awards "'are not self-enforcing,' they must be given force and effect by being

converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in

whole or in part." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (citing *Hoeft

v. MVL Group, Inc.*, 343 F.3d 57, 63 (2d Cir. 2003)).

Respondents argue that, even though the unconfirmed arbitration award is not a court

order, it meets the requirements of Delaware law as a "purchase" of Soward's interest, and

"Soward cannot accept payment for his partnership interest and claim to remain a partner."  (Opp.

at 12-13, citing 6 Del. Code § 17-702(d)).  This argument might have some force if Respondents

had in fact made full payment to Soward of the amounts awarded based on his rights as a partner

in Cartesian; however, Respondents have paid less than 10% of such amounts and are contesting

the rest.  If the award is regarded as a contract for the purchase of Soward's interest in Cartesian,

then Respondents are in breach of the contract because they have not paid the full amounts owed.

"When performance under a contract is due any non-performance is a breach."  Restatement, 2d,

of Contracts § 235.  A party who is in breach of a contract has no right to compel performance of

the contract.  *Hudson v. D & V Mason Contractors, Inc.*, 252 A.2d 166, 170 (Del. Super. Ct.

1969).

1

2

**D.    Removal Jurisdiction Is To Be Strictly Construed Against a Finding of Federal Subject Matter Jurisdiction**

3

Because the removal statute is narrowly construed, "Federal jurisdiction must be rejected

4

if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d

5

564, 566 (9th Cir. 1992).  Respondents cite no authority that even discusses the circumstances of

6

this case, in which the removing party opposes confirmation of an arbitration award, yet relies on

7

a portion of the challenged award to claim that the petitioner's rights as a partner have been

8

extinguished.  In view of all the circumstances, including Respondents' failure to perform the

9

portions of the award based on Soward's rights as a partner in Cartesian, and their effort to vacate

10

those same portions of the award, the Court must conclude that Respondents have failed to meet

11

their burden of proving removal jurisdiction, and remand the case.  *See Gaus*, 980 F.2d at 566.

12

Respondents will suffer no prejudice by making their challenges to the award in the San

13

Francisco Superior Court.

**IV.    CONCLUSION**

14

For all the foregoing reasons, Petitioner Soward respectfully requests that the Court issue

15

an order remanding this case to the Superior Court of California, County of San Francisco.

16

17

Dated:  September 7, 2007

18

_____ /s/ _____

J. Daniel Sharp

19

Counsel for Petitioners

David C. Soward and

& Management Company

20

86083\2001\565416.1

21

22

23

24

25

26

Reply in Support of Motion to Remand        - 10 -
Case No.  3:07-cv-03894 MMC