# EXHIBIT 2

## Kimberly Harris - Soward v. The & Trust

**From:** "Dan Bromberg" <danbromberg@quinnemanuel.com>
**To:** <dsharp@flk.com>
**Date:** 8/13/2007 6:11 PM
**Subject:** Soward v. The & Trust

Dan,

As I mentioned when we spoke yesterday, my clients intend to satisfy the uncontested portions of the arbitration awards against them. In particular, & Capital Partners, The & Trust, and the Bosack/Kruger Foundation plan to pay your client the approximately $2.7 million awarded against them in Interim Award No. 1. There are, however, offsetting awards against your client in favor of & Capital Partners as well an award in favor of Cartesian Partners. Accordingly, we expect that your client will satisfy these awards at the same time as payments are made on the awards in his favor.

We recognize, of course, that your client may have difficulty in making these latter payments, which are over $2 million, before receiving payment of the amounts owed to him by & Capital Partners, The & Trust, and the Bosack/Kruger Foundation. Accordingly, we would like to arrange a process by which my clients can make the payments owed to your client first while being assured that they will receive the offsetting payments owed to them. We have been discussing this issue with our clients (which is the reason we had not yet contacted you about payment of the uncontested portions of the awards) and should have a proposal, probably involving an escrow agent, ready by the end of the week.

Your letter also requests that my clients pay approximately $3 million in attorney's fees awarded in connection with Interim Awards 1, 2 and 3. On this issue my clients disagree. The arbitrators found that your client was the prevailing party in the arbitration as a whole, which is not surprising given the size of the punitive damages award. They did not find that your client prevailed on Interim Awards 1, 2 and 3 considered isolation. Although your client was awarded more money than my clients, the awards were less than he requested, and, even more importantly, he was found to have committed several serious breaches of fiduciary duty. As a consequence, it is my clients' position that, if the punitive damages award is vacated, there would be no prevailing party, and no fee award would be appropriate. In any event, because the panel did not rule that your client prevailed on Interim Awards 1, 2 and 3, your client could not be deemed the prevailing party on those awards if the punitive damages award are vacated.

Also, we would appreciate if you would raises issues such as the payment question with us before making accusations of unethical conduct. I understand that you have been in contact with my colleagues during my absence over the last two weeks. As a consequence, you easily could have raised the question of payment at that time and avoided making the unnecessary and unfounded accusations in your letter. I trust that in the future you will take this more productive and collegial approach.

Best regards,

Dan Bromberg
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Direct: (650) 801-5008
Main Phone: (650) 801-5000
Main Fax: (650) 801-5100
E-mail: danbromberg@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the

recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.