# EXHIBIT 3

**FOLGER LEVIN & KAHN LLP**

ATTORNEYS AT LAW

Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, California 94111
Telephone 415.986.2800
Facsimile 415.986.2827

Los Angeles Office:
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone 310.556.3700
Facsimile 310.556.3770

www.flk.com

August 15, 2007

**By Facsimile (650) 801-5100 and Mail**

Daniel H. Bromberg
QUINN EMANUEL URQUHART
 OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Re:   Leonard Bosack, Sandy Lerner, et al v. David C. Soward et al.,
      U.S. District Court, W.D. Washington, Case No. 2:07-cv-00574-TSZ

Dear Mr. Bromberg:

This responds to your e-mail of yesterday, indicating that your clients will not pay the full amounts owed under Interim Awards 1, 2, and 3 and the attorneys' fees associated therewith. We regard the response as further evidence of your clients' resolve to make it as difficult and expensive as possible for David Soward to receive the funds he is owed.

Your e-mail is written as if David Soward is obligated to make payments of money to your clients. This is contrary to the plain language of the Final Award, and is not a position that we believe could be maintained in good faith. The Arbitration Panel plainly stated:

> Soward is herewith AWARDED and shall take from Respondents, in the aggregate, the net sum of [$24,593,830.66]. This amount has been calculated by netting the individual amounts awarded both to Soward and to Respondents in the individual claims set forth below.

Final Award § 3.ii, page 6-7.  The arbitrators had just made findings that Soward "was literally being crushed financially by Lerner and Bosack" in connection with their award of punitive damages. They did not require Soward to come up with $2 million in cash to pay to your clients. Whether your clients choose to make internal financial adjustments among their various entities is not our concern, and does not excuse them from paying the net amount owed to Soward as set forth in the Final Award.

Likewise, there is no basis for your clients to fail to pay the $3,004,741.37 for attorneys' fees and costs incurred through Interim Award #3 that the Panel awarded to Soward in

FOLGER LEVIN & KAHN LLP

Daniel H. Bromberg<br>
August 15, 2007<br>
Page 2

its Final Award. The Panel had jurisdiction to award these fees. Your clients' Amended Petition to Vacate and Confirm Arbitration Awards ("Petition") does not challenge the award of attorneys' fees. Indeed, your Petition prays that "Interim Award Nos. 1, 2, and 3 be confirmed in their entirety," which obviously would not exclude the attorneys' fees that the arbitrators granted in connection with those awards.

At the arbitration, Bosack and Lerner's counsel made all the arguments that you are making now and rejected them. The arbitrators specifically awarded $3,004,741.37 in fees and costs to Soward as the prevailing party on Interim Awards 1, 2, and 3.

There is no reasonable or good faith argument consistent with Federal Rule of Civil Procedure 11 that the mere filing of the Petition provides an excuse to withhold or delay payment of the full amounts owed to under Interim Awards 1, 2, and 3, including the attorneys' fees awarded. We will continue to hold your clients and their counsel responsible for the consequences of the continued withholding of the amounts due, owing, and unpaid.

Very truly yours,

J. Daniel Sharp

JDS:gm
86083\2001\562543.1