FOLGER LEVIN & KAHN LLP
Michael A. Kahn (SB# 057432) (mkahn@flk.com)
J. Daniel Sharp (SB# 131042) (dsharp@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA  94111
Telephone: (415) 986-2800

Attorneys for Petitioners David C. Soward
and & Management Company

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID C. SOWARD and & MANAGEMENT COMPANY,<br><br>Petitioners,<br><br>v.<br><br>LEONARD BOSACK, SANDY LERNER, CARTESIAN PARTNERS, L.P, *et al.,*<br><br>Respondents. | Case No.  3:07-cv-03894-MMC<br><br>**OPPOSITION TO MOTION TO STAY, OR IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 14104(a)**<br><br>Date: October 5, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 7, 19th floor<br>Hon. Maxine M. Chesney |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. RESPONSE TO FACTS REGARDING THE MERITS OF ISSUES DECIDED IN ARBITRATION ..... 3

III. RESPONSE TO FACTS RELEVANT TO VENUE ..... 4

- A. Respondents Waived Venue in Washington in 2004 ..... 4
- B. Respondents' Filed a Premature Action in Washington in April 2007 Improperly Seeking Judicial Review of an Interim, Non-Final Award Over Which the Arbitrators Had Expressly Retained Jurisdiction ..... 6
- C. The Arbitrators Expressly Found that California's Governmental Interests Would Be Impaired by the Application of Washington Law ..... 7

IV. ARGUMENT ..... 8

- A. Respondents' Washington Action Is an "Anticipatory Suit" to Which the First-to-File Rule Does Not Apply ..... 8
- B. None of the Venue-Transfer Factors Support the Transfer of this Action from California to Washington ..... 9
- C. This Court Should Not Issue a Stay Since this Court is a Proper Forum, Federal Policy Mandates Expeditious Handling of Arbitration Proceedings, and the Washington Court Lacks Jurisdiction ..... 11

V. CONCLUSION ..... 12

**I.   INTRODUCTION**

After more than three years of arbitration in San Francisco, arbitrators J. Lani Bader and Zela Claiborne issued a Final Award on <u>July 27, 2007</u>.  Petitioner David Soward filed a petition to confirm the Final Award in San Francisco Superior Court on <u>July 27, 2007</u>.  In seeking a stay or transfer of this action in favor of a Washington forum, Respondents argue that they are entitled to the benefit of the "first-to-file rule," claiming that the federal district court in Seattle is "already familiar" with the issues raised in this action.  However, the "first-to-file rule" does not apply in circumstances indicating "anticipatory suit, and forum shopping." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).   Respondents' attempt to initiate federal litigation in April 2007 in Seattle over non-final, interim aspects of the arbitration proceedings was an improper anticipatory suit for purposes of forum shopping.

Two consequence followed from Respondents' tactical gambit of filing suit before the arbitration had concluded:  (1) the federal court in Washington did not acquire subject matter jurisdiction under 28 U.S.C. § 1332, because there was not yet any amount in controversy, and (2) the federal judge in Seattle (Hon. Thomas Zilly) recognized the impropriety of Respondents' conduct and *sua sponte* imposed an immediate stay.  Judge Zilly recently rejected Respondents' request to lift the stay.  Thus, the Washington court has deliberately refrained from becoming familiar with the substantive issues to be raised in this action, and has deferred to this Court to make preliminary procedural rulings.  Based on these circumstances, this Court should decline to grant any relief to Respondents on this motion.  The Court should not encourage or support anticipatory suits and forum shopping.

Aside from Respondents' attempt to invoke the first-to-file rule, there is no earthly reason why this action should be in Washington rather than California.  Respondents <u>waived</u> any objection to venue in California in 2004 when they voluntarily abandoned their prior federal lawsuit in favor of arbitrating their claims in San Francisco. They cannot (and have not even tried to) argue that San Francisco is an inconvenient forum.  Washington law does not apply to any

issue in this case, and the arbitrators specifically found that California has strong governmental interests in this matter:

> [T]he panel believes that the state with the dominant interest with respect to an award of punitive damages against Bosack and Lerner is California. Soward is a resident of California. Since Soward was the General Partner of the Cartesian Partnership, he managed the assets of the partnership from California and kept most of the operative day to day records in California. Soward was terminated in California by California attorneys at the Wilson Sonsini firm. The arbitration forum that was voluntarily selected by both parties is California.
>
> By the adoption of a statutory scheme detailing the requisites for an award of punitive damages, California has evidenced an intent to protect its citizens from those who act with malice and oppression. To deny California the right to exercise its policy of deterring persons from engaging in despicable conduct against California citizens would seriously impair that policy. Thus, it is our determination that California is the state whose policy would be the most impaired if the law of the other were to be applied, and we have accordingly applied California law.

