# EXHIBIT 1

# Professor J. Lani Bader

*1335 Sutter Street*
*San Francisco, CA 94109*

*Telephone: (415)386-9241  ●  FAX: (415) 495-4037 ● e-mail: jbader@ggu.edu*
*Messenger deliveries to The Grabhorn Press Building, 1335 Sutter Street*
*San Francisco, CA 94109*

## FAX COVER SHEET

| | |
|---|---|
| Attention: | Michael A. Kahn, Esq. |
| | J. Daniel Sharp, Esq. |
| | Casey McNamara, Esq. |
| | Steven Smith, Esq. |
| | Scott Nonaka, Esq. |
| | Deizha R. Arellano (AAA) |
| FAX Number: | auto |
| Matter: | Re: David C. Soward and The & Trust et al |
| Date: | 4/18/2007 |

We are transmitting to you herewith  4  pages, of which this cover sheet is page No. 1.  If you experience any difficulty in receiving this document, please phone (415) 386-9241.

---

**HEARING ORDER #49**

   In accordance with the schedule set forth in Hearing Order #47, a day long hearing was held on March 23, 2007, at the offices of the American Arbitration Association. The sole issue considered was whether or not this matter is one in which David Soward, the Claimant ("Soward"), is entitled to punitive damages from Leonard Bosack ("Bosack") and/or Sandra Lerner ("Lerner"), Respondents and Cross Claimants.

   Prior to the March 23 hearing, the issue of entitlement to punitive damages was extensively briefed by Counsel for the Parties. The brief (with attachments) of the new attorneys from  Messrs. O'Melveny & Myers[1], alone, was in excess of 150 pages, and the briefs of Folger, Levin & Kahn, counsel for Soward, though not so extensive, were  voluminous.

   After spending considerable time studying all of the briefs and considering the

---

[1] Stephen Smith, Esq., and Scott Nonaka, Esq. of O'Melveny & Myers are now counsel for Bosack and Lerner. They became associated in this case on behalf of the Respondents in March of this year, substituting themselves in place of Mark Krum, Esq., and David C. Sellinger, Esq. who had been trial counsel.

---

This document is ❑ is not ❑ intended to be a privileged communication, and should be forwarded directly to the recipient named above.

arguments made by the parties, both in oral argument and through the submission of written materials, the Panel determines as follows:[2]

*1. Choice of Law*

At the outset, we are faced with a choice of law problem: California, of which Soward is a resident, permits punitive damages and Washington, of which Bosack is a resident, does not. We have spent considerable time in reading cases and materials given to us by the parties dealing with this issue. California[3], as does Washington, follows a governmental interest analysis:

> Past decisions establish that in analyzing a choice-of-law issue, California courts apply the so-called governmental interest analysis, under which a court carefully examines the governmental interests or purposes served by the applicable statute or rule of law of each of the affected jurisdictions to determine whether there is a "true conflict." If such a conflict is found to exist, the court analyzes the jurisdictions' respective interests to determine which jurisdiction's interests would be more severely impaired if that jurisdiction's law were not applied in the particular context presented by the case. *Kearny,* supra at 100, 734.

After giving consideration to the governmental interest analysis required to be made, the Panel concludes that California law would be the law most impaired if Washington law were to be applied. First, although for the purpose of analysis we are willing to assume that the law of Washington and California are not the same and hence a conflict of law exists, that in fact is a debatable proposition. Washington policy with respect to compensatory damages is exceedingly liberal:

> Exclusive of punitive damages, the measure of damages as uniformly adopted by the courts and recognized by the law is exceedingly liberal towards the injured party. There is nothing stinted in the rule of compensation. The party is fully compensated for all the injury done his person or his property, and for all losses which he may sustain by reason of the injury, in addition to recompense for physical pain, if any has been inflicted. But it does not stop here; it enters the domain of feeling, tenderly inquires into his mental sufferings, and pays him for any anguish of mind that he may have experienced. Indignities received, insults borne, sense of shame or humiliation endured, lacerations of feelings, disfiguration, loss of reputation or

---

[2] The panel that is hearing this matter originally consisted of three arbitrators. However, at the time that Messrs. Smith and Nonaka were substituted in for Messrs. Krum and Sellinger, each of the members of the Panel, in the manner required by law, submitted written disclosures to the American Arbitration Association setting forth any prior contacts that each of the panel members had had with O'Melveny & Myers, Mr. Smith, or Mr. Nonaka. In connection with those disclosures, there was a challenge made to the continued service of the third arbitrator, which was granted by the American Arbitration Association. Accordingly, in the manner set forth in AAA Commercial Rule R19, the matter is continuing with only two arbitrators.

