1

FOLGER LEVIN & KAHN LLP
Michael A. Kahn (SB# 057432) (mkahn@flk.com)

2

J. Daniel Sharp (SB# 131042) (dsharp@flk.com)
Embarcadero Center West

3

275 Battery Street, 23rd Floor
San Francisco, CA 94111

4

Telephone: (415) 986-2800

5

Attorneys for Petitioners David C. Soward
and & Management Company

6

7

8

9

UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12

DAVID C. SOWARD and &
MANAGEMENT COMPANY,

Case No.  3:07-cv-03894-MMC

**ADMINISTRATIVE MOTION FOR
RECONSIDERATION OF ORDER DENYING
RESPONDENTS' MOTION TO FILE
PETITIONER'S PERSONAL FINANCIAL
STATEMENT UNDER SEAL**

13

14

Petitioners,

15

v.

16

LEONARD BOSACK, SANDY LERNER,
CARTESIAN PARTNERS, L.P, *et al.*,

17

Respondents.

18

19

Petitioners submit this administrative motion for reconsideration of the Court's order

20

dated September 20, 2007, denying Respondents' administrative motion pursuant to Civil Local

Rule 79-5(b) for an order to seal Exhibit D to the Declaration of Daniel H. Bromberg in support

21

of Respondents' motion to stay, or in the alternative, to transfer venue filed on August 31, 2007

22

("Exhibit D").  This motion is supported by the accompanying declaration of J. Daniel Sharp.

23

Exhibit D is a statement of Petitioner David C. Soward's personal finances.  This

24

information is "sealable" because it is confidential under California law.  See *Valley Bank v.*

25

*Superior Court (Barkett)*, 15 Cal. 3d 652, 656 (1975) (right of privacy under California

26

Motion for Reconsideration of Order Denying
Administrative Motion to File under Seal
Case No.  3:07-cv-03894 MMC

- 1 -

1  Constitution Art. 1, sec. 1 "extends to one's confidential financial affairs as well as to the details

2  of one's personal life.")

3       The Court's order states that the denial of the motion to file under seal was based on the

4  absence of responsive declaration filed by Petitioner Soward under Civil Local Rule 79-5(d).

5  This subsection governs the specific situation where "a party wishes to file a document that has

6  been designated confidential by another party pursuant to a protective order." Civil L.R. 79-5(d)

7  (emphasis added).

8       Petitioners did not believe that they were required to file a responsive declaration under

9  Civil Local Rule 79-5(d), because there is no protective order in force, either in this Court or from

10 the underlying arbitration. This Court has not issued a protective order. In the underlying

11 arbitration, the parties disputed the extent to which confidentiality protections should apply, and

12 the arbitrators *sua sponte* issued a blanket protective order which required that virtually all

13 materials used in the arbitration be treated as confidential. Sharp Dec. ¶ 8. The arbitrators

14 declined to incorporate this protective order into their Final Award. *Id.* ¶ 9. In any event, the

15 arbitrators' interlocutory protective order would not be binding on this Court.

16      Respondents' Administrative Motion was not made under Local Rule 79-5(d), but rather

17 under Local Rule 79-5(b), which governs "sealable" material generally.[1]

18      Petitioners did not oppose Respondents' administrative motion for an order to seal Exhibit

19 D, because they did not oppose the relief requested. Under Civil Local Rule 7-11, a party is not

20 required to file a statement of non-opposition in connection with a motion for administrative

21 relief.

22      Petitioners did not intend their non-opposition to Respondents' Motion to File Under Seal

23

24    [1] The Court may have been accidentally misled into believing that Local Rule 79-5(d) was applicable because Respondents' Motion refers to "a Document Designated Attorneys' Eyes Only." [Docket Entries 26, 27] However, an examination of the documents attached as Exhibit D

25 to the Bromberg Declaration shows that they are not stamped with "attorneys' eyes only" or "confidential" or any similar legend. *See* Declaration of J. Daniel Sharp ¶ 10.

26

1   to be a waiver of the confidentiality of Mr. Soward's personal financial statement, which is

2   irrelevant to any issue raised by Respondents' motion to stay, or in the alternative, to transfer

3   venue pursuant to 28 U.S.C. § 1404(a).

4       The foregoing circumstances show that Petitioners were reasonable in believing that

5   Exhibit D was not a "document that has been designated confidential by another party pursuant to

6   a protective order" under Local Rule 79-5(d).  At worst, the circumstances show excusable

7   neglect of counsel, which has now been cured.  Mr. Soward should not suffer the public

8   disclosure of his personal financial statements under these circumstances.

9       For the foregoing reasons, Petitioners respectfully request that the Court either deny

10  permission to file Exhibit D altogether, or, in the alternative, that the Court grant Respondents'

11  motion to seal.

12

13  Dated:  September 20, 2007

                                          _____/s/_____

14                                        J. Daniel Sharp

15  86083\2001\567935.1

16

17

18

19

20

21

22

23

24

25

26

Motion for Reconsideration of Order Denying        - 3 -
Administrative Motion to File Under Seal
Case No.  3:07-cv-03894 MMC