FOLGER LEVIN & KAHN LLP
Michael A. Kahn (SB# 057432) (mkahn@flk.com)
J. Daniel Sharp (SB# 131042) (dsharp@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800

Attorneys for Petitioners David C. Soward
and & Management Company

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID C. SOWARD and & MANAGEMENT COMPANY,<br><br>Petitioners,<br><br>v.<br><br>LEONARD BOSACK, SANDY LERNER, CARTESIAN PARTNERS, L.P, *et al.*,<br><br>Respondents. | Case No. 3:07-cv-03894-MMC<br><br>**DECLARATION OF J. DANIEL SHARP IN SUPPORT OF ADMINISTRATIVE MOTION FOR RECONSIDERATION OF MOTION TO FILE PETITIONER'S PERSONAL FINANCIAL STATEMENT UNDER SEAL** |

I, J. Daniel Sharp, declare:

1. I am an attorney with the law firm of Folger, Levin & Kahn LLP, counsel of record for Petitioners David C. Soward and & Management Company. This Declaration is submitted in support of Petitioners' administrative motion for reconsideration of motion to file Petitioner's personal financial statement under seal. If called as a witness, I would competently testify to the following facts of my own personal knowledge.

2. On August 31, 2007, I received by e-mail various filings by the Respondents herein, which included "Respondents' Administrative Motion Pursuant to Local Rule 79-5(B) to

File Under Seal a Document Designated Attorneys' Eyes Only," and the "Declaration of Daniel Bromberg in Support of Respondents' Administrative Motion Pursuant to Local Rule 79-5(B) to File Under Seal a Document Designated Attorneys' Eyes Only" ("Bromberg Declaration").

3. The document proposed to be filed under seal, Exhibit D to the Bromberg Declaration ("Exhibit D"), consists of two pages of personal financial statements of David Soward, which were prepared by Mr. Soward under my direction for use in the underlying arbitration, and which were marked as Hearing Exhibit 4504 in that proceeding. (The Bromberg Declaration inaccurately refers to the document as Exhibit 4505.)

4. Upon reviewing the motion papers referenced in Paragraph 2, I determined that Petitioners did not oppose Respondents' Administrative Motion. I believed that the confidentiality of the document in question (a personal financial statement of Petitioner David C. Soward) was self-evident and well-settled under cases such as *Valley Bank v. Superior Court (Barkett)*, 15 Cal. 3d 652, 656 (1975) that the Court would either grant the motion to file under seal, or deny permission to file the document.

5. On September 20, 2007, I received the Court's "Order Denying Respondents' Administrative Motion to File Under Seal Document; Directions to Respondents." In this Order, the Court states that "the designating party, petitioners, have not filed a responsive declaration within the time provided by Civil Local Rule 79-5(d)." Before receiving the Court's Order, it had not occurred to me (and Respondents had not contended) that Civil Local Rule 79-5(d) applies to the Administrative Motion that Respondents filed on August 31, 2007.

6. This Court has not issued a protective order in this case. Neither party has requested the entry of a protective order. Counsel for the parties have not entered into any stipulations with respect to designating material as "confidential" or "attorneys' eyes only" in this case.

7. On April 19, 2007, Respondents filed a "Petition to Confirm and Vacate Arbitration Awards" in the Western District of Washington, Case No. CV 07-0574, concerning a

Sharp Decl. in Support of Reconsideration of     - 2 -
Order Denying Motion to Seal; Case No.  3:07-cv-03894 MMC

1 portion of the same arbitration that is the subject of this action.  The District Court in Washington
2 has not issued a protective order, and neither party has requested that the District Court in
3 Washington enter a protective order.

4       8. In the underlying arbitration, the parties disputed whether, and to what extent,
5 documents, transcripts, and other materials should be designated as "confidential" or otherwise
6 restricted from dissemination to parties outside the arbitration.  In response to this dispute, the
7 arbitration panel in March 2006 *sua sponte* issued a blanket protective order which required that
8 virtually everything in the arbitration be treated as confidential, including "All transcripts of any
9 hearing, deposition, or proceeding in this Action, and all documents, including all demonstrative
10 exhibits offered in evidence or marked for identification, at any hearing in this Action."

11       9. In July 2007, shortly before the Panel entered its Final Award, the parties had a
12 dispute over whether the protective order should be incorporated into the Final Award.  Petitioner
13 Soward took the position that issues of confidentiality should be raised and determined by the
14 court having jurisdiction over the parties' contemplated actions to confirm or vacate the
15 arbitration award.  The arbitrators did not incorporate any provisions of the protective order, or
16 any similar language, into the Final Award, a copy of which has been lodged with the Court with
17 Docket Entry 21.

18       10. Although Respondents' Administrative Motion refers to "a Document Designated
19 Attorneys' Eyes Only," and Paragraph 4 of the Bromberg Declaration states that "The above item
20 has been designated 'Attorneys' Eyes Only' by Petitioners pursuant to the protective order in the
21 Soward Arbitration," the documents attached as Exhibit D to the Bromberg Declaration are not
22 stamped with "attorneys' eyes only" or "confidential" or any similar legend.  The protective order
23 that was in effect during the arbitration did not have a category of "attorneys' eyes only."

24       11. In view of the foregoing facts, I would respectfully ask the Court to reconsider its
25 order denying Respondents' Administrative Motion to File Under Seal, because it was
26 reasonable, or at worst excusable, for me to have regarded the procedures of Civil Local Rule 79-

Sharp Decl. in Support of Reconsideration of   - 3 -
Order Denying Motion to Seal; Case No.  3:07-
cv-03894 MMC

1  5(d) to be inapplicable to the documents that are the subject of Respondents' motion. The
2  documents contain details of my client's personal financial situation that have little, if any,
3  relevance to the present proceedings, and should be treated as confidential under California law.
4      I declare under penalty of perjury of the laws of the United States and the State of
5  California that the foregoing is true and correct.
6      Executed on September 20, 2007 at San Francisco, California.

7
                                      /s/
8                                  J. Daniel Sharp

9  86083\2001\567933.1

Sharp Decl. in Support of Reconsideration of  - 4 -
Order Denying Motion to Seal; Case No.  3:07-
cv-03894 MMC