United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID C. SOWARD, et al.,

Petitioners,

v.

THE & TRUST, et al.,

Respondents
_________________________________/

No. C-07-3894 MMC

**ORDER DENYING PETITIONERS' MOTION TO REMAND; GRANTING RESPONDENTS' MOTION TO TRANSFER OR STAY; VACATING HEARING**

Before the Court are two motions: (1) petitioners David Soward ("Soward") and & Management Company's ("& Management") motion to remand, filed August 13, 2007; and (2) respondents The & Trust, Sandy Lerner ("Lerner"), Leonard Bosack ("Bosack"), Richard Troiano, & Capital Partners, L.P., Cartesian Partners, L.P. ("Cartesian"), Leonard Bosack and Bette M. Kruger Foundation, and & Capital, Inc.'s motion, filed August 31, 2007, to transfer the instant action to the Western District of Washington or, alternatively, stay the action in favor of an action pending in the Western District of Washington. Having considered the parties' submissions filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision on the papers, VACATES the hearing scheduled for October 5, 2007, and rules as follows.

//

//

**BACKGROUND**

In February 2004, Soward and & Management filed an action in arbitration, seeking, in part, an accounting of Soward's interest in Cartesian, a partnership in which Soward was a member. (See Appendix of Arb. Awards, Tab 1 at 7, 14.) In July 2004, Bosack and Lerner filed an action against Soward and & Management in the Western District of Washington, alleging claims for breach of fiduciary duty, breach of contract, fraud, and conversion. (See Bromberg Decl. Ex. G.)[1] In November 2004, the Washington district court issued an order staying the action filed by Bosack and Lerner, and directed the parties to arbitration. (See id. Ex. P.)

On April 19, 2007, Bosack and Lerner voluntarily dismissed the 2004 action they had filed in the Western District of Washington. (See id. ¶ 21, Ex. Q.) Also, on April 19, 2007, Bosack, Lerner, and Cartesian filed in that district a new action, specifically, a petition seeking to confirm one "interim" award, Interim Award # 3, and to vacate another "interim" award, Interim Award No. 4. (See id. Ex. R.) On May 1, 2007, Soward and & Management filed a motion to dismiss the newly-filed Washington action, asserting the Washington court did not have diversity jurisdiction and the petition failed to state a viable claim for relief. (See id. Ex. S.) On May 2, 2007, the Washington district court issued a minute order staying the Washington action. (See id. Ex. U.) On June 28, 2007, the Washington district court held a status conference, at which time the district court continued the stay and ordered Bosack, Lerner, and Cartesian to file an amended petition within five days after entry of a final arbitration order. (See id. ¶ 26.)

On July 26, 2007, the arbitration panel issued a Final Award, which the panel subsequently "corrected" by order issued August 14, 2007. (See Appendix of Arb. Awards, Tabs. 6 and 7.) On July 27, 2007, Soward and & Management filed in San Francisco Superior Court the instant petition to confirm the final arbitration award. (See Sharp Decl.,

---

[1]On August 31, 2007, respondents filed two Declarations of Daniel H. Bromberg, one in support of their motion to transfer or stay, and one in support of their opposition to the motion to remand. The citations to "Bromberg Decl." herein refer to the Bromberg Declaration filed in support of the motion to transfer or stay.

filed August 13, 2007, Ex. A.) On July 30, 2007, respondents removed the instant petition to the district court for the Northern District of California, alleging the existence of diversity jurisdiction. (See Notice of Removal ¶ 4.) Also, on July 30, 2007, Bosack, Lerner, and Cartesian filed in the Washington district court an amended petition, as previously directed by the Washington district court. (See Bromberg Decl. Ex. U.) Subsequently, on August 20, 2007, the Washington district court issued a minute order declining to lift the stay imposed on the petition pending therein, and ordered the parties to inform the Washington district court of this Court's determination as to the motion to remand. (See id. Ex. V.)