Hearing Order No. 49 at p. 3 [Sharp Dec. Exh. 1]. Respondents obviously disagree with the result reached by the arbitrators, but Respondents' reasons for wanting to avoid a California forum are not reasons that find support under 28 U.S.C. § 1404(a) or decisional law.

Finally, federal policy embodied in the Federal Arbitration Act ("FAA") requires expeditious judicial review of arbitration awards. This Court has jurisdiction, is an appropriate venue, and can and should expeditiously decide the Petition to Confirm Contractual Arbitration Award. Respondents' motion for a stay or transfer of venue should be denied.

Opposition to Motion to Stay or Transfer  - 2 -
Venue, Case No. 3:07-cv-03894 MMC

## II. RESPONSE TO FACTS REGARDING THE MERITS OF ISSUES DECIDED IN ARBITRATION

On pages 2-5 of their brief, Respondents attempt to re-litigate the merits of the underlying arbitration, arguing that Bosack and Lerner's accountants had performed an "audit" that uncovered "startling evidence of misconduct" leading to Soward's firing "in order to prevent him from spiriting away their assets." (Resp. Mem. at 3:13-23). These are scandalous and inflammatory allegations to level against a professional investment manager. They have no relevance whatsoever to Respondents' motion to stay or transfer venue. The arbitrators rejected Respondents' attempts to justify their conduct, and the arbitrators imposed nearly $20 million in punitive damages for Respondents' vicious treatment of Soward. The arbitrators rejected every claim of intentional misconduct, fraud, and self-dealing that Respondents made against Soward. The four items of offset awarded against Soward were based on findings of negligence in acting within the scope of his employment, nothing else. The fact that Respondents have seized the opportunity of the present motion to publicly repeat these false allegations merely shows the malice that they bear towards their former partner.

Lest the Court be misled, the following examples illustrate the divergence between Respondents' statement of facts and the findings in the Interim Awards and Final Award of the arbitrators, copies of which have been previously filed with the Court [Docket No. 21]:

| Statement in Respondents' Memorandum | Finding by Arbitration Panel |
|---|---|
| "Clark Nuber's audit uncovered startling evidence of misconduct" (page 3, line 13) | "In fact, Clark Nuber, the Trust's accountants, were doing agreed upon procedures for the purpose of determining whether or not Soward's request was proper in amount. Clark Nuber determined that it was" [Interim Award #1 at 20-21]<br><br>"At the hearing the Respondents attempted to impeach the Clark Nuber report by having Fleming, a Clark Nuber accountant, testify that the Clark Nuber report could not be relied upon." [*Id.* at 21, fn. 12, emphasis added] |

Opposition to Motion to Stay or Transfer   - 3 -
Venue, Case No.  3:07-cv-03894 MMC

| **Statement in Respondents' Memorandum** | **Finding by Arbitration Panel** |
|---|---|
| "the audit also revealed what appeared to be more than $5 million in excess distributions to Soward" (page 3, lines 18-19) | "Soward's actions with respect to his capital account in & Capital Partners did not in any manner breach any duty owed by him to the Limited Partners or the Partnership." [Interim Award #1, p. 35] |
| "Soward made a $1 million loan to himself from funds that he was managing with 'no formal written documentation'" (page 3, lines 13-14) | "In April 2001, Bosack approved the loan of $1,000,000 to Soward from the general funds of & Capital Partners. . . . Soward sent the documents for the loan (the note and the pledge agreement for his interest in the partnership) to Bosack in Seattle." [Interim Award #1 at 36-37] |
| "Soward suggests that the arbitrators found in his favor on all his claims . . . The Panel also rejected many of Soward's claims" | The Panel did not reject a single claim that Soward presented at the hearing. *See* Interim Award #1 at 55-58 (Soward brought 5 claims and won 5 claims) |
| "The Panel . . . did not find that Soward was terminated in bad faith" | "[T]he overarching conduct of both Lerner and Bosack throughout the period commencing with the firing of Soward through the end of testimonial hearings in this matter . . . established by clear and convincing evidence that both Bosack and Lerner acted with malice and oppression towards Soward . . ." [Interim Award #5, page 2]<br><br>"Lerner and Bosack acted with the intention of hurting Soward." [Interim Award #5, page 4] |