[3] See particularly *Kearney v. Salomon Smith Barney* (2006), 39 Cal. 4th 95, and *Kammerer v. Western Gear* (1981), 96 Wash. 2d, 416.

2

social position, loss of honor, impairment of credit, and every actual loss, and some which frequently border on the imaginary, are paid for under the rule of compensatory damages.  The plaintiff is made entirely whole.  *Barr v. Innerbay Citizens bank,* (1981) 96 Wash.2d 692, 635 P.2d 441, 445, quoting from *Spokane Truck & Dray Co. v. Hoefer*,  2 Wash. at 52-53 (1891):

Thus, being limited to compensatory damages in Washington might very well produce a result dramatically different from that in a similar case in California.  Each state's law has a different policy regarding compensatory and punitive damages.  In Washington, punitive damages are not necessary to compensate plaintiffs for "every actual loss,"  as set forth above in quote from the *Barr* case; in California they are.

Second, the panel believes that the state with the dominant interest with respect to an award of punitive damages against Bosack and Lerner is California. Soward is a resident of California. Since Soward was the General Partner of the Cartesian Partnership, he managed the assets of the partnership from California and kept most of the operative day to day records in California. Soward was terminated in California by California attorneys at the Wilson Sonsini firm. The arbitration forum that was voluntarily selected by both parties is California.

By the adoption of a statutory scheme detailing the requisites for an award of punitive damages, California has evidenced an intent to protect its citizens from those who act with malice and oppression.[4] To deny California the right to exercise its policy of deterring persons from engaging in despicable conduct against California citizens would seriously impair that policy. Thus, it is our determination that California is the state whose policy would be the most  impaired if the law of the other were to be applied, and we have accordingly applied California law.

Further, though not treated in either the O'Melveny brief or the Folger, Levin & Kahn brief, Lerner is a resident of the state of Virginia, and hence Washington law has no application whatsoever to her. In the absence of any proof of Virginia law, the panel is entitled to exercise a presumption that Virginia law is the same as the law of the forum state, California. Hence, with respect to Lerner, there is no need for any choice of law analysis at all; for the purpose of entitlement to punitive damages, Lerner's conduct is measured by California law. See *Hickman v.  Alpaugh*.Cal. 1862. Supreme Court of California, October Term, 1862.

2. *Malice and Oppression*

For those reasons set forth in Interim Award #4, as well as the overarching conduct of both Lerner and Bosack throughout the period commencing with the firing of Soward in November, 2003 through the end of testimonial hearings in this matter, it is the belief of the Panel that  it has been established by clear and convincing evidence that both Bosack and Lerner have acted with malice and oppression towards

---

[4] See CA Civil Code, §3294 (a) through §3294(e)

3

Soward, and that Soward is entitled to punitive damages from them. Although the Panel has found that Bosack was the architect of the scheme to strip Soward of his capital account in Cartesian, Lerner, as detailed in Award #4, was a willing participant in the creation of SLLB. She acted in concert with Bosack in implementing the scheme to strip Soward's capital account from Soward and to transfer the account to Bosack. Both of them attempted to eliminate Soward as a partner at all. As such a participant, Lerner in fact ratified that action and ought to be held to the same standard as Bosack. Further, there was ample testimony by Middleton to the effect that Lerner made decisions right along with Bosack; indeed, Bosack testified that he was the last defender of Soward, apparently against Lerner. For all of these reasons, Lerner must bear responsibility with Bosack for the malicious and oppressive behavior afforded Soward. Accordingly, the panel determines that this is an appropriate case for the award of punitive damages against both Lerner and Bosack.

*3. Net Worth Hearing*

Hearing Order #47 has scheduled a net worth hearing for May 10 and 12. Those hearings will be held on each day from 9:30 through 6:00 pm. The sole issue to be considered by the Panel will be the amount of Punitive damages that ought to be awarded by the panel, taking into account the purpose of an award of Punitive damages and the net worth of the Respondents and Counter claimants.

Messrs. Smith and Nonaka have indicated that they would like to file a brief with the Panel directed to those two questions; accordingly, the following briefing schedule shall be applicable to both sides:

> Respondents and Claimants may submit briefs by May 2. If either side wishes to submit a reply brief, it will be due on May 7.

It is so **ORDERED**.

Professor JLBader
For the Panel
cc:
Zee Claiborne
Arbitrator

86083\2001\545080.1

4