## DISCUSSION

### A. Motion to Remand

In the Notice of Removal, respondents allege that Soward and & Management are residents of California, and that each respondent is a resident of a state other than California. In their motion to remand, Soward and & Management assert that respondent Cartesian is a citizen of California because Soward, at all relevant times a resident of San Francisco, remains a partner of Cartesian. Consequently, Soward and & Management argue, the parties are not diverse.

For purposes of determining whether parties to a removed action are diverse, "diversity [is] assessed as of the time that the complaint is filed and removal is effected." See Strotek Corp. v. Air Trans. Ass'n of Am., 300 F. 3d 1129, 1132 (9th Cir. 2002). A partnership is considered a citizen of each state in which a partner resides. See Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990). Where a partner in a partnership sues the partnership itself, the plaintiff partner's citizenship is attributed to both the plaintiff and the defendant partnership. See Buckley v. Control Data Corp., 923 F. 2d 96, 97 (8th Cir. 1991).

As noted, the instant petition was filed in state court on July 27, 2007 and was removed on July 30, 2007. On December 12, 2006, in Interim Award # 3, the arbitration panel found the amount of Soward's interest in Cartesian was $1,464,391, plus interest, and ordered Cartesian to pay Soward that amount within sixty days. (See Appendix of Arb.

Awards, Tab 3 at 11.) The panel further found that "[u]pon payment to Soward . . . Soward shall no longer be a partner of Cartesian and shall be considered for every purpose as having withdrawn as a partner." (See id.) On December 14, 2006, Soward was paid the sum of $1,464,391, plus interest. (See Appendix of Arb. Awards, Tab 4 at 8.) Soward and & Management argue that, even though Soward has been paid the amount ordered by the arbitration panel, Soward is still a partner of Cartesian because a court has not confirmed Interim Award # 3. An arbitration award, however, "does not require affirmation from a court to take effect." See Centurion Air Cargo, Inc. v. United Parcel Serv. Co., 420 F. 3d 1146, 1150 (11th Cir. 2005) (citing cases).[2] There being no dispute that Soward was timely paid the amount set forth in Interim Order # 3, the arbitration panel's finding that Soward "shall no longer be a partner of Cartesian" took effect as of the date of such payment, specifically, December 14, 2006.[3] Moreover, the Final Award, issued July 26, 2007, "incorporated" Interim Award # 3. (See Appendix of Arb. Awards, Tab 6 at 3.) Thus, even if Interim Award # 3 is not deemed effective until issuance of the Final Award, the Final Award was, as noted, issued on July 26, 2007, and thus the arbitration panel's finding that Soward "shall no longer be a partner of Cartesian" took effect no later than July 26, 2007. Consequently, because Soward was not a partner of Cartesian when the instant action was removed on July 30, 2007, the Court finds the parties were diverse as of the date the instant petition was removed.

Accordingly, the motion to remand will be denied.

//

//

---

[2]Soward and & Management rely on language in Decker v. Merrill Lynch, Pierce, Fenner & Smith, 205 F. 3d 906 (6th Cir. 2000), specifically, the statement that an "arbitrator's award will be binding on the parties unless they challenge the validity of the underlying contract to arbitrate . . . or seek to vacate, modify, or correct the award." See id. at 909. Here, however, no party has challenged the validity of the underlying contract to arbitrate or has sought to vacate, modify, or correct either Interim Award # 3 or the Final Award to the extent it is based thereon.

[3]In Interim Order # 3, the arbitration panel stated such award was "confirmable upon entry by the Panel." (See Appendix of Arb. Awards, Tab 3 at 10.)

**B. Motion to Stay or Transfer**

The earlier-filed petition currently pending in the Western District of Washington seeks confirmation of the arbitration panel's Interim Award # 3 and vacatur of the panel's Interim Award # 4. In Interim Award # 3, the panel resolved one claim, specifically, Soward's claim for an accounting as to the amount of his interest in Cartesian. In Interim Award # 4, the panel resolved two other claims, specifically, Soward's claim against Bosack for breach of fiduciary duty and Soward's claim against Bosack and Lerner for conversion.