### III.   RESPONSE TO FACTS RELEVANT TO VENUE

**A.   Respondents Waived Venue in Washington in 2004**

On November 24, 2003, Respondents' Bosack and Lerner terminated Soward's employment, purported to remove him as the general partner for two limited partnerships, and had their attorneys (who at the time were Wilson Sonsini Goodrich & Rosati LLP) send him a draft complaint that Respondents proposed to file in San Francisco Superior Court. [Interim Award #1 at 7]

Opposition to Motion to Stay or Transfer    - 4 -
Venue, Case No.  3:07-cv-03894 MMC

On February 5, 2004, Soward filed a demand for arbitration with the American Arbitration Association ("AAA") in San Francisco. *See* Bromberg Dec. Exh. A.

Respondents then filed an action in federal court in Seattle, "raising essentially the same issues that would have been raised by filing the action in San Francisco." [Interim Award #1 at 8; *see* Bromberg Decl. Exh. G]. Soward responded to the federal complaint by filing a Motion to Stay Pending Arbitration or to Transfer Venue. *See* Bromberg Dec. Exh. H.

Respondents opposed the motion for a stay pending arbitration, contending that a large portion of their claims against Soward were "independent, separate from and not part of any commitment or obligation to arbitrate." *See* Nov. 9, 2004 Hearing Transcript at p. 5:4-5, 18-19, 24-27. (Bromberg Dec. Exh. P) The court (Hon. Thomas Zilly) granted the stay on the grounds that it was for the arbitrators, and not the court, to decide which claims were subject to arbitration and which claims should be litigated in court:

> [The parties' arbitration agreement] permitted the arbitrators to decide exactly what gets arbitrated and what remains.
>
> The Court is going to grant the defendants' motion to stay this action, direct the parties to proceed to arbitration. As soon as the arbiters decide their own jurisdiction with respect to existence, scope or validity of the arbitration agreement, the Court will then entertain whether to lift the stay, or whether to keep the stay in place until the arbitration proceedings are complete. So it will depend in part, at least, on what the arbiters decide should be arbitrated, and the timing and duration necessary to accomplish all of that in arbitration.

Bromberg Dec. Exh. P at 41-42. The court also denied Soward's motion to transfer venue, making it clear that Respondents would be entitled to a Washington venue to litigate the underlying substantive merits of those claims that the arbitrators decided were outside the scope of the arbitration agreement. *Id.* at 2:22-24.

Rather than proceed in the manner contemplated by Judge Zilly, Respondents made a tactical decision to bring all their claims against Soward in arbitration in San Francisco. Respondents filed eight counterclaims in the AAA Arbitration seeking many multiples of

Opposition to Motion to Stay or Transfer   - 5 -
Venue, Case No.  3:07-cv-03894 MMC

Soward's net worth, plus punitive damages, stating:

> This Panel need not address issues of arbitrability, however, as Respondents have elected to assert their claims in the present arbitration by filing this Amended Answering Statement and Counterclaims.

Interim Award #1 at 8; *see* Bromberg Dec. Exh. B, ¶ 30 at p. 8:23-25). Thus, Respondents waived the benefit of Judge Zilly's venue ruling, and voluntarily elected *not* to engage in litigation in Seattle, and instead to litigate in San Francisco. Eventually, Respondents voluntarily dismissed their 2004 complaint. Bromberg Dec. Exh. Q.