Respondents seek to stay the instant action, relying on the "first-to-file" rule, or, alternatively, to transfer the instant action to the Western District of Washington, relying on 28 U.S.C. § 1404(a).

Under the "first-to-file rule," a district court has discretion to "transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court" and both actions involve the same parties. See Alltrade, Inc. v. Uniweld Products, Inc., 946 F. 2d 622, 623, 625 (9th Cir. 1991). Respondents argue, and Soward and & Management do not dispute, that the instant petition and the petition filed on April 19, 2007 in the Western District of Washington involve the same parties, specifically, the parties to the arbitration proceeding. Further, respondents argue, and Soward and & Management do not dispute, that the two petitions raise the same issues; each seeks judicial review of the same orders issued in the same arbitration proceeding.[4] Consequently, the Court finds the Washington action is the first-filed action for purposes of the "first-to-file" rule.

Soward and & Management argue the Court should not exercise its discretion to apply the first-to-file rule, because the Washington petition was anticipatory in nature. See Alltrade, 946 F. 2d at 628 (holding "exception to the first-to-file rule typically will be made" where first-filed action was "anticipatory"). "Anticipatory suits are disfavored because they

[4]All parties seek to confirm Interim Award # 3, petitioners seek to confirm Interim Order # 4, and respondents seek to vacate the Final Order to the extent it is incorporates Interim Award # 4.

are aspects of forum shopping." Id. (internal quotation and citation omitted). Here, there is an insufficient showing that respondents, in filing the April 2007 action in Washington, engaged in forum shopping. Respondents filed their initial pleading concerning the instant dispute in Washington in 2004. Moreover, Soward and & Management have not identified any tactical advantage respondents might gain by having a district court in Washington, as opposed to a district court in California, consider whether to confirm or vacate any of the subject arbitration awards, and no such advantage is evident. Cf. Travelers Indemnity Co. v. Madonna, 914 F. 2d 1364, 1371 (9th Cir. 1990) (holding, for purposes of determining under Colorado River doctrine whether to stay second-filed federal action in favor of first-filed state court action, federal plaintiff engages in "forum shopping" if it files federal action to "avoid adverse rulings made in the state court or to gain a tactical advantage from the application of federal court rules").

Finally, although, as Soward and & Management point out, the portion of the Washington petition seeking vacatur of Interim Award No. 4 may have been premature when filed in April 2004, Soward and & Management have not argued, let alone shown, that the Washington petition was prematurely filed to the extent it seeks an order confirming Interim Award No. 3. Indeed, the arbitration panel stated that Interim Award No. 3 was "confirmable upon entry by the Panel." (See Appendix of Arb. Awards, Tab 3 at 10.)

Under the circumstances presented, the Court finds Soward and & Management have failed to show an exception to first-to-file rule is applicable.

Respondents request that the Court, under the first-to-file rule, stay the instant action. In lieu of a stay, however, the Court finds transfer is the more appropriate remedy, as transfer will avoid possible fragmentation of the parties' claims.

Accordingly, the Court finds it appropriate to exercise its discretion to transfer the instant petition to the Western District of Washington.[5]

---

[5]In light of this finding, the Court has not considered respondents' alternative argument that the action should be transferred in the interests of justice, pursuant to 28 U.S.C. § 1404(a).

## CONCLUSION

For the reasons set forth above:

1. Soward and & Management's motion to remand is hereby DENIED.

2. Respondents' motion to transfer is hereby GRANTED, and the instant action is hereby TRANSFERRED to the district court for the Western District of Washington.

**IT IS SO ORDERED.**

Dated: October 9, 2007

MAXINE M. CHESNEY
United States District Judge