### B. Respondents' Filed a Premature Action in Washington in April 2007 Improperly Seeking Judicial Review of an Interim, Non-Final Award Over Which the Arbitrators Had Expressly Retained Jurisdiction

On January 25, 2007, the arbitrators issued their Interim Award #4, finding Respondents Bosack and Lerner liable for conversion and breach of fiduciary duty. The interim award determined liability, the amount of compensatory damages, and prejudgment interest, but reserved jurisdiction to determine the amount of punitive damages, attorneys' fees, and costs. The interim nature of the award was not a matter as to which reasonable minds could differ. It stated:

> 1. This is an interim award. It is not intended to be confirmable until it is incorporated into a final award.
>
> . . . .
>
> 6. This Interim Award includes a full settlement and determination of all claims submitted to the Panel by the Seventh and Eighth claims of Soward and & Management Company in this arbitration, except for (1) claims for punitive damages and (2) claims for attorney's fees and costs. . . .
>
> 7. The Panel reserves jurisdiction over this arbitration proceeding for all purposes until entry of the Final Award herein.

Interim Award #4 at 25, 27-28.

On April 19, 2007, Respondents filed a brand new action in the federal court in Seattle alleging that "[Interim] Award No. 4 is a final award that must be vacated by the Court pursuant

to 9 U.S.C. § 10(b)(a)(4) because the Panel exceeded its authority and/or because the award is completely irrational." Bromberg Dec. Exh. R ¶ 23 at p.7.[1] Respondents' Petition noted that Interim Award #4 had no immediate economic consequences for the parties because "the sole effect of [Interim] Award No. 4 was to subject Bosack and Lerner to potential liability for punitive damages," an issue which had not yet been arbitrated. *Id.* ¶ 19 at p. 6 (emphasis added).

Soward promptly moved to dismiss Respondents' action for lack of subject matter jurisdiction. Bromberg Dec. Exh. S. The very next day, Judge Zilly *sua sponte* issued an order staying the case in its entirety. *Id.* Exh. T. Since issuing the stay, the Judge Zilly has taken no action respecting the case other than to hold a status conference on June 28, 2007, and to enter an order continuing the stay. *Id.* ¶ 26, Exh. V. As Respondents' counsel are forced to acknowledge, Judge Zilly openly expressed the view that, due to the nature of Respondents' pre-emptive petition to vacate an obviously interim arbitration award, a court should "not give significant weight to the sequence of filing in determining the proper venue." *Id.* ¶ 6.

### C. The Arbitrators Expressly Found that California's Governmental Interests Would Be Impaired by the Application of Washington Law

Meanwhile, the parties continued with the arbitration, and a Final Award was issued on July 27, 2007. In awarding punitive damages to Soward, the arbitrators conducted a governmental interest choice-of-law analysis and determined that California law, rather than Washington law, applied. *See* Hearing Order No. 49 (April 18, 2007) [Sharp Decl. Exh. 1] They issued an order stating "California law would be the law most impaired if Washington law were to be applied," because California has the strongest connection with the underlying facts, and California's "intent to protect its citizens from those who act with malice and oppression" would be seriously impaired if the arbitrators were to decline to apply California law. *Id.*

---

[1] Respondents' petition also sought to confirm Interim Award #3, which determined the value of Soward's capital account in Cartesian Partners, which Respondents had paid in December 2006. *Id.* ¶¶ 17, 23 at pp. 5, 7.

Opposition to Motion to Stay or Transfer    - 7 -
Venue, Case No.  3:07-cv-03894 MMC

## IV. ARGUMENT

### A. Respondents' Washington Action Is an "Anticipatory Suit" to Which the First-to-File Rule Does Not Apply

The first-to-file rule is not applied in cases involving bad faith, anticipatory suit, or forum shopping. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). A suit is "anticipatory" when it is filed "upon receipt of specific, concrete indications that a suit by the defendant was imminent." *Ward v. Follett Corporation,* 158 F.R.D. 645, 648 (N.D. Cal. 1994). Here, Respondents had specific, concrete indications that the arbitrators would enter a Final Award in favor of Soward, and that Soward would seek to confirm the award in San Francisco Superior Court so as to be able to collect the money he is owed:

> CHAIRMAN BADER: May I ask you a question about this? I take it that this ultimate award, if contested, would be taken back to the Federal Court in Washington that reserve[d] jurisdiction in connection with the original litigation that spawned the arbitration. If that's the case --
>
> MR. KAHN: No.
>
> CHAIRMAN BADER: No?
>
> MR. SHARP: No. . . . No, this [*i.e.,* the AAA arbitration] was initiated first before the Washington action, and it [a contest over the "ultimate award"] would be taken to San Francisco Superior Court.

March 23, 2007 Arbitration Hearing Trans. at 71:7-21 (Bromberg Dec. Exh. H at p. 19). Thus, Respondents knew that Soward would seek to confirm the award in San Francisco, and filed an anticipatory suit in Washington. "Anticipatory suits are disfavored because they are aspects of forum-shopping." *Alltrade,* 946 F.2d at 628 (citing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n3 (5th Cir. 1983)).

Respondents' conduct in filing the Washington action is also questionable in terms of the element of bad faith in seeking judicial review of a non-final arbitration award. "The Ninth Circuit has said that because of the Congressional policy favoring arbitration when agreed to by the parties, judicial review of non-final arbitration awards 'should be indulged, if at all, only in

Opposition to Motion to Stay or Transfer    - 8 -
Venue, Case No. 3:07-cv-03894 MMC

the most extreme cases.'" *Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1022 (9th Cir. 1991) (quoting *Aerojet-General Corp. v. American Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973)) "In order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them." *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 413 (2d Cir. 1980). Clearly, Interim Award #4 fails this test, because the arbitrators plainly stated that "This is an interim award. It is not intended to be confirmable until it is incorporated into a final award." Interim Award #4 at 25 (emphasis added). In the face of the explicit language in Interim Award #4, one must seriously question Respondents' contention that they "had good reason to believe" that the interim award "was final for purposes of the Federal Arbitration Act." (Resp. Mem. at 11, fn. 8).

If the Court were to apply the first-to-file rule in favor of Respondents, it would encourage parties to arbitrations to make pre-emptive filings in court before the arbitration had properly concluded simply to seize "first-to-file" status for purposes of forum shopping. The Court should not encourage or reward such tactics.

### B.    None of the Venue-Transfer Factors Support the Transfer of this Action from California to Washington

Aside from their attempt to invoke the first-to-file rule, Respondents' arguments for transferring venue in this case do not come close to meeting the standards of 28 U.S.C. § 1404(a). That statute provides that a district court may transfer any civil action to any other district or division here it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." "The burden of showing that transfer is appropriate is on the moving party." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citation omitted).

Among the factors that a district court may consider in deciding whether a transfer is appropriate are: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause

Opposition to Motion to Stay or Transfer   - 9 -
Venue, Case No.  3:07-cv-03894 MMC

of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses; (8) the ease of access to sources of proof and (9) any relevant public policy of the forum state. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citations omitted). None of these factors favor Washington over California.

Location Where Agreements Negotiated/Executed: Soward's contracts with Respondents were negotiated in San Francisco. *See* Soward Dec. ¶ 25.A [copy at Bromberg Dec. Exh. J at p. 11] In particular, the agreement for Cartesian Partners was negotiated by telephone with Soward in San Francisco, and the written agreement was drawn up by a San Francisco attorney, Robert Wood. *Id.* ¶ 25.F [Bromberg Dec. Exh. J at p. 12]

Governing State Law: The arbitrators expressly ruled that California's governmental interests would be impaired by application of Washington law with respect to the most significant item in dispute, punitive damages. *See* Hearing Order No. 49 (April 18, 2007) [Sharp Decl. Exh. 1] The arbitrators therefore applied California law. *Id.* They also applied California law to Soward's claim for conversion. *See* Interim Award #4 at p.25. "A diversity case should be litigated 'in a forum that is at home with the law that must govern the action.'" *Costco Wholesale Corp. v. Liberty Mutual Ins. Co.,* 472 F. Supp. 2d 1183, 1190 (S.D. Cal. 2007) (citing *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986))

Plaintiff's Choice of Forum and Parties' Contact with Forum: "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal,* 805 F.2d at 843. Respondents spent the last three years in arbitration in San Francisco, and are represented by Bay Area attorneys. They do not and cannot claim any inconvenience.

Differences in Cost of Litigation: Since Respondents are represented by counsel from Northern California, it will actually be less expensive to proceed in this Court. With the action in Seattle, both sides have been required to retain local counsel, and to incur the costs of travel. *See* Bromberg Dec. Exh. U (docket sheet from Washington case identifying three additional law

Opposition to Motion to Stay or Transfer   - 10 -
Venue, Case No.  3:07-cv-03894 MMC

firms, who act as local counsel for Bosack, Lerner, and Soward respectively).

Availability of Compulsory Process: This is an action to confirm an arbitration award. The court does not hear testimony from witnesses, and there is no need for compulsory process.

Access to Sources of Proof: Since the arbitration occurred in San Francisco, any records of exhibits, transcripts and similar material will be located here, not in Washington.

Any Relevant Public Policy of the Forum State: The arbitrators found that California has a strong governmental interest in having is law regarding punitive damages applied to the conduct of Bosack and Lerner. Hearing Order No. 49 [Sharp Decl. Exh. 1]

Thus, all relevant factors favor venue for this matter in California, not Washington. Aside from Bosack's residence in Washington, the only factor that Respondents' point to is that the "interests of justice" favor a transfer to Seattle because Judge Zilly is supposedly "already familiar" with this case. However, Judge Zilly has taken no action in this case except to issue a stay of all proceedings. He has ordered the parties *not* to brief either the merits or the jurisdictional issues raised by Respondents' premature filing. *See* Bromberg Dec. Exhs. T, V.

### C. This Court Should Not Issue a Stay Since this Court is a Proper Forum, Federal Policy Mandates Expeditious Handling of Arbitration Proceedings, and the Washington Court Lacks Jurisdiction

Respondents' Motion also requests a stay of litigation in order to permit the court in Washington to determine the proper venue. However, the court in Washington has already issued a stay in deference to this Court's ruling on Petitioner's motion for remand. Thus, Respondents ask for an anomalous result in which two different courts stay litigation in two different cases over the enforcement of one arbitration award.

A stay of this litigation would be completely contrary to the federal policies behind the Federal Arbitration Act ("FAA"). The FAA is intended to make arbitration a speedy, efficient, and economical means of resolving disputes, and therefore to "expedite judicial treatment of matters pertaining to arbitration." *O.R. Secs., Inc. v. Professional Planning Assocs.*, 857 F.2d 742, 745 (11th Cir. 1988) (citing *World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362,

Opposition to Motion to Stay or Transfer     - 11 -
Venue, Case No.  3:07-cv-03894 MMC

365-66 (2d Cir. 1965) citing S.Rep. No. 536, 68th Cong., 1st Sess. (1924); H.R.Rep. No. 96, 68th Cong., 1st Sess. (1924)).

Moreover, the federal court in Washington lacks subject matter jurisdiction over Respondents' premature action to vacate Interim Award #4. *See* Bromberg Dec. Exh. S (motion to dismiss for lack of jurisdiction). The federal court in Washington, like all federal courts, is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). By filing their action in Washington before the arbitration had resulted in a Final Award, Respondents did not raise a dispute that placed any amount of money in controversy. Thus, jurisdiction was lacking under 28 U.S.C. § 1332. "Subject matter jurisdiction must exist as of the time the action is commenced. . . . If jurisdiction was lacking, then the court's various orders, including that granting leave to amend the complaint, were nullities." *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380-1381 (9th Cir. 1988).

The policy of the law is that arbitration should be speedy and efficient. That policy has already been ill-served in this matter, in which arbitration proceedings were extended over more than three years. This Court should not become a party to prolonging these proceedings and further undermining federal policy. The Court is a proper forum and should decide the issues raised on the merits as expeditiously as the Court's calendar will permit.

## V. CONCLUSION

For all the foregoing reasons, Petitioner Soward respectfully requests that the Court deny Respondents' motion for a stay, or in the alternative, to transfer venue.

Dated: September 14, 2007

/s/
J. Daniel Sharp
Counsel for Petitioners
David C. Soward and
& Management Company

86083\2001\566315.1

Opposition to Motion to Stay or Transfer Venue, Case No. 3:07-cv-03894 MMC    - 12